IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv1106-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner Leon Carmichael, Sr. has a filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence for conspiracy to distribute and possess with intent to distribute marijuana and conspiracy to commit money laundering. The CLERK is hereby DIRECTED to serve copies of Carmichael's § 2255 motion (Doc. No. 1), affidavit (Doc. No. 2), and memorandum in support of the § 2255 motion (Doc. No. 3) upon the United States Attorney for the Middle District of Alabama. The United States Attorney is

ORDERED to file a response to Carmichael's motion on or before February 4, 2011. The government is advised that its response must address each claim presented by Carmichael in the § 2255 motion.

In filing its response, the government shall identify and produce all documents and court records relevant to the issues pending in this cause of action. The government should also indicate what transcripts are available, whether such documents are a part of the original criminal record, and, if not, when they can be furnished to the court. The government shall

attach to its response those portions of the trial record, including the plea agreement, guilty plea proceeding, and/or sentencing transcript, that are pertinent to a determination of the issues presented in this cause of action. **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly preserve such claims, the government shall identify the defaulted claim(s) and provide a factual and legal basis for the procedural default argument**. Moreover, in filing its response, the government shall make specific reference to the portion of 28 U.S.C. § 2255 that provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The government is advised that its response should contain a detailed procedural history, all relevant records, and citations to applicable case law from which the court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255.

The § 2255 motion contains claims of ineffective assistance of counsel. The court therefore concludes that Carmichael has waived the attorney-client privilege with respect to these claims. *See Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000) (counsel could have related what client "told them because, by claiming that their performance in the trial court was ineffective, [defendant] had waived the attorney-client privilege."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (defendant's claims of ineffective assistance of counsel "waived his attorney-client privilege as to those matters pertaining to the attorney's representation of [defendant] at trial."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975) (attorney-client privilege is waived when client challenges attorney's effectiveness).

In light of the foregoing, the CLERK is DIRECTED to provide copies of Carmichael's § 2255 motion (Doc. No. 1), affidavit (Doc. No. 2), and memorandum in support of the § 2255 motion (Doc. No. 3) to the following attorneys:

1. Amardo Wesley Pitters;
2. Randy Bruce Maddox;
3. Stephen Roger Glassroth;
4. Lisa Monet Wayne;
5. Ronald Wayne Wise;
6. Mary Elizabeth Anthony;
7. Susan Graham James;
8. Ronald Ray Brunson;
9. Marion Dawn Chartoff;
10. James Kenneth Jenkins; and
11. Carmen D. Hernandez.

Accordingly, it is

ORDERED that on or before January 25, 2011, the above-named attorneys shall file with this court affidavits that address the claims of ineffective assistance of counsel presented against them in the § 2255 motion. The above-named attorneys shall also furnish the United States Attorney and Carmichael with copies of their affidavits.

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the motion to vacate may be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.**

The *Federal Rules of Civil Procedure* require that the petitioner mail to counsel for the government a true copy of anything that is sent to the court. Consequently, the petitioner is advised that he must mail to the United States Attorney for the Middle District of Alabama a true copy of **anything** that he sends to the court. Any document, pleading or correspondence sent to the court should specifically state that it has been sent to the United States Attorney for the Middle District of Alabama. Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, the petitioner is specifically **CAUTIONED** that her failure to file pleadings in conformity with the *Federal*

*Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings submitted by the petitioner that are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 4th day of January, 2011.

                                  /s/Wallace Capel, Jr.
                                  WALLACE CAPEL, JR.
                                  UNITED STATES MAGISTRATE JUDGE