**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:10-cv-001106-MHT-WC** |
| | ) | |
| **LEON CARMICHAEL, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AFFIDAVIT OF RONALD R. BRUNSON**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF JEFFERSON** | ) |

Before me, the undersigned authority, a notary public in and for said County in said State, appeared Ronald R. Brunson who is known to me, is over the age of nineteen years, and has personal knowledge of the matters stated herein, and who, being first duly sworn, deposes and says as follows:

1. I, Ronald R. Brunson, hereby declare, pursuant to the Motion under 28 U.S.C. 2255 dated December 30, 2010, filed by movant Leon Carmichael, the following statements to be true and correct:

2. I, along with other attorneys, represented Leon Carmichael in District Court (MDAL) Case number 03-00259-CR-N in the Middle District of Alabama. I was not lead counsel in the case and I did not participate in plea bargaining discussions

with the government. I was retained by Mr. Carmichael to concentrate on defending the money laundering charges at trial.

3. During the pendency of the case, counsel fully considered the defense issues, researched the matters, and discussed conclusions and findings with the defendant on many occasions. The defendant participated in informed decisions about how we intended to defend the money laundering charges and how those charges related to the other counts in the indictment.

4. In Paragraph 11 of his Memorandum of Law and Facts, movant claims counsel failed to properly cross-examine government witness Pettis. (See Transcript Vol. 6/10/95, pages 50-216). Counsel has not reviewed the transcript. However, counsel fully prepared for the cross examination of Pettis based on the circumstances at the time.

5. In Item 30 of his supporting affidavit, movant claims counsel should not have called Agent Wilson to testify as a defense witness and did not inform him of that plan. After discussion with the defense team, Agent Wilson was called to testify mainly about a previous declined investigation of Mr. Carmichael. (See Transcript Vol. 6/14/95, pages 321-337). Mr. Carmichael fully participated in the strategy.

Based on the state of the case at that point in time, we believed the government's evidence was overwhelming and that rebuttal, although difficult with a government

agent, was necessary.

Further affiant sayeth not.

Respectfully submitted on this the 25th day of January, 2011.

Ronald R. Brunson

Sworn and subscribed before me on this the 26th day of January, 2011.

Notary Public

My Commission Expires: December 10, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States. I also sent notice by first class mail to the movant as follows:

Leon Carmichael, Sr.
REG No 11330-002
OKLAHOMA CITY
FEDERAL TRANSFER CENTER
Inmate Mail/Parcels
P.O. Box 898801
OKLAHOMA CITY, OK73189

Respectfully submitted,

s/Ronald R. Brunson
OF COUNSEL
Frohsin and Barger
2151 Highland Avenue
Birmingham, Alabama 35205
Tel: 205-933-4006
ron@frobar.com