**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **LEON CARMICHAEL, SR.,** | : | |
| **Plaintiff** | : | **No. 2:10-cv-01106-MHT -WC** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

**ooooOoooo**

**DECLARATION OF CARMEN D. HERNANDEZ**
**MADE PURSUANT TO 28 U.S.C. § 1746**

1. Carmen D. Hernandez, attorney at law submits the instant declaration as authorized by 28 U.S.C. § 1746 in lieu of an affidavit directed by Order of the Court.

2. In September 2005, after the guilty verdict in *United States v. Carmichael* (No. 2:03-cr-00259-MHT-WC-1), Leon Carmichael, Sr., retained the undersigned Declarant to represent him solely in connection with his sentencing.

3. The jury verdict finding Mr. Carmichael guilty was returned on June 17, 2005. *See United States v. Carmichael*, No. 2:03-cr-00259-MHT-WC-1 (Doc 601).

4. Declarant did not represent Mr. Carmichael, provide any advise to him, or otherwise take any action or fail to act on his behalf during the pretrial or trial phase of the case.

5. Declarant also did not represent Mr. Carmichael on his appeal or on his petition for certiorari. *See* Carmichael Memorandum of Law at 53-54 (doc 3).

6. The Motion to Vacate, Set Aside or Correct the Sentence filed by Mr. Carmichael pursuant to 28 U.S.C. § 2255, the accompanying affidavit and the memorandum of law do not specify any errors made by Declarant or otherwise question any omission or decisions made by Declarant during her representation of Mr. Carmichael.

7. While Mr. Carmichael alleges among other things that his counsel failed to advise him about the Guidelines and his sentencing exposure under the Guidelines and alleges that his counsel failed to pursue plea negotiations or convey plea offers to him, all these alleged failures took place before trial, at a time when Declarant did not know or represent Mr. Carmichael. *See, e.g.*, Motion (doc 1) at page 5, ¶ 12 (challenging alleged failure by counsel to advise defendant about sentencing exposure and pursue plea negotiations); Carmichael Affidavit (doc 2) at page 3, ¶ 12 (same); page 4 ¶ 15 (same); Memorandum of Law at 9-10, 18-22 (complaining about alleged failure to explain sentencing exposure and explore and communicate plea negotiations).

8. With respect to the sole allegation challenging the sentence itself, the §2255 Motion asserts as Ground # 5: "Improper use of prior conviction subject of pardon," Motion at 3, ¶ 9(f) (doc 1). However, no allegation that Declarant committed error or failed to act in connection with this ground is set out in the papers.

9. Because the federal sentencing guidelines provide that convictions for which a defendant has been pardoned should be counted in establishing the criminal history, *see e.g.*, U.S.S.G. § 4A1.2, comment. (N. 10), Declarant objected to the use of the pardoned conviction in scoring Mr. Carmichael's criminal history based on the staleness of the conviction and moved for a downward departure pursuant to U.S.S.G. § 4A1.3, and downward variance pursuant to 18 U.S.C. § 3553(a) based on the pardon. *See, e.g.*, Defendant's Sentencing Memorandum and Request for Downward Departure at 10-12, *United States v. Carmichael*, No. 2:03-cr-00259-MHT-WC-1 (docs 756 & 757).[1]

10. At sentencing and in a separate order, the district court rejected the defendant's motions that the use of the pardoned conviction warranted a sentence below the guideline range. *See* Order, *United States v. Carmichael*, No. 2:03-cr-00259-MHT-WC-1 (doc 852).

---

[1] In pertinent part, application note 10 to U.S.S.G. § 4A1.2 provides:

> 10. Convictions Set Aside or Defendant Pardoned.—A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

11. Declarant was not named in the civil suit filed by the DEA Taskforce Agent against one or more of the other attorneys representing Mr. Carmichael and there is no allegation that she labored under any alleged conflict of interests. *See* Memorandum of Law at 40-44 (doc 3).

**Declaration Under 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on January 25, 2010.

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Attorney at Law
MD Bar No. MD 03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076(fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Declaration was served this 25th day of January, 2010 on all counsel of record via ECF and sent via first class mail on Leon Carmichael, Sr, REG No. 11330-002, OKLAHOMA CITY FEDERAL TRANSFER CENTER, Inmate Mail/Parcels, P.O. BOX 898801, OKLAHOMA CITY, OK 73189

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**