# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### MONTGOMERY DIVISION

_____

Leon Carmichael. Sr.,
      Petitioner


vs.                        Case No. 2:10-cv-01106-MHT-WC


United States of America,
      Respondent.

_____


## AFFIDAVIT

JAMES K. JENKINS, having first been duly sworn, deposes and says the following:

1. I was retained counsel for Petitioner Leon Carmichael, Sr. in the direct appeal from the conviction and sentence which is the subject matter of his pending motion to vacate sentence pursuant to 28 U.S.C. § 2255. I was also retained counsel representing Petitioner in post-trial proceedings relating to his jury composition challenge.

2. I am providing this affidavit in response to the Court's Order dated January 4, 2011 (Doc. 5), and the extension granted on January 20, 2011 for counsel to file this affidavit on or before April 25, 2011. (Doc. 17).

3. Petitioner Carmichael has raised nine issues that involve allegations as to ineffective assistance of counsel on direct appeal. (Doc. 1 at 3; Doc. 3 at 53-54.) Based on my review of the petition and memorandum of law in support of the petition, I am unaware of any other issues that relate to my conduct as counsel for Petitioner.

### CLAIM 1

4. Petitioner's memorandum states as claim 1 involving the direct appeal: "*Bruton* violation involving Movant's co-defendant Freddie Williams (Tr. Vol. 6/8/05, pages 331-334). The Court's ruling related to this issue would have been error had appellate counsels presented it on appeal. *U.S. v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008)." (Doc. 3 at 53.)

5. This claim involves the admission of a statement allegedly made by Carmichael's codefendant Freddie Williams at the time both were being booked in after their arrests. A Government witness proposed to testify that when Williams heard Carmichael's voice, he said, "I can't say anything else about that. If I name names, my children will get killed." (Transcript 6/8/05 at 338.) Trial counsel for

2

Carmichael objected on multiple grounds, including *Bruton v. United States*, 391 U.S. 123 (1968).

6. There was extensive argument outside the presence of the jury and the trial court explained its rationale in refusing to exclude the statement under *Bruton*. (Transcript 6/9/05 at 333-345.) The trial court, relying on *Richardson v. Marsh*, 481 U.S. 200 (1987), held that the statement by Williams was not inadmissible under *Bruton* because the statement did not, on its face, directly implicate Carmichael. *Richardson* holds that where some "evidentiary linkage" is required the jury can be presumed to follow the court's cautionary instructions to not consider the statement as inferential incrimination against the defendant seeking its exclusion.

7. In Petitioner's case, the trial court instructed the jury immediately before the Williams statement was admitted that the statement was not to be considered as evidence against Petitioner. (Transcript 6/9/05 at 80.)

8. Under the factual context of the admission of this statement and the authority of *Richardson*, I did not believe this to be justify raising it as a stand-alone *Bruton* issue. However, the admission of this statement was argued as part of the cumulative error issue in Issue I of Petitioner's initial brief to the Eleventh Circuit (Opening Brief, Section I-C, pages 31-37) as a violation of the Confrontation Clause.

## CLAIM 2

9. Petitioner's memorandum states as its second claim relating to direct appeal: "Sandra Jones' statements to law enforcement as hearsay. (Tr. 6/10/05, pgs. 4-5)." (Doc. 3 at 53.)"[1]

10. The admission of the Sandra Jones statement to law enforcement was argued as error (improper admission of hearsay) in Section I-C of Petitioner's initial brief filed in the Eleventh Circuit. (*id.* at 31-37). The admission of the statement was argued as part of the cumulative error which tainted the jury by painting Petitioner as a dangerous person.

## CLAIM 3

11. Petitioner's memorandum states its third claim relating to direct appeal as: "Trial by ambush. Late discovery. *Brady* violations. This issue was preserved at numerous points in the Movant's criminal trial where lawyers objected to the prosecution's repeated instances of late disclosure." (Doc. 3 at 53.)

12. I did not find any truly compelling instances of discovery failure in my review of the record that substantially prejudiced Carmichael, and the Petition does not cite to any which I can respond to. Generally, in light of the difficulty of proving prejudice in comparison to the strength of the issues raised on appeal relating to the jury composition challenge and the irregularities concerning the jury

---

[1] It appears that this objection is found at Transcript 6/16/05 at 4-5.

which tended to show that Carmichael was a dangerous person, I did not believe that this issue merited inclusion in Carmichael's appellate brief.

