IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:10cv1106-MHT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION**

The petitioner has filed a pleading styled as a "Motion to Supplement Section 2255 Motion" (Doc. No. 59), which this court construes to be a motion to amend his § 2255 motion to add new claims. Upon consideration of this motion, it is

ORDERED that the motion to amend is hereby GRANTED.

It is further

ORDERED that the government is GRANTED an extension of time from June 23, 2011, to and including July 7, 2011, to file its response addressing the claims in the petitioner's § 2255 motion, as amended, in compliance with this court's orders. With specific regard to the new claims presented by the petitioner in his motion to amend, the government is advised that its response should contain all relevant information from which this court can determine the applicability of the one-year limitation period to the claims presented in the petitioner's motion to amend. The government should make specific reference to Rule 15(c), Fed.R.Civ.P., which provides that "[a]n amendment of a pleading

relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." Rule 15(c)(2), Fed.R.Civ.P. *See Pruitt v. United States*, 274 F.3d 1315, 1318-19 (11th Cir. 2001) (amended claims excluded from application of the limitation period only if they relate back to timely filed claims); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (same).

Done this 16th day of June, 2011.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE