IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, SR., | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Civil Action No. 2:10cv1106-MHT-WC |
| v. | ) (CR No. 2:03cr259-MHT-DRB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## UNITED STATES'S RESPONSE TO § 2255 MOTION

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

SANDRA J. STEWART
FIRST ASSISTANT UNITED STATES ATTORNEY

ATTORNEYS FOR RESPONDENT
UNITED STATES OF AMERICA

United States Attorney's Office
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280

# **TABLE OF CONTENTS**

|  |  | *Page* |
|---|---|---|
| TABLE OF CONTENTS………………………………………………………… | | i |
| UNITED STATES'S RESPONSE TO § 2255 MOTION…………………… | | 1 |
| I. | INTRODUCTION………………………………………………… | 1 |
| II. | PROCEDURAL HISTORY AND RELAVANT FACTS……… | 4 |
| | A. Initial Indictment, Counsel For Carmichael, And Discovery…………………………………………………… | 4 |
| | B. 1st Superseding Indictment And Mr. Maddox's Conflict Of Interest……………………………………… | 5 |
| | C. 2nd Superseding Indictment……………………………… | 7 |
| | D. Motion To Suppress……………………………………… | 9 |
| | E. Additional Counsel For Carmichael, Discovery Motions, Motion To Continue…………………………… | 19 |
| | F. Additional Counsel For Carmichael And Carmichael's Website…………………………………………………… | 21 |
| | G. 3rd Superseding Indictment And Motion To Strike Surplusage From 3rd Superseding Indictment…………… | 22 |
| | H. Motion To Intervene And Motion To Remove Photograph From Website………………………………….. | 26 |
| | I. Motion To Compel Additional Discovery And Motion For Hearing On Admissibility Of Expert Testimony……… | 27 |
| | J. Counsel Ron W. Wise's Motion To Withdraw, Counsel Mary Elizabeth Anthony's Motion To Withdraw, Counsel Steven R. Glassroth's Motion To Withdraw | |

i

# **TABLE OF CONTENTS** – *con't*

*Page*

|   | Counsel Marion Chartoff's Notice Of Appearance, Counsel Susan R. James's Notice Of Appearance, Counsel Ronald R. Brunson's Notice Of Appearance, And Counsel Amardo Pitters's Motion To Withdraw,...... | 28 |
|---|---|---|
| K. | Carmichael's Motions In Limine............................. | 30 |
| L. | Carmichael's Request For Disclosure Of Identity Of Alleged Coconspirators....................................... | 39 |
| M. | Motion Based On Prejudicial Pretrial Publicity.............. | 40 |
| N. | Trial............................................................. | 42 |
|   | 1. 1st Day Of Trial (June 6, 2005) (GX 5A-I: Late disclosure of phone records; December 4, 2003, "you got me" statement by Carmichael, including claim of ineffective assistance of counsel ........... .. | 42 |
|   | 2. 2nd Day Of Trial (June 7, 2005) (GX 5A-II): Hearsay objections; discovery violations; coconspirator statements; Carmichael's girlfriends............................................... | 44 |
|   | 3. 3rd Day Of Trial (June 8, 2005) (GX 5A-III): Coconspirator statements; alleged discovery violations; Carmichael's dangerousness; juror fear; publicity; Codefendant Williams's statement of fear that children would be killed if cooperated............... | 50 |
|   | 4. 4th Day Of Trial (June 9, 2005) (GX 5B-IV): Publicity; Codefendant Williams's statement that children would be killed if cooperated; Carmichael's dangerousness; December 4, 2003, "you got me" statement by Carmichael; coconspirator statements; hearsay objections; criticism of defense strategy; | |

# TABLE OF CONTENTS – *con't*

*Page*

  Moses Williams testimony............................... 57

5.  5th Day Of Trial (June 10, 2005) (GX5B-V): Coconspirator statements; December 4, 2003, "you got me" statement by Carmichael; Wallace Salery and James conflict issue; Moses Williams testimony on previous investigation and Carmichael's dangerousness; Carmichael's dangerousness; Carmichael's website.................................. 67

