GOVERNMENT
EXHIBIT
16



**U.S. Department of Justice**

*United States Attorney*
    *Middle District of Alabama*

---

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax 334/223-7418
Criminal Fax: 334/223-7135

December 12, 2003

Steven Glassroth
Montgomery, Alabama

      RE:    <u>United States v. Leon Carmichael</u>

Dear Steve,

1. Pursuant to Rule 16(a), Fed. R. Crim. P., the Standing Order on Criminal Discovery issued February 4, 1999, and as otherwise required by law (e.g, <u>Brady v. Maryland</u>, 373 U.S. 83, <u>United States v. Giglio</u>, 405 U.S. 150), the United States Attorney hereby provides all available discovery to you as Defendant's counsel of record.  Physical evidence, if any, is in the custody of the investigating law enforcement agency, the Alabama Department of Forensic Sciences, or any other agency who may be conducting examinations or tests of such physical evidence.  Arrangements to inspect physical evidence collected during the investigation may be made by contacting the undersigned Assistant United States Attorney.

2. Enclosed is a copy of the discovery in this case.  This material is page numbered sequentially.  Any pages that have not been provided are either work product, or are prohibited from or not required to be disclosed according to federal law or court rules.  The United States considers this discovery material to have been received in its entirety unless promptly notified in writing of any discrepancies.

3. The United States intends to use at trial any and all prior convictions, crimes, wrongs or acts of Defendant for those uses permitted by Rules 404(b) and 609, Fed. R. Evid., and as otherwise allowed by law.  At this time, the government knows of no "prior crimes" in which it intends to use at trial.

4. The United States intends to elicit testimony at trial from two informants, Patrick Denton and Gary George.  The record of prior convictions of these informants is included in the discovery materials. Patrick Denton became an informant after a search warrant was executed at his residence.  No illegal contraband was found as a result of said search warrant, however, Denton began cooperating at that time.  Denton has pending charges for marijuana possession in Madison County. Denton has requested that the government speak to the Madison County DA's office in an effort to reduce his sentence.  The government has not agreed to speak to the Madison County DA's office

at the time of filing this discovery response.  George was arrested on two counts of distribution of marijuana and one count of possession of marijuana in the first degree.   All agreements made between the government and George were captured on the video tape labeled N-1.

5.  The United States intends to call expert witnesses at trial.  The experts are DEA Task Force Officer David DeJohn, who will testify regarding his knowledge of narcotics investigations based on his training and experience in law enforcement and narcotics investigations; and, the DEA chemist who examines the alleged marijuana who will testify regarding narcotics toxicology.  The curriculum vitae for Agent DeJohn is  enclosed.  Upon completion of the drug analysis, the government will obtain and forward to defense counsel a curriculum vitae for the DEA chemist.

6.  Transcripts have not been provided.  The government has moved in a separate filing for an additional seven days within which to complete the transcripts.

7.  Pursuant to Rules 16(b), (c), and (d), Fed. R. Crim. P., the Standing Order on Criminal Discovery issued February 4, 1999, and as otherwise provided by law, the United States requests a copy of all discovery to which it is entitled.

8.  Pursuant to Rules 16(e) and 12.1, Fed. R. Crim. P., and as otherwise provided by law, the United States requests notice of any intent to use an alibi defense and the specific details surrounding the alibi defense.  Pursuant to Rule 16(c), the United States requests this information be provided as soon as Defendant becomes aware of its existence, under the continuing duty to disclose this information.  The specific time(s) and date(s) of the offense is/are listed in the discovery material provided.

9.  The undersigned Assistant United States Attorney is aware of and intends to comply with the continuing duty to disclose discoverable information as required by Rule 16(c), Fed. R. Crim. P. and the Standing Order on Criminal Discovery issued February 4, 1999.

Please feel free to contact me at any time to discuss this case or if you have any questions about the discovery provided.

Respectfully submitted,

LEURA GARRETT CANARY
United States Attorney

by:  *Clark Morris*
A. Clark Morris
Assistant United States Attorney

cc:  U. S. Magistrate Judge
     Case Agent