RECEIVED **IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
2004 JAN -7 P 4: 43  **NORTHERN DIVISION**

FILED

JAN - 7 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 03-259-N |
| | ) |
| LEON CARMICHAEL, SR., | ) |
| et al. | ) |

## DEFENDANT CARMICHAEL'S MOTION TO
## SUPPRESS EVIDENCE AND MOTION PURSUANT TO FED. R. CRIM. P. 41(g)

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order

directing that any statements made by Mr. Carmichael on November 17, 2003, and December 4,

2003, and evidence seized from him on November 17, 2003, be suppressed. The statements and

evidence were obtained in a manner violative of Mr. Carmichael's rights secured under the Fourth,

Fifth and Sixth Amendments, as more particularly described below. In support of the motion the

following is show to the court:

### FACTS

1.      On November 17, 2003, Mr. Carmichael was lawfully operating a car on the public streets

of Montgomery, Alabama.

2.      Upon directions given by federal agents and/or local police officers detailed to a federal drug

task force, a police officer of the Montgomery Police Department stopped Mr. Carmichael while he

was lawfully operating his car.

3.      The agents and/or police officers that effected the stop of Mr. Carmichael had neither

probable cause, nor a reasonable suspicion that Mr. Carmichael was violating the law.

4.      Following the stop that was done without probable cause or reasonable suspicion of criminal

violation, Mr. Carmichael was arrested and property was seized from him. The Honda automobile



GOVERNMENT
EXHIBIT
1 N

which he was driving was seized, as were firearms, ammunition, cash, along with papers and other personal effects.

5.      Following the detention hearing and Court's order releasing Mr. Carmichael on conditions, arrangements were made for Mr. Carmichael to retrieve property from the government which it did not believe had "evidentiary value" and the government consented to return that property.

6.      On December 4, 2003, Mr. Carmichael appeared at the Federal Agents' office to claim his property and federal agents obtained statements from him.

## Issues Presented (Grounds for Relief)

1.      The traffic stop of Mr. Carmichael was made by police officers and/or federal agents with neither probable cause nor reasonable suspicion.

2.      The fruits of the stop that was made with neither probable cause nor reasonable suspicion, consisting of any statement made by Mr. Carmichael, or things seized from him, should be suppressed at trial.

3.      The purported statements made by Mr. Carmichael to federal agents on December 4, 2003, when he went to retrieve the illegally seized property were obtained in violation of Mr. Carmichael's rights secure by the Fifth and Sixth Amendments.

4.      The statements purportedly made by Mr. Carmichael to federal agents on December 4, 2003, should be suppressed as the fruits of the illegal initial stop since none of the property that was seized by the government would have been taken by the government absent that illegal stop and Mr. Carmichael would, thus, not have had to retrieve the illegally obtained property.  Had he not appeared to obtain that illegal obtained property, no purported statements would have been obtained from him.

5.      Pursuant to Fed. R. Crim. P. 41(g), the Court should order that the property seized by

government agents following the illegal stop on November 17, 2003, be returned to Mr. Carmichael since its seizure was unlawful.

WHEREFORE, based upon all of the foregoing, Mr. Carmichael prays the Court will conduct a hearing on the matters set forth herein and, after such hearing, enter its order as follows:

1.     Directing that any statements given by Mr. Carmichael on November 17, 2003 be suppressed;

2.     Directing that any statements obtained from Mr. Carmichael on December 4, 2003, be suppressed;

3.     Directing that any property seized from Mr. Carmichael on November 17, 2003, be suppressed; and

4.     Directing that all property seized by government agents from Mr. Carmichael as a result of the illegal stop be returned to him.

RESPECTFULLY SUBMITTED this the 7th day of January, 2004.

STEPHEN R. GLASSROTH (GLA005)
RONALD W. WISE (WIS004)
Attorneys for the defendant

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Law Offices of Ronald W. Wise
2000 Interstate Park Drive
Suite 105
Montgomery, Alabama 36109
(334) 260-0003

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have served a copy of the above upon A. Clark Morris, Assistant

United States Attorney, 1 Court Square, Suite 201, Montgomery, Alabama 36104, by placing a copy

of same in the United States Mail, postage prepaid and properly addressed on this the 7th day of

January, 2004.

OF COUNSEL