IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

FILED

JAN 21 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-259-N |
| | ) | [21 USC § 846] |
| LEON CARMICHAEL, SR., | ) | |
| also known as, BEAVER LEON | ) | |
| CARMICHAEL, and | ) | INDICTMENT |
| FREDDIE WILLIAMS | ) | (Superseding) |

The Grand Jury charges:

## COUNT 1

That from in or about 1993, a more specific date being unknown to the Grand Jury, but continuing up to on or about the 17th day of November, 2003, in Montgomery County, within the Middle District of Alabama, within the Southern District of Texas and elsewhere, the defendants,

LEON CARMICHAEL, SR.,
also known as,
BEAVER LEON CARMICHAEL, and
FREDDIE WILLIAMS,

did knowingly and intentionally conspire, combine and agree with each other and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and distribute 1000 kilograms or more of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

1



86

## COUNT 2

From on or about the 28th day of May, 2002, and continuing up to on or about the 24th day of February, 2003, in the Middle District of Alabama, the defendant,

LEON CARMICHAEL, SR.,
also known as,
BEAVER LEON CARMICHAEL,

did knowingly and willfully combine, conspire, and confederate with other persons, both known and unknown to the Grand Jury, to knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce, to wit: directing that money be placed in a Compass Bank account in a nominee name, said money being the proceeds of a specified unlawful activity, that is, the conspiracy to possess with the intent to distribute and distribute a controlled substance, as charged in Count One herein, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

A.    Count 1 of this Superseding Indictment is hereby repeated and incorporated herein by reference.

B.    Upon conviction for violations of Title 21, United States

2

Code, Se   ions 841(a)(1) and 846 as alleged in Count 1 of this Superseding Indictment, the defendants:

LEON CARMICHAEL, SR.,
also known as,
BEAVER LEON CARMICHAEL, and
FREDDIE WILLIAMS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count 1 of this Superseding Indictment, including, but not limited to, the following:

Real Property

a.    **3226 Brookwood Drive**, Montgomery, Alabama 36116, being more particularly described as follows:

> Lot Six (6), Block Four (4), according to the survey of Elsmeade, as recorded in Plat Book 9, Page 14, in the Office of the Judge of Probate of Montgomery County, Alabama.

b.    **The Carmichael Center on Fleming Road** in Montgomery, Alabama, being more particularly described as follows:

> Commence at the Northwest Corner of the Southwest Quarter of Section 31, T-16-N, R-18-E, Montgomery County, Alabama; Thence run N 89° 25' E, 460.00 Feet to a point; Thence run South 20.00 Feet to a point lying on the South right-of-way of Fleming Road (40' ROW); Thence run along said South right-of-way, N 89° 25'E,

3

872.25 F        the Northeast Corner of Lot A,
according  to the map of Star Construction Plat
No. 1, as recorded in the Office of the Judge
of Probate, Montgomery, County, Alabama, in
Plat Book 36 at Page 247, said point being the
point of beginning; Thence from said point of
beginning, continue along said South right-of-
way, N 89º 25'E, 544.5 Feet to a point; Thence
leave said right-of-way and run South 480.0
Feet to a point; Thence run S 89º 25'W, 544.5
Feet   to   the   Southeast   Corner   of   the
aforementioned Lot A; Thence run along the
East line of said Lot A, North 480.0 Feet to
the point of beginning.

Said   described   property   lying   and   being
situated in the Southwest Quarter of Section
31, T-16-N, R-18-E, Montgomery, Alabama, and
contains 6.000 acres, more or less.

The above description was taken from a plat of
a survey prepared by Roy Jones, Surveyor,
Certificate No. 17267, dated May 23, 1994.

c.    **4621 Rosa Parks Avenue**, Montgomery, Alabama.

Money

A sum of money equal to the amount of money received by the Defendants as a result of the offenses as stated in Count 1 of this Superseding Indictment in the amount of not less than One Million ($1,000,000.00) Dollars.

C.    Substitute Assets

If any forfeitable property, as a result of any act or omission of the defendants:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with,

4

a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or,

(5)   has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, and 853.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
A. CLARK MORRIS
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney