# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **LEON CARMICHAEL, SR.,** | ) | |
| | ) | |
| **Movant/Defendant,** | ) | |
| | ) | **Civil Action No. 2:10cv1106-MHT-WC** |
| **v.** | ) | **(CR No. 2:03cr259-MHT-DRB)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## EXHIBITS TO
## UNITED STATES'S RESPONSE TO § 2255 MOTION

### VOLUME 2 OF 8
### (Exhibits 2A through 2Z)

### GEORGE L. BECK, JR.
### UNITED STATES ATTORNEY

### SANDRA J. STEWART
### FIRST ASSISTANT UNITED STATES ATTORNEY

### ATTORNEYS FOR RESPONDENT
### UNITED STATES OF AMERICA

**United States Attorney's Office**
**131 Clayton Street**
**Montgomery, AL  36104**
**(334) 223-7280**

## INDEX TO VOLUME 2 OF RESPONDENT'S EXHIBITS

*Exhibit #   (Crim. Doc. #)*

| | | |
|---|---|---|
| Defendant's Reply To The Government's Post-Hearing Response To Defendant's Motion To Suppress And Objection To The Government's Request For Leave To Reply | 2A | (Doc. 132) |
| Government's Motion For Leave To Reply To Defendant's Post-Hearing Suppression Argument and stamped Order granting the motion | 2B | (Doc. 135) |
| Notice Of Appearance (Elizabeth Anthony) | 2C | (Doc. 133) |
| Defendant Carmichael's Motion To Compel Discovery | 2D | (Doc. 139) |
| Withdrawal Of Government's Motion For Leave To Reply To Defendant's Post-Hearing Suppression Argument and stamped Order granting the motion | 2E | (Doc. 140) |
| United States' Response In Opposition To Defendant Carmichael's Motion To Compel Discovery | 2F | (Doc. 145) |
| Recommendation Of The Magistrate Judge on Carmichael's motion to suppress | 2G | (Doc. 151) |
| Defendant Carmichael's Unopposed Motion To Continue | 2H | (Doc. 160) |
| Order on Carmichael's Unopposed Motion To Continue | 2I | (Doc. 170) |
| Order to Government to show cause on why it should not have to disclose any MOU regarding HIDTA | 2J | (Doc. 171) |
| Carmichael's Objections To Recommendation Of The Magistrate Judge on the motion to suppress | 2K | (Doc. 177) |
| Government's Response To show cause order on any MOU regarding HIDTA | 2L | (Doc. 179) |

## INDEX TO VOLUME 2 OF RESPONDENT'S EXHIBITS – *con't*

| | Exhibit #  (Crim. Doc. #) | |
|---|---|---|
| Order denying Carmichael's motion to suppress | 2M | (Doc. 180) |
| Defendant Carmichael's Reply To Government's Response To Order To Show Cause on MOU regarding HIDTA | 2N | (Doc. 188) |
| Order denying Carmichael's motion to compel discovery | 2O | (Doc. 191) |
| Motion For Admission Pro Hac Vice Pursuant To Federal Local Rule 83.1(b) (Lisa Monet Wayne) | 2P | (Doc. 212) |
| Entry Of Appearance (Lisa Monet Wayne) | 2Q | (Doc. 213) |
| Order granting Counsel Wayne Pro Hac Vice Admission | 2R | (Doc. 215) |
| Order denying Government's Renewed Motion For A Protective Order regarding Carmichael internet website | 2S | (Doc. 219) |
| Supplemental Order denying Government's Renewed Motion For A Protective Order regarding publishing internet website as advertisement | 2T | (Doc. 220) |
| Government's Motion For Leave To Dismiss Indictment (2nd Superseding Indictment) | 2U | (Doc. 226) |
| 3rd Superseding Indictment | 2V | (Doc. 227) |
| Order granting motion to dismiss 2nd Superseding Indictment | 2W | (Doc. 235) |
| Order On Arraignment (8/27/04) | 2X | (Doc. 241) |
| Motion To Intervene And Motion To Remove Photograph From Website | 2Y | (Doc. 245) |

## <u>INDEX TO VOLUME 2 OF RESPONDENT'S EXHIBITS – *con't*</u>

*Exhibit #  (Crim. Doc. #)*

Order to show cause why motion to intervene should not
  be granted                                     2Z     (Doc. 246)

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAR 2 4 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA    )
    )
v.    )    CR. NO. 03-259-N
    )
LEON CARMICHAEL, SR.,    )
et al.    )

### DEFENDANT'S REPLY TO THE GOVERNMENT'S POST-HEARING RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND OBJECTION TO THE GOVERNMENT'S REQUEST FOR LEAVE TO REPLY

Defendant Leon Carmichael, by undersigned counsel, sets forth the following in reply to the government's response to defendant's motion to suppress.

