IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 03-259-N |
| | ) |
| LEON CARMICHAEL, SR., | ) |
| et al. | ) |

### DEFENDANT CARMICHAEL'S MOTION TO COMPEL DISCOVERY

The defendant, by undersigned counsel, moves the Court for the entry of an order compelling the government to make disclosure of information and/or documents necessary for the defense. In support his motion, Mr. Carmichael shows the Court the following:

1. As described to the Court at the pretrial conference on April 2, 2004, the government has provided the defense with nearly 8000 pages of discovery materials that contained a Bates stamp number and more than approximately 1000 additional documents that are not Bates stamped. On March 23, 2004, defense counsel wrote to government counsel asking the government to specify those documents which the government intended to introduce at trial in an effort to streamline trial proceedings. Further, defense counsel was attempting to ensure that the documents which the government does intend to introduce at trial are documents which have been provided to the defense, since so many documents were provided without any Bates stamp identification. The defense was attempting to guard against a significant lengthening of trial proceedings by attempting to avoid a situation in which defense counsel might be presented with a document for the first time at trial and/or have to wade through four Bankers Boxes of documents that the government has provided to the defense in order to try to locate a particular document relied upon by the government. The Court, in its authority for trial management, has the power and the discretion, pursuant to Fed. R. Crim. P. 16(d)(1), to "grant other appropriate relief" with respect to discovery matters. In light of



GOVERNMENT
EXHIBIT
20

the voluminous nature of the discovery provided by the government, this is a situation in which the Court should fashion appropriate relief and require the government to promptly specify those documents which it intends to introduce at trial.

2. The government concedes that there are witnesses to whom the government has made promises, that at the very least, declare "that the United States will not use information that the witness provides to the government against him or her" so long as the witness maintained his or her cooperative nature with the government. Certainly under *Brady v. Maryland*, 373 U.S. 83 (1963), the defense is entitled to any information which may bear on the credibility of government witnesses. Promises not to use information against an individual constitutes a benefit conferred upon that individual which may affect that person's credibility and information about all benefits should be provided by the government. The government has taken the position that, for witness security purposes, it does not wish to reveal the identities of the witnesses who have provided information to the government and who have received promises from the government.

3. The defense is aware of a multitude of individuals whom the government has interviewed and who may be called as witnesses at trial. Specifically, the defense is aware that Robert Patrick Denton, Gary Wayne George, Marty Blane, Sandra Jones, Sherry Pettis, Smith Powell, Shermaine German, and Eric Peagler, among others, have been interviewed by the government and may be called as witnesses for the government. At least with respect to these individuals who are known by the defense, the government should be required to reveal any promises, benefits, leniency, or any other inducement or benefit of whatever kind made to such individual at the earliest possible time.

4. There may be other individuals whose identity has not been revealed who may be material witnesses in the trial of this case. A prosecution claim that it is concerned about witness safety is insufficient to establish the ability of the government to suppress the identities of witnesses. At a

minimum, the government should be required to make some sort of showing to establish the possibility, or likelihood, of jeopardizing the safety of the witness. See *United States v. Straughter*, 950 F. 2d 1223 (6th Cir. 1991).

5. The defense requested that the government produce "the agency's informant file that is maintained with respect to any and all individuals who are cooperating with the government, or any of its agents . . ." in its correspondence to government counsel on March 31, 2004. The government declined to provide that information. In an effort to more clearly specify the information which the defense is seeking, a breakdown of the specific information sought with respect to any confidential informant, cooperating individual, confidential source, source of information, cooperating witness, cooperating defendant, or any person who supplied information after being interviewed by law enforcement officers, or who gave information as witnesses during any investigation is shown below. The information sought is generally referred to as the "Informant File" and contains, at a minimum, the following information which the defense is seeking:

