IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:03-cr-259-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| also known as, BEAVER LEON ) | |
| CARMICHAEL, et al. ) | |

UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT CARMICHAEL'S MOTION TO COMPEL DISCOVERY

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files this response in opposition to Defendant Carmichael's Motion to Compel Discovery. Defendant Carmichael is not entitled to the various items he has requested, which include: (1) a list of the government's proposed trial exhibits; (2) a list of proposed government witnesses; (3) the production of generically-identified confidential source files; and (4) fingerprint test results – or the lack thereof – from firearms found during a search of a prospective government witness's home over one year before Defendant was arrested in this case. Accordingly, Defendant's Motion should be denied for the reasons set forth below:

I. **Defendant is not Entitled to a List of the Government's Proposed Trial Exhibits**

Defendant has asked the Court to compel the United States "to promptly specify those documents which [the government] intends to introduce at trial." (Def.'s Mot. ¶ 1, at p. 2.) In essence, Defendant wants a copy of the United States exhibit list weeks before trial – indeed, before the government has itself compiled an exhibit list. As grounds for his Motion, Defendant



cites that approximately 1,000 pages of the government's discovery production were not Bates labeled. He claims that this lack of Bates numbering – something not required by any federal or local rule – will interfere with the course of trial unless he receives a listing of all of the government's proposed trial exhibits.

Defendant's Motion should be denied. Defendant has not shown that he is in any way entitled to a listing of the specific documents the government intends to introduce at trial. There are approximately 8,000 to 9,000 pages of documents in this case. Defendant has retained four attorneys from four different law firms. Resources are not an issue. See United States v. Washington, 819 F. Supp. 358, 368-69 (D. Vt. 1993) (denying defendants' motion to compel "the Government to particularize the evidence it intends to use at trial" unless and until the defendants could establish that they were overwhelmed by discovery materials, giving the example of a case where "discovery materials . . . filled several large rooms"); see also United States v. Nachamie, 91 F. Supp.2d 565, 568-69 (S.D.N.Y. 2000) (rejecting a similar motion to compel government to identify items to be used at trial where 200,000 pages documents were produced, and finding that the Federal Rules of Criminal Procedure do not require the government to identify documents in such a manner). Indeed, Defendant's complaint appears to be less about the volume of documents than the fact that some of the documents are not Bates-labeled.

The United States believes that it can address Defendant's complaint without creating a list of trial exhibits. Notwithstanding the fact that Bates-labeling is not required under the law, the United States will agree to alleviate Defendant's concerns by numbering the remaining unlabeled 1,000 pages of discovery. The United States will make reference to the labeled

versions of all documents at trial so that Defendant's counsel can easily locate documents within the sequentially numbered set of discovery items. If Defendant continues to demand an exhibit list after this numbering of the previously unlabeled documents, he will show that his purported reason for wanting the government's exhibit list is pretextual. Although the United States is sympathetic to concerns about not being able to locate unlabeled documents during a trial, the United States is neither sympathetic nor receptive to a discovery request that would tend to reveal the trial strategy of the Assistant United States Attorneys preparing for this case. Rule 16 does not require the production of attorney work product. See Fed. R. Crim. P. 16 advisory committee's note to 1974 Amendment (explaining that Rule 16(a)(2) was amended "to make clear that the work product of the government attorney is protected"). The Court should, therefore, accept the United States' proposed solution to Defendant's purported concern, and deny Defendant's request for an exhibit list.

## II. Defendant is not Entitled to a Copy of the Government's Anticipated Witness List

Under the guise of identifying impeachment material, Defendant seeks to compel a listing of the government's proposed trial witnesses. Although the United States has already provided Defendant with the sole promise made to any witness – a verbal statement that a witness's cooperative statements to law enforcement would not be used against him or her – Defendant continues to seek the identities of the government's witnesses.