## CLAIM 4

13. Petitioner's memorandum states its fourth claim relating to direct appeal as: "Motion to strike Agent DeJohn's testimony due to bias, website lawsuit and related factors. (Tr. Vol. 6/15/05)." (Doc. 3 at 54.)[2]

14. I am unaware of any legal support for striking the entire testimony of a witness on any of these bases. The witness's bias and his website lawsuit were matters for cross-examination. The trial court offered trial counsel an opportunity to re-open cross-examination of Agent DeJohn to inquire into these areas (Tr. 6/15/05 at 40-41), but trial counsel apparently decided against further cross-examination, as none appears in the record.

15. I was of the opinion that the filing of the DeJohn lawsuit during the trial created an actual conflict of interest between Petitioner and his lawyers, and that the issue was best raised in the context of an ineffective assistance of trial counsel claim due to trial counsels' actual conflict of interest, rather than by appealing the denial of the motion to strike DeJohn's testimony. *See* discussion concerning Claim 7, *infra*.

---

[2] It appears that this motion to strike is found at Transcript 6/14/05 at 343.

## CLAIM 5

16. Petitioner's memorandum states its fifth claim relating to direct appeal as: "Conflict of interest created by Government calling Eric Peagler as witness when Movant's counsel (Susan James) represented Peagler in other criminal matters (Tr. Vol. 6/13/05, pgs. 51-60)." (Doc. 3 at 54.)

17. It was my opinion that this issue was not viable on appeal based on the fact that the trial court determined that any conflict of interest created by James's prior representation of Peagler would impact only Peagler's rights, the trial court advised Peagler on the record of his rights and the possible risks involved in waiving those rights, and Peagler waived those rights. While the trial court determined there was no conflict as to Carmichael, Carmichael nonetheless advised the trial court on the record that despite his knowledge of James's prior representation of Peagler, he was specifically requesting that James, rather than any other attorney representing him at trial, conduct the cross-examination of Peagler.

## CLAIM 6

18. Petitioner's memorandum states its sixth claim relating to direct appeal as: "Denial of continuance to investigate late disclosure witness/evidence (Passsim)." (Doc. 3 at 54.)

19. I am unable to reply to any specific instance that the filing may be referencing due to the lack of any record citation other than *passim*. However, in a general sense, it has been my experience that the standard of review of such a claim is very difficult to meet. *United States v. Darby,* 744 F.2d 1506, 1521-23 (11th Cir. 1984) (discussing denials of pretrial continuance and continuance based on late discovery disclosure and quoting *Avery v, Alabama*, 308 U.S. 444, 446 (1940): "Disposition of a request for continuance is  … made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed.").

20. I did not see any instances in the record where trial counsel made a convincing record of prejudice to Carmichael from the denial of any continuance, either pretrial or during trial. As a consequence, I did not feel this issue was sufficiently strong to raise in the initial appellate brief.

## CLAIM 7

21. Petitioner's memorandum states its seventh claim relating to direct appeal as: "Conflict of interest between Movant and attorneys created by DEA Agent DeJohn's lawsuit (DK#504)." (Doc. 3 at 54.)

22. It is my opinion that there was in fact an actual conflict of interest between Petitioner Carmichael and his trial counsel that was created by the mid-trial filing of the DeJohn lawsuit. Trial counsel raised this issue with appropriate objections and motions to withdraw based on their actual conflict of interest, which

7

the trial court denied. It was my opinion at the time of the filing of appeal, and is my opinion now, that the trial court erred in its order requiring trial counsel to proceed notwithstanding the direct conflict of interest which existed as a result of counsel and Petitioner being named as codefendants in a civil suit, which the trial court stated appeared to be meritorious. The argument on this issue would necessarily hinge on a claim that trial counsels' performance was rendered ineffective by counsels' actual conflict of interest.