6.  6th Day Of Trial (June 13, 2005) (GX 5B-I): Sandra Jones's statements: James Conflict from prior representation of Eric Peagler; discovery on Eric Peagler and Richmond Thomas; Richmond Thomas testimony; Jimmy Timmmons testimony; alleged discovery violation..................................... 85

7.  7th Day Of Trial (June 14, 2005) (GX 5C-VII): prior statements of Peagler and Thomas; Richmond Thomas cross-examination; coconspirator statement on money laundering conspiracy; testimony of Eric Peagler; alleged late disclosure of evidence; DeJohn Lawsuit................................................... 97

8.  8th Day Of Trial (June 15, 2005)(GX5C-VIII): Defense's Use of Louie Wilson as witness; Agent DeJohn's lawsuit; criticisms of counsel................111

9.  8th Day Of Trial Continued (June 15, 2005) (GX 5C-VIII-B):  Defense witnesses........................117

10.  9th Day Of Trial (June 16, 2005) (GX 5D-IX): Exclusion of statements from Sandra Jones about being afraid; motions for judgment of acquittal; closing arguments; jury charge....................... 118

# TABLE OF CONTENTS – *con't*

|  |  | *Page* |
|---|---|---|
| | 11. 10th Day Of Trial (June 17, 2005) (GX 5D-X: Jury instructions; verdict................................. | 120 |
| | 12. 11th Day Of Trial (June 20, 2005) (GX 5D-XI): Forfeiture.......................................................... | 120 |
| O. | Order On Carmichael's Motions Concerning The Filing Of The Civil Lawsuit By Government Witness, DEA Agent DeJohn, Against Carmichael And Two Of His Attorneys, Lisa Wayne And Susan James................................. | 121 |
| P. | Motion For Judgment Of Acquittal, Or In The Alternative Motion For New Trial............................................. | 122 |
| Q. | Additional Counsel For Carmichael, James K. Jenkins And Carmen D. Hernandez........................................... | 124 |
| R. | Sentencing Memoranda And Motions For Downward Departure................................................................ | 124 |
| S. | Investigation Into Alleged Threat By Carmichael To His Counsel And Motions Regarding Conflicts Caused By Those Threats And The Investigation, And Ms. Chartoff's Motion To Withdraw............................................ | 126 |
| T. | Sentencing Discovery And Additional Sentencing Memoranda................................................................ | 132 |
| U. | Sentencing............................................................... | 135 |
| V. | Appeal.................................................................... | 143 |
| W. | The § 2255 Motion To Vacate, Set Aside, Or Correct Sentence................................................................. | 145 |

# TABLE OF CONTENTS – *con't*

*Page*

III.  ISSUES RAISED IN THE § 2255 MOTION………………………..  145

IV.  RESPONSE TO CLAIMS FOR RELIEF……………………………  151

    A.  <u>Carmichael Has Met The One-Year Statute Of Limitations Under 28 U.S.C. § 2255</u>……………………..  151

    B.  <u>All Of Carmichael's Claims Of Ineffective Assistance Of Counsel Should Be Denied Because, As To Each Claim, He Has Failed To Demonstrate Both Deficient Performance And Prejudice</u>……………………………..  153

        1.  Failing to advise Carmichael that he could be held responsible for uncharged drug quantities presented by cooperating witnesses……………….  157

        2.  Failing to challenge the use of non-testifying Codefendant Williams's out-of-court statements under *Crawford* instead of *Bruton*…………………  159

        3.  Failing to object to the prosecution's use of Codefendant Williams's reaction to Carmichael's voice, in violation of the Confrontation Clause……  160

        4.  Advising Carmichael to meet with federal agents, DEA Agents DeJohn and Greenwood, without a witness and/or an attorney present…………………  162

        5.  Failing to properly advise Carmichael about his case…………………………………………………  165

        6.  Failing to advise Carmichael about his "sentencing exposure," and application of the United States Sentencing Guidelines, and specifically about the enhancement provisions applicable to him under the Sentencing Guidelines……………………….  166