As a threshold matter, the government correctly observes that it "bears the burden" of establishing that the traffic stop of Mr. Carmichael was proper and that the comments he allegedly made to Mr. DeJohn are admissible. The government renews its complaint that insufficient facts were alleged in the motion to suppress. It then concedes that the suppression hearing was held, despite it protestation that one should not be conducted. At the hearing, the Court offered the government the opportunity to file a supplemental response to its initial one, telling the government that it "need not file a supplemental brief at all if it doesn't desire. The opportunity for post-hearing brief is typically a privilege. The Court does not deem briefing necessary." *United States v. Carmichael,* Transcript of Hearing on Motion to Suppress Evidence (hereinafter Transcript), at 101. The Court again told the government that "[T]he question here is whether the stop itself is legitimate. . ." and again offered the government the opportunity to provide the Court with "any additional law that the Government wish[ed] to submit on that proposition . . .", to which the government lawyer responded, "I will submit that, Your Honor, by the 11th as Your Honor requested." Transcript at 102-03. The government has had its opportunity.

GOVERNMENT
EXHIBIT
2 A

The issues are not complicated. As the Court aptly noted at the outset, "the issue before us for this hearing is the sufficiency of the probable cause for the stop of the vehicle of the Defendant." Transcript at 3. The Court then determined that "[T]he Defendants have stated facts sufficient for that issue to be before the Court." *Id.* The government concedes in its response what the Court noted, "[S]ince there was not a warrant for his arrest for any purpose, the burden is on the Government to establish the legality of the stop." Transcript, at 4.

The government has had its opportunity to assert its position and filed its response. In that response it claimed that it is unable to assert its position because Mr. Carmichael "has simply filed a bare-boned, three page motion to suppress." Government's Post-Hearing Response, at 3. This request for leave to file yet another response is plainly improper. The issue is not complicated and was properly framed by the Court. Surely the experienced prosecutors representing the government in this case grasped the issues that were before the Court, particularly since the government was responsible for eliciting facts from witnesses it believed to be appropriate in an effort to meet its burden. It carried out its responsibility. The Court then gave the government its opportunity to submit a brief or memorandum of law setting forth its view of the legal issues arising from the warrantless hearing on the motion to suppress evidence. The failure of the government to fully avail itself of that opportunity should not be rewarded by the Court. The Court understood the issues involved, as did all parties at the hearing. To claim, as does the government now, that it should have an opportunity to respond the defendant's argument is nothing more than sophistry. The government well-knows the issues as framed by the Court at the hearing on the motion to suppress and there was nothing complicated, nuanced, or stealth about them. The government should not be permitted another "bite at the apple" when it eschewed its original opportunity. The Court should deny the government's request for leave to file an additional response.

2

The government claims that probable cause existed for the warrantless stop fo Mr. Carmichael. It recites the information that the law enforcement officers claimed to have obtained from informants George and Denton. What the government does not address, however, is the apparent inconsistency in the government's evidence.

Mr. Halasz testified that Mr. Carmichael was going to be stopped on November 17, 2003, regardless of whether he had a gun or not. He was going to be stopped because the officers believed he was involved in an unlawful conspiracy. Transcript, at 62. Yet, despite this stop, the articulated reason for taking Mr. Carmichael into custody was the discovery of a handgun on the seat of his car that was discovered as the result of the warrantless stop. He was not taken into custody based on his alleged involvement in the unlawful conspiracy, he was taken into custody because the government officer believed he was not permitted to possess a firearm.[1] Given this apparent disconnect between the articulated reason for the stop and the reason used to detain Mr. Carmichael, it is reasonable for the Court to conclude that the stop, claimed to be based on Mr. Carmichael's alleged involvement in a conspiracy, was merely pretextual.