A. A copy of agreement to cooperate with the government;
B. A copy of the debriefing report or an outline of what type of cases he might produce;
C. His/Her personal and criminal history;
D. The amount of money, if any, paid to him/her for information and/or expenses, or to others on his behalf;
E. If a defendant informant, or a potential defendant informant, what he/she might expect at sentencing in return for substantial assistance.
F. DEA Form 512. This form contains information relating to the person being utilized as an informant and is sometimes referred to as the Confidential Source Establishment Report. This form also contains information concerning crimes about which the government is aware that have been committed by the informant and that would affect his credibility at trial. It includes, among other things, whether there is anything in the informant's criminal background which would preclude his/her being used as an informant. In addition, the DEA Form 512 also includes information concerning:
   1. Whether the informant has been declared unsatisfactory (blacklisted);
   2. If the informant is, or has been enrolled in the Witness Security Program administered by the United States Marshal's Service;
   3. Whether the informant is on probation or parole, and the identity of the probation/parole officer who approved his/her use as an informant;

  4. If a defendant informant, the name and telephone number of the prosecutor who gave permission for his use;

  5. Whether a Cooperation Agreement, referred to as DEA Form 473, has been completed.

G. The DEA Form 473 which the government should provide contains the rules and obligations which the informant must follow while engaging in activities on behalf of law enforcement.

H. Any records of payments made to any person functioning as a confidential source, informant, etc., from all investigations in which the person has participated. This information is normally contained in DEA Form 356.

6. A thorough review of the discovery materials provided by the government to date reveals that its case is based largely upon information obtained from informants, cooperating individuals, confidential sources, or whatever term may be used. Obviously, the credibility of these individuals will be of major importance. All of the information that is sought, above, possibly reflects on those persons' credibility. Further, the material may contain information that is exculpatory, under *Brady v. Maryland*, impeaching under *Giglio c. United States*, 405 U.S. 150 (1972), and which is material since its suppression might undermine confidence in the outcome of the trial. *Kyles v. Whitley*, 514 U.S. 419 (1995).

7. A DEA Form 6 provided to the defense in the course of discovery in this matter revealed that a search pursuant to a search warrant was conducted by agents of the HIDTA Task Force at the home of Robert Patrick Denton on June 13, 2002. Among other items seized pursuant to the search were three firearms. In its letter to the prosecution on March 31, 2004, the defense requested that it be provided "with all fingerprint results from the testing of those firearms, ballistics test results from the test firing of those firearms and all information and documents relating to the tracing of the ownership of those firearms." The government declined stating the "request appears to fall well outside the boundaries of the government's discovery obligations." The defense disagrees. If the testing of the firearms revealed their use in any sort of criminal activities, that would be information that should be provided pursuant to *Brady v. Maryland*. If no tests on the seized firearms were

performed, that too would constitute *Brady* material since those tests may have implicated Denton in criminal activity and the absence of those test could be a benefit bestowed upon Denton.

8. This motion is being filed electronically, pursuant to the Electronic Filing procedures established for this Court. Attached to this motion are defense counsel's March 23, 2004, letter to Ms. Morris, Attachment 1, defense counsel's March 31, 2004, letter to Ms. Morris, Attachment 2, and Mr. Miner's reply to those letters dated April 1, 2004, Attachment 3.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration, issue an order compelling the government to provide the discovery material set forth herein. In the alternative, the Court should order that the material sought herein be produced for the Court so that it may conduct an in camera review of the material against the backdrop set forth by the defense in this motion to determine that material which should be disclosed.

RESPECTFULLY SUBMITTED this the 6th day of April, 2004.

　　　　　　　　　　　　　　　　　　STEPHEN R. GLASSROTH (GLA005)
　　　　　　　　　　　　　　　　　　RONALD W. WISE (WIS004)
　　　　　　　　　　　　　　　　　　ELIZABETH ANTHONY (ANT008)
　　　　　　　　　　　　　　　　　　Attorneys for the defendant

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Law Offices of Ronald W. Wise
2000 Interstate Park Drive
Suite 105
Montgomery, Alabama 36109
(334) 260-0003

ROGERS-TAYLOR MANOR
1905 Fourteenth Avenue South
Birmingham, Alabama 35205
(205) 930-5900
(205) 930-5909 - FAX

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2004 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, and I hereby certify that I have mailed by United States Postal Service the document to the following participants: Mary Elizabeth Anthony and Ronald W. Wise.