The law does not require the government to produce a witness list in federal criminal cases. Although there are certain requirements for the identification of expert witnesses, the law does not require the prosecution to provide a defendant with a list of its anticipated fact witnesses. The Eleventh Circuit has confronted this issue and stated unequivocally that "[a]

-3-

criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983). The United States Supreme Court made a similar proclamation when it explained that "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." Weatherford v. Bursey, 429 U.S. 545, 559 (1977).

Additionally, the Federal Rules of Criminal Procedure do not contemplate the production of a list of prosecution witnesses. The legislative history behind those Rules demonstrate that the production of a witness list is not required. See 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 254.3 at 145-49 (3d ed. 2000) (discussing the legislative history behind Rules and stating that the "legislative history makes clear that defendant has no right in noncapital cases to require a list of government witnesses"). In 1975, Congress evaluated whether the Rules should be amended to require an exchange of witness names in criminal cases. See id. Although an amendment to Rule 16 allowing for such an exchange was approved by the House Judiciary Committee, the Senate rejected the House proposal. See generally H.R. Conf. Rep. 94-414, at 12 (1975), reprinted in 1975 U.S.C.C.A.N. 713, 716 (discussing, in the joint Conference Committee Report, the conflicting House and Senate approaches to the issue of whether to require the exchange of witness lists in criminal cases). The joint Conference Committee established to reconcile the two sets of amendments favored the Senate approach:

> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

Id.

Based upon the foregoing, it should be clear that the United States has no obligation to provide a list of witnesses to the Defendant in this case. The United States is deeply concerned, as the joint Congressional Conference Committee was, that the production of such a list would result in the "[d]iscouragement of witnesses and improper contact directed at influencing their testimony. . . ." Id. This concern has been echoed by the courts:

> Two primary considerations militate against requiring the Government to produce a list of its witnesses. First, the disclosure of Government witnesses creates the possibility that the witnesses may be influenced or coerced prior to testifying. Second, a witness who knows that his or her name, address, and other vital information will be disclosed to the defendant may be more reluctant to testify on behalf of the Government. Because of these fears, a court should generally not order the disclosure of a witness list unless the defendant is able to offer some compelling reason for disclosure which outweighs these concerns.

United States v. Williams, 792 F. Supp. 1120, 1135 (S.D. Ind. 1992). In addition to the concerns voiced by the court in Williams, witnesses in this case are faced with the prospect of having their names and photographs added to an internet "Wanted" poster created by the Defendant.

The United States has offered to compromise with the Defendant by agreeing to identify its witnesses at the time of jury selection on April 26, 2004. At that time, the United States will link the witnesses with the one sentence verbal promise that was made to certain cooperating witnesses. In light of the foregoing authorities and the United States' proposed compromise, the Court should deny Defendant's attempt to compel the production of a government witness list.

### III. The Law Does Not Require the Production of Confidential Informant's Names, Much Less the Administrative Files and Internal Reports Sought by Defendant

Defendant has requested and sought to compel the production of the Drug Enforcement Administration "informant file that is maintained with respect to any and all individuals who are cooperating with the government, or any of its agents . . . ." (Def.'s Mot. ¶ 5, at p. 3.) Defendant's Motion represents that it seeks such information "with respect to any confidential informant, cooperating individual, confidential source, source of information, cooperating witness, cooperating defendant, or any person who supplied information after being interviewed by law enforcement officers, or who gave information as witnesses during any investigation is [sic] shown below." Id. The Court should reject Defendant's broad request for so-called informant files on any and all persons who gave information to law enforcement "during any investigation." Defendant is not seeking trial discovery, but is trying to arrange a fishing expedition through agency files.

Defendant is simply not entitled to host of generically-described confidential informant files just because he feels that there may be some information of use in those files. See, e.g., United States v. Tenorio-Angel, 756 F.2d 1505, 1512 (11th Cir. 1985) (affirming the lower court's denial of a defendant's motion for the production of confidential informant). A defendant seeking such information must make a detailed showing of need for such information. The Eleventh Circuit has explained that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984). Specifically, "[t]he defendant must show that the informant's testimony would significantly aid in establishing an asserted defense." Id.