23. However, it was also my opinion and advice to Petitioner that this issue could not properly be raised on direct appeal in the Eleventh Circuit, and that it should be raised and litigated on collateral attack in a § 2255 petition. *Thomas v. United States*, 572 F.3d 1300, 1304 (11th Cir. 2009) ("[E]ffective assistance of counsel may not be considered an issue before the court on direct appeal … it borders if it does not enter the arena of frivolous to assert the issue for the first time on appeal." Quoting *United States v. Griffin*, 699 F.2d 1102, 1107 & 1108 n.13 (11th Cir. 1983)). Moreover, ineffective assistance of counsel claims may be brought in collateral proceedings under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Massero v. United States*, 538 U.S. 500 (2003).

## CLAIM 8

24. Petitioner's memorandum states its eighth claim relating to direct appeal as: "Insufficient evidence to support marijuana conspiracy and money laundering charges (DK#504)." (Doc. 3 at 54.)

25. It was my opinion that under the applicable standard of review, *United States v. Witek*, 61 F.3d 819, 821 (11th Cir. 1995), a challenge to the sufficiency of the evidence in this case would not have been a viable issue on appeal and would have detracted from the more compelling issues that were actually presented in Petitioner's initial appellate brief.

25. Under this standard of review, the jury was entitled (but not required) to credit the testimony of the witnesses who testified that Carmichael engaged in a conspiracy to distribute marijuana and money laundering. There were witnesses who testified as to each charge whose testimony, if believed, would have constituted legally sufficient evidence as to both charges.

## CLAIM 9

26. Petitioner's memorandum states its ninth claim relating to direct appeal as: "District Court's open criticism of defense attorneys' handling of Movant's criminal case (Tr. Vol. 6/15/05, pgs. 9-11)." (Doc. 3 at 54.)

27. The instance of criticism cited in the petition occurred *in camera*, outside the presence of the jury. It involved the trial court's comments on the examination

of IRS Special Agent Louie Wilson, which the court believed was damaging to the defense.

28. I am unaware of any authority that precludes a trial court from commenting on the performance of trial counsel so long as the comments are not made in the presence of the jury. I do not recall that I even identified this event as a possible issue for appeal or conducted any research into it.



James K. Jenkins
GA Bar No. 390650
MALOY JENKINS PARKER
Twenty-Fifth Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309

Sworn to and subscribed
before me this 15ᵗʰ day
of April, 2011.

NOTARY PUBLIC 2-26-12

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2011, I electronically filed the foregoing Affidavit with the Clerk of Court using the CM/ECF filing system which will electronically send notification of such filing to the following:

A. Clark Morris     clark.morris@usdoj.gov, debbie.shaw@usdoj.gov,

Amardo Wesley Pitters     awpitters@pitterslawfirm.com, ursula.caldwell.81@gmail.com

Carmen D Hernandez     chernan7@aol.com

Christopher A. Snyder     christopher.a.snyder@usdoj.gov, brittney.boshell@usdoj.gov, debbie.shaw@usdoj.gov

James Kenneth Jenkins     jenkins@mjplawyers.com, jimjenkins@mindspring.com

Lisa M. Wayne     Lmonet20@aol.com

Mary Elizabeth Anthony     maryelizanthony@aol.com,     librapies@aol.com

Matthew S. Miner     debbie.shaw@usdoj.gov

Randy Bruce Maddox     retrocam@aol.com

Ronald Ray Brunson     ronaldbrunson@aol.com

Ronald Wayne Wise     ronwwise@aol.com, melisslinn@aol.com

Stephen P. Feaga     steve.feaga@usdoj.gov, brittney.boshell@usdoj.gov, debbie.shaw@usdoj.gov

Susan Graham James     sgjamesandassoc@aol.com, Dsimlaw@aol.com

I hereby certify that on April 22, 2011, I also mailed a copy of the foregoing Motion for Extension of Time to Petitioner Leon Carmichael, Sr. at the following address:

> Leon Carmichael, Sr
> REG No. 11330-002
> OKLAHOMA CITY
> FEDERAL TRANSFER CENTER
> Inmate Mail/Parcels
> P.O. BOX 898801
> OKLAHOMA CITY, OK 73189

James K. Jenkins
GA Bar No. 390650
MALOY JENKINS PARKER
Twenty-Fifth Floor
75 Fourteenth Street, NW
Atlanta, Georgia 30309
404-875-2700