# TABLE OF CONTENTS – *con't*

*Page*

| | | |
|---|---|---:|
| 15. | Conflict of interest because it was in Carmichael's best interest to minimize the notoriety of the case and to seek plea negotiations, unlike counsels' interests, which were to fan the flames of publicity and milk the case for all it was worth.................. | 183 |
| 16. | Never relaying to Carmichael a five-year plea deal offered by the Government before trial and while the jury was deliberating.............................. | 185 |
| 17. | Failing to request a Bill of Particulars............... | 185 |
| 18. | Failing to apprise Carmichael about certain evidence the Government possessed until the middle of trial................................................. | 189 |
| 19. | Failing to procure discovery.......................... | 193 |
| 20. | Failing to properly object to discovery violations and the Government's failure to comply with discovery rules......................................... | 194 |
| 21. | Failing to file appropriate discovery motions under Rules 7(f) and 16(a)(1)(e)(i) and (ii) of Federal Rules of Criminal Procedure.................. | 195 |
| 22. | Failing to prepare and investigate before formulating a defense strategy based on the Government's "long-investigation-without-charge" strategy......................................... | 198 |
| 23. | Failing to adequately investigate the case, review available information, and properly use favorable evidence to formulate a defense strategy and failing to effectively defend Carmichael at trial............ | 202 |

# **TABLE OF CONTENTS** – *con't*

*Page*

24. Pursuing a fundamentally flawed defense strategy that had no basis in the law and that opened the door for unduly prejudicial evidence by the Government……………………………….. 204

25. Failing to submit compelling evidence at trial, for example, statements by IRS Agent Louie Wilson that there was no evidence of illegal drug activity by Carmichael, and documents in support……… 205

26. Failing to interview and call to testify favorable witnesses in defense of Carmichael, specifically, Sandra Jones; Moses Williams; two witnesses, Arthur Covane and Dewhart, who would have impeached and discredited the testimony of Eric Peagler; Joseph "Pie" Lacey to refute the testimony of Jimmy Timmons; and Bruce Maddox to testify about Sandra Jones's drug charges……………… 207

27. Failing to properly file a motion for suppression of Carmichael's incriminating statements…………… 212

28. Failing to properly file a motion for suppression of illegally seized evidence during Carmichael's traffic stop and arrest……………………………….. 215

29. Failing to properly litigate the motion to suppress and develop relevant facts in the hearings on those motions on certain incriminating statements that Carmichael made to DEA agents and evidence seized during his stop and arrest…………………. 217

30. Failing to seek to re-open the suppression hearing based on Counsel Steve Glassroth's ineffective assistance………………………………………….. 218

## TABLE OF CONTENTS – *con't*

|   |   |   | *Page* |
|---|---|---|---|
|   |   | as a witness, Peagler being a former client of one of Carmichael's counsel, Susan James………………………………………….. | 262 |
|   | 48. | Failing to raise on appeal the district court's denial of a continuance so that counsel could investigate the late disclosure by the Government of witnesses and evidence………………………………….. | 262 |
|   | 49. | Failing to raise on appeal that a conflict of interest was created by Agent DeJohn's filing of a lawsuit against Carmichael's attorneys during trial……… | 263 |
|   | 50. | Failing to argue on appeal the insufficiency of the evidence to support Carmichael's drug conspiracy and money laundering convictions……………… | 263 |
|   | 51. | Failing to argue on appeal that Carmichael was denied a fair trial by Judge Thompson's open criticism of defense counsels' handling of Carmichael's case……………………………….. | 264 |
| C. | <u>Carmichael Has Not Demonstrated That Eric Peagler's Testimony Was Perjured Or That The Government Knew Of Should Have Known Mr. Peagler's Testimony Was False And Failed To Correct It</u>………………………….. | | 266 |
| D. | <u>This Court Should Conduct A Hearing To Determine Whether Cooperating Witness Jimmy Timmons Offered Perjured Testimony At Trial</u>…………………. | | 273 |
| E. | <u>The Government Did Not Know, Nor Had It Reason To Know, That Government Witness Jimmy Timmons's Testimony Was False At Carmichael's Trial And It Had No Reason To Correct It</u>……………. | | 276 |


# TABLE OF CONTENTS – *con't*

|  |  | *Page* |
|---|---|---|
| IV. | MISCELLANEOUS……………………………………….  | 277 |
| V. | CONCLUSION…………………………………………..  | 278 |
| **CERTIFICATE OF SERVICE**……………………………………… | | 279 |