In *Terry v. Ohio*, 392 U.S. 1 (1968), the court defined the parameters of an investigative stop. *Terry* involved an observation by a police officer who suspected that individuals were "casing" a business for a possible robbery. He stopped the individuals and found concealed weapons on the persons of two of the three people stopped. Following their arrest on concealed weapons charges, the individuals moved to suppress the evidence. As the Court explained:

---

[1]   Mr. Carmichael was not charged with the conspiracy, the ostensible reason for the stop, until an indictment was returned while he was being held on the firearm charge, a charge which, as the government easily learned, had no basis in fact due to his pardon and full restoration of rights, including the right to possess firearms.

3

> We merely hold today that where a police officer observes unusual conduct which leaves him reasonably to conclude in light of his experience that criminal activity may be afoot and the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies as a policeman and makes reasonable inquires, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

392 U. S., at 30.  In this case, there is no testimony of any unusual conduct on the part of Mr. Carmichael.  He was stopped because the agents had decided he should be stopped.

The *Terry* rationale allows police to stop a moving car based on a reasonable suspicion that its occupants are violating the law." *United States v. Diaz-Lizaraza,* 981 F. 2d 1216, 1220.  In *Diaz-Lizaraza,* the defendant who sought to suppress evidence actually had been observed engaging in activities which, arguably, could have been taken to be in furtherance of the charged conspiracy.  In Mr. Carmichael's case, officers observed no actions taken by Mr. Carmichael which could have been deemed to be in furtherance of a conspiracy.  He was operating a car on a public way.

The government cites *United States v. Smith,* 201 F. 3d 1317, 1323 (11th Cir. 2000) for the proposition that behavior which may seem innocuous to an ordinary person "may appear suspect to one familiar with the practices of narcotics couriers."  Lawfully operating a car on a public way can not possibly, even to the trained eye of law enforcement, be deemed to be illicit.  It is the same behavior engaged in every minute of every day by law abiding citizens.  Plainly, the warrantless stop of Mr. Carmichael was improper and the Court should apply the exclusionary rule and suppress all evidence as a result of the stop.

4

As the Supreme Court has declared, "[T]he exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes so attenuated as to dissipate the taint." *Murray v. United States*, 487 U.S. 533, 536 - 37 (1988). As the Second Circuit has observed, ordinary traffic stops implicate the Fourth Amendment and "such stops must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct. Any evidence seized based upon an illegal stop is subject to the fruit of the poisonous tree doctrine, and may be suppressed." *United States v. Scopo*, 19 F. 3d 777, 781 (2d Cir. 1994). The statements purportedly made to Mr. DeJohn by Mr. Carmichael are the fruit of the poisonous tree and are not so attenuated as to purge the taint.

Had the improper warrantless stop of Mr. Carmichael not occurred, the government would have never come into possession of the property which Mr. Carmichael called for at the DEA office on December 4, 2003. Thus, the property being in the possession of the DEA was a direct result of the illegal stop. A clear nexus between the illegal stop and the appearance of Mr. Carmichael at the DEA office for the express purpose of claiming property which should have not been seized in the first place is thus shown. Given the direct nexus between the illegal stop and the property having to be claimed at the DEA office by Mr. Carmichael, any purported statements made are properly categorized as the tree's poisonous fruits. If the illegal stop had never occurred, the government would never have had the property in its possession and Mr. Carmichael would not have had to retrieve it. He never would have had to appear at the DEA office and would never have encountered Mr. DeJohn for any purpose, much less for conversation. Under the fruit of the poisonous tree doctrine first announced in *Wong Sun v. United States*, 371 U. S. 471 (1963), the remarks purported

5

made by Mr. Carmichael to Mr. DeJohn should also be suppressed.

WHEREFORE, defendant prays the Court will consider the matters set forth herein and after due consideration, enter its order denying the government the opportunity to file a further response to defendant's motion to suppress. The Court should further order that defendant's motion to suppress evidence should be granted.

RESPECTFULLY SUBMITTED this the 24th day of March, 2004.

STEPHEN R. GLASSROTH (GLA005)
RONALD W. WISE (WIS004)
Attorneys for the defendant

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

LAW OFFICES OF RONALD W. WISE
2000 Interstate Park Drive
Suite 105
Montgomery, Alabama 36109
(334) 260-0003

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above upon A. Clark Morris, Assistant United States Attorney, 1 Court Square, Suite 201, Montgomery, Alabama 36104, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 24th day of March, 2004.

OF COUNSEL