Respectfully submitted,

s/Stephen R. Glassroth
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
firm@glassrothlaw.com



# U.S. Department of Justice

**United States Attorney**
**Middle District of Alabama**

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax 334/223-7418
Criminal Fax: 334/223-7135

April 1, 2004

*Via Hand Delivery*

Stephen R. Glassroth, Esq.
The Glassroth Law Firm, P.C.
Attorneys at Law
615 South McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910

    Re:    United States v. Leon Carmichael, et al.
              Cr. No. 03-259-N (M.D. Ala.)

Dear Mr. Glassroth:

      In your recent missives, dated March 23 and 31, 2004, you requested discovery items to which you are not entitled under the law. Specifically, you requested: (1) "that the government specifically identify each of the documents which the government intends to offer into evidence at the trial of this case[;]" (2) the identities of specific witnesses to whom the government has promised "that the United States will not use information that the witness provides to the government against him or her, provide[d] that the witness continues [his or her] cooperation[;]" (3) personnel files for Task Force Agent David DeJohn; (4) an agency memorandum dealing with the HIDTA Task Force; (5) "the agency's informant file that is maintained with respect to any and all individuals who are cooperating with the government, or any of its agents in this case[;]" (6) "any and all criminal activities memoranda relating to any government witness in this case[;] and (7) fingerprint results from a search of a witness's house over a year before Mr. Carmichael was arrested.

      As you know, the government is not obligated to provide an exhibit or witness list in federal criminal cases. See United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983) ("A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial."); United States v. Holland, 884 F.2d 354, 357 (8th Cir. 1989) (government was not required to tell defendant that it intended to use centrifuge tube at trial where tube was otherwise made available in discovery and defendant could have anticipated its use at trial); see also Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 254.3 at 145-49 (3d ed. 2000) (discussing the legislative history behind

Rules and stating that the "legislative history makes clear that defendant has no right in noncapital cases to require a list of government witnesses"). Accordingly, your first two requests are due to be denied. Although the United States is obligated to provide you with any promises or inducements made to witnesses under the Giglio case, the United States satisfied that standard with its February 27, 2004, letter. To the extent that you feel that specific names of witnesses or informants must be produced, I suggest that you make an appropriate motion with the Court.

Your unembellished request for Task Force Agent DeJohn's personnel file is due to be denied. It appears to be nothing more than a fishing expedition. Such requests are routinely denied by courts. See, e.g., United States v. Dent, Cr. No. 92-223, 1997 WL 399386, at *3 (E.D. Pa. July 16, 1997) (finding, after reviewing *in camera* a police sergeant's personnel file, that the file contained no Brady material), aff'd 149 F.3d 180 (3d Cir. 1998); United States v. Dominguez, 131 F.R.D. 556, 558 (N.D. Ill. 1990) (denying a defendant's request for "personnel files for government witnesses").

Your request for an internal HIDTA agency memorandum similarly does not appear to fall within the ambit of Fed. R. Crim. P. 16, the Standing Order on Criminal Discovery, or the Brady or Giglio precedents. See United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994) ("The government is entitled to refuse discovery of reports and other memoranda prepared by government attorneys or agents in connection with an investigation or prosecution); cf. United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984)("A due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden upon the district court."). As with your request for Agent DeJohn's personnel file, this unexplained request is due to be denied.

Your request for "any and all" informant files is similarly troubling. As you are no doubt aware, a defendant is not automatically entitled to "any and all" informant files as a matter of criminal discovery. See, e.g., United States v. Tenorio-Angel, 756 F.2d 1505, 1512 (11th Cir. 1985) (affirming the lower court's denial of a defendant's motion for the production of confidential informant). Typically, a defendant must move for the production of informant identities, and the Court must evaluate the request under strict legal standards. See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) ("Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."). You are already aware of the government's concerns about witness tampering, obstruction of justice, and other influences in this case. Accordingly, it should come as no surprise that the government objects such a blanket request for informant identities. If you feel that you are entitled to such informant identities, you should file an appropriate motion with the Court. Cf. id. ("The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense.").