Moreover, the government's interest in non-disclosure must be considered by the Court. Tenorio-Angel, 756 F.2d at 1511 ("We agree with the Fifth Circuit that the first step in deciding whether disclosure is required is determining whether the government has a valid reason for nondisclosure."). This factor cannot be ignored in the context of this case. The Eleventh Circuit has stated that "[t]he government's interest [in non-disclosure] may be proven by showing that disclosure might endanger the informant or other investigations." Id. at 1509. As the Court is aware, the United States is deeply concerned about the safety of its witnesses. A "Wanted" poster has already been placed on Defendant's case website bearing the names and photographs of three of the government's prospective witnesses, with five other names listed with the caption "picture coming."[1] Additionally, after one witness's information was disclosed to the Defendant's counsel in discovery, two visitors, including one of Defendant's former attorneys, appeared at the out-of-state prison housing the witness. The witness is now no longer cooperating. Accordingly, the Court should deny Defendant's request to compel disclosure to protect prospective witnesses, as well as the integrity of the trial process in this case.

Moreover, Defendant is simply not entitled to the type of broad discovery he is requesting in this case. See United States v. Dominguez, 131 F.R.D. 556, 558 (N.D. Ill. 1990) (denying a defendant's request for "criminal history sheets and personnel files for government witnesses" as "beyond the scope of discovery under the Federal Rules of Criminal Procedure"). After all, he has moved the Court to compel the disclosure of so-called informant files on any and all persons who gave information to law enforcement "during any investigation." See, e.g., United States v.

---

[1] A copy of the "Wanted" poster from Defendant's case website is attached hereto as Exhibit A.

Luffred, 911 F.2d 1011, 1015 (5th Cir. 1990) (finding no error in district court's denial of defendant's request for access to her co-defendant's FBI file detailing his actions as a confidential informant where request was based upon belief that file would show co-defendant's deceitful nature); cf. United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994) ("The government is entitled to refuse discovery of reports and other memoranda prepared by government attorneys or agents in connection with an investigation or prosecution). Such a request is patently overbroad and must be viewed as an improper attempt to fish for information in government files. Cf. United States v. Mayes, 917 F.2d 457, 461 (10th Cir. 1990) ("The constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government'" (quoting Jencks v. United States, 353 U.S. 657, 667 (1957)); cf. United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984) ("A due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden upon the district court."). As such, it is due to be denied by the Court.

### IV. Defendant's Request for Scientific Test Results from a Search of a Witness's Residence Over One Year Before Defendant's Arrest is Well-Beyond the Scope of Federal Discovery Rules

Defendant has requested scientific test results, or the lack thereof, from firearms found during a June 12, 2002, search of Robert Patrick Denton's house. Mr. Denton is a prospective government witness in this case. Defendant makes this request despite the fact that he is not charged with a firearms offense in this case. No firearms have been attributed to him, other than the firearms found in his car on the date of his arrest. Defendant was not charged with a crime following the search on Mr. Denton's house. Indeed, Defendant was not arrested on the charges in this case for over one year after the referenced search on Mr. Denton's house.

-8-

Defendant is not entitled to scientific evidence that may or may not exist regarding an old search on a prospective witness's house. In seeking to characterize the fingerprint, ballistics, and firearm tracing evidence he seeks as impeachment material or a potential benefit bestowed on a government witness, Defendant shows himself to be reaching for legal authority to get access to this immaterial information. The government is unaware of any benefit bestowed upon Mr. Denton regarding the search of his house. Accordingly, Defendant's request appears to be an unfounded attempt to search for speculative impeachment material.