You have requested all "criminal memoranda" regarding prospective government witnesses. I am unclear as to the nature of this request. If you are requesting promises or inducements to government witnesses, such a request would likely fall within the ambit of the federal discovery rules. Indeed, such information has already been provided by Ms. Morris in earlier discovery productions. A blanket request for "criminal memoranda" does not, however,

appear to fall within the discovery obligations of the United States. See United States v. Dominguez, 131 F.R.D. 556, 558 (N.D. Ill. 1990) (denying a defendant's request for "criminal history sheets and personnel files for government witnesses" as "beyond the scope of discovery under the Federal Rules of Criminal Procedure").

Finally, you have requested fingerprint evidence from items seized during a search at David Denton's house in June 2002. This search occurred nearly one and one-half years before your client's arrest in this case. Your client was not charged following Mr. Denton's residence search. This request appears to fall well outside of the boundaries of the government's discovery obligations.

If you feel that I have either misapprehended or mischaracterized any of your discovery requests, you should feel free to supplement your earlier letters with additional detail, as well as case law supporting your right to discovery. If, however, you feel that we are at an impasse, you should contemplate filing a timely motion with the Court so that matters can be resolved prior to trial.

Finally, I am enclosing some additional reports and memoranda as part of discovery in this case. These materials were recently received by Ms. Morris and consist of DEA reports, phone records and tax information.

        Sincerely,

        LEURA GARRETT CANARY
        United States Attorney

by: _____
    MATTHEW S. MINER
    Assistant United States Attorney

# THE GLASSROTH LAW FIRM, P.C.
### ATTORNEYS AT LAW

615 SOUTH McDONOUGH STREET
POST OFFICE BOX 910
MONTGOMERY, ALABAMA 36101-0910

TELEPHONE (334) 263-9900
FACSIMILE (334) 263-9940
E-MAIL: firm@glassrothlaw.com

March 31, 2004

***VIA FAX AND U.S. MAIL***

Ms. A. Clark Morris
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

   Re:   *United States v. Carmichael*

Dear Ms. Morris:

   In the above-referenced matter, the defense may call Mr. Emanuel Johnson, Jr., to testify as an expert witness. The areas about which Mr. Johnson's testimony may consist include techniques of drug investigations, including surveillance, personal, audio and video, use of fingerprints as an investigative tool, consensually monitored telephone calls, interrogation and/or questioning of individuals, conduct of long-term investigations, management and control of informants and cooperating witnesses, pen registers and trap and trace devices, clone beepers and pagers, Title III interceptions, as well as all others matters relating to methods for conducting narcotics investigations. I have enclosed a copy of Mr. Johnson's resume for your information.

   Preparation for trial in the above-referenced matter has revealed certain gaps with respect to information provided by the government and I am requesting additional information necessary for the defense and in the government's possession. Specifically, I am requesting that the Memorandum of Understanding for the HIDTA Task Force to which the agents involved in the investigation of Mr. Carmichael are attached be provided. In addition, the government should produce the agency's informant file that is maintained with respect to any and all individuals who are cooperating with the government, or any of its agents in this case. Further, the government should also provide the defense with any and all criminal activities memoranda relating to any government witness in this case. These memoranda authorize individuals to engage in criminal activity.

   In reviewing the discovery, there is information that shows that Mr. Denton's house was the subject of a search in June of 2002. The information provided discloses that firearms were found in the course of that search. Please provide the defense with all fingerprint results from the testing of those firearms, ballistics test results from the test firing of those firearms and all information and documents relating to the tracing of the ownership of those firearms.

Ms. A. Clark Morris
March 31, 2004
Page 2 of 2

The defense is also requesting a copy of the Prattville Police Department's personnel file of Mr. DeJohn. This is necessary for proper preparation for the defense.