Defendant's speculative request for scientific test results from another investigation is simply not proper. As another district court has explained in rejecting a defendant's requests for immaterial scientific tests, "requests which are designed generally to cast for impeachment material, and which are not directly pertinent to particular tests, are not material. Such requests are simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." United States v. Liquid Sugars, Inc., 158 F.R.D. 466, 472 (E.D. Ca. 1994).

Indeed, in United States v. King, 928 F. Supp. 1059 (D. Kan. 1996), the district court rejected a defendant's demand for access to polygraph tests for other individuals where the defendant had claimed that the tests might prove to be exculpatory or have impeachment value. The polygraph tests were from the defendant's coworkers, who had similar access to the money the defendant was accused of stealing. The court explained that "[u]nder Rule 16, the defendant cannot rely on conclusory allegations or on a general description of the requested information, but must make a prima facie showing of materiality to obtain the requested information." Id. at 1061. In rejecting the defendant's claim, the court explained that "[a] defendant's allegation that

the requested information might be material does not entitle him to an unsupervised search of the government's files." Id. at 1062.

Defendant's request, which seeks "fingerprint results . . . ballistic test results . . .and documents relating to the tracing of . . . firearms" that were found in a prospective government's residence during another criminal investigation, should be denied for what it is – a speculative fishing expedition based upon the hope of discovering impeachment material. A criminal defendant is not entitled to use discovery to cast about in the hopes of discovering potential impeachment material. See United States v. Mayes, 917 F.2d 457, 461 (10th Cir. 1990) ("The constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government'" (quoting Jencks v. United States, 353 U.S. 657, 667 (1957)). Accordingly, the Court should deny Defendant's improper request to compel the production of scientific tests performed on firearms in an entirely different criminal investigation.

V.  **The United States Requests the Opportunity to Brief any Other Discovery Issue Raised by Defendant in an *Ex Parte* Submission**

The United States is aware of Defendant's *ex parte* submission regarding requested discovery materials. Although the United States may not be entitled to learn of all facts and issues raised in that submission, the United States is entitled to brief its legal justification for refusing to provide items that fall outside of the discovery rules. Accordingly, the United States requests the opportunity to brief any legal issue raised in Defendant's *ex parte* submission that was not raised in Defendant's publicly filed Motion to Compel. The United States is concerned that it may be ordered to produce certain discovery items without having the opportunity to

explain its own practical or legal justifications for non-production.

Respectfully submitted this the 9th of April, 2004.

> LEURA GARRETT CANARY
> UNITED STATES ATTORNEY
>
> s/Matthew S. Miner
> MATTHEW S. MINER
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, Alabama 36104
> Phone: (334) 223-7280
> Fax: (334) 223-7135
> E-mail: matthew.miner@usdoj.gov
> PA 80737

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Counsel for Defendant Carmichael, Stephen Glassroth, Esq., and counsel for Defendant Williams, Barry E. Teague, Esq.

Respectfully submitted,

s/Matthew S. Miner
MATTHEW S. MINER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: matthew.miner@usdoj.gov
PA 80737

# WANTED

### Information on these Informants and Agents


**Robert Patrick Denton**
(Informant)


**Sherry D. Pettis**
(Informant)


**Gary Wayne George**
(Informant)

(Picture Coming)
**Walace Salery**
(Informant)

(Picture Coming)
**Raymond David DeJohn**
(Agent)

(Picture Coming)
**Devin Whittle**
(Agent)

(Picture Coming)
**Thomas Halasz**
(Agent)

(Picture Coming)
**Robert Greenwood**
(Agent)

If you have any information about these informants and agents, regardless of how insignificant you may feel it is.
Please contact :

Attorney Steve Glassroth: (334) 263-9900

Attorney Ron Wise: (334) 260-0003

Attorney: Wesley A. Pitters: (334) 265-3333

Attorney: Elizabeth Anthony (205) 930 5900

**If incarcerated, please call Attorneys collect.**

GOVERNMENT EXHIBIT A