The defense is further requesting production of all DEA Inspection Division reports relating to the Montgomery District Office for the duration of the time that Mr. Carmichael has been an active subject or target of DEA investigations or surveillance. Discovery reveals what appears to be a long-term investigation and the defense is requesting copies of the Inspection Division reports that cover the entire time span of that investigation.

Finally, I wrote to you on March 23, 2004, and asked that you address the matters raised in that letter within seven days. I have not yet had a response from you and need to resolve those matters immediately. Kindly favor me with your response.

Should you have any questions, or if you would like to discuss this matter in greater detail, please feel free to contact me.

Very truly yours,

THE GLASSROTH LAW FIRM, P.C.

Stephen R. Glassroth

SRG/lc


cc:   Mr. Ronald Wise
      Mr. Leon Carmichael

# THE GLASSROTH LAW FIRM, P.C.
ATTORNEYS AT LAW

615 SOUTH McDONOUGH STREET
POST OFFICE BOX 910
MONTGOMERY, ALABAMA 36101-0910

TELEPHONE (334) 263-9900
FACSIMILE (334) 263-9940
E-MAIL: firm@glassrothlaw.com

March 23, 2004

***VIA FAX AND U.S. MAIL***

Ms. A. Clark Morris
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Re:   *United States v. Carmichael*

Dear Ms. Morris:

There are certain discovery matters that have yet to be concluded. In particular, two of these matters relate to potential government witnesses and Brady/Kyles information.

In your letter to counsel dated February 27, 2004, you stated that, aside from Messers. Denton and George, "[A]ll other witnesses have only been promised that the United States will not use the information that the witness provides to the government against him or her, provide that the witness continues their cooperation." You will recall that when we were in court on March 1, 2004, for the hearings on the pending motions, Ron Wise brought up the matter of the identities of the witnesses who have received this promise. You stated to Judge Boyd that you would specify the individuals to whom such a promise was made. As of this date, no such information has been received. It has been more than three weeks and that is certainly a more than reasonable amount of time to wait for the specifications.

Counsel for Mr. Carmichael are requesting to be provided with information concerning any consideration which may have been offered to any potential government witness. By consideration, I am referring to absolutely anything of value, including payments for expenses, or other items, promises not to prosecute any individuals, whether the potential witness or any friends or family members of the witness, or any other item or thing of value, of whatever sort which may have been offered to any potential government witness. A specification of the nature of the promised or proposed benefit and the person receiving the same is proper, if any person has received any benefit, or the promise of one.

On another matter, under cover of a letter dated March 17, 2004, additional discovery material was provided by you. This material contained a variety of documents from the Internal Revenue Service, as well as certification of the absence of certain documents. Included in that material were

Ms. A. Clark Morris
March 23, 2004
Page 2 of 2

copies of various IRS Forms 8300, one of which purports to show a cash payment made to Ron Wise. Counsel do not believe that the introduction of the Form 8300 concerning payment to Mr. Wise is relevant to any issue that will be tried. However, if the government is planning to introduce that document, please so inform counsel so that an appropriate motion may be filed to permit the court to rule on the matter pretrial.

Finally, the government has provided counsel with literally thousands of pages of discovery material. Some of it is Bates stamped, while some of it is not. I am requesting that the government specifically identify each of the documents which the government intends to offer into evidence at the trial of this case. This identification will expedite trial by eliminating the necessity of consistent courtroom consultation to review documents as they are proposed to be offered. It will also allow the interposition of any objections to the admissibility of any of the documents pretrial so that time will not be devoted to such efforts in the course of the trial.

I would appreciate a response, in writing, within one week of this date. If you require additional time in order to respond to the requests contained herein, please let me know and I will certainly discuss that issue with you. However, counsel would like the information, or to know that the government is objecting to providing any of it, so that an appropriate motion, or motions, can be promptly filed.

Should you have any questions, or if you would like to discuss this matter in greater detail, please feel free to contact me.

Very truly yours,

THE GLASSROTH LAW FIRM, P.C.

Stephen R. Glassroth

SRG/lc


cc: Mr. Ronald Wise
    Mr. Leon Carmichael