# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 03-259-N |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## OBJECTIONS TO RECOMMENDATION
## OF THE MAGISTRATE JUDGE

COMES NOW the Defendant, Leon Carmichael, Sr., and interposes the following objections to the Recommendation of the Magistrate Judge regarding Defendant Carmichael's Motion to Suppress Evidence and Motion Pursuant to *Federal Rules of Criminal Procedure* 41(g):

Initially, the Magistrate Judge at page 2 of the Recommendation erroneously states "after officers confirmed his initial report of receiving a pardon which restored his right to carry a firearm, he was released without being charged then for any offense related to the seizure of marijuana from the Williams residence". In fact Mr. Carmichael was not released until a Detention Hearing was conducted. Mr. Carmichael remained in custody until after the Grand Jury had indicted him on the conspiracy charges.

Defendant also objects to the Magistrate Judges' factual conclusion on page 14 that "the officers stop of Carmichael's car followed within hours Agents spotting of Carmichael suspiciously passing Williams' house as officers kept it secured while awaiting a search warrant after Williams managed to exit before they could effect his arrest". Defendant objects to the Magistrate Judge's conclusion that he was suspiciously passing Williams' house because the record fails to support such a conclusion. The only



testimony was that a black Honda with a person meeting Mr. Carmichael's description was seen passing the house while officers had the house secured. There is no explanation in the record regarding any reason to conclude that this was suspicious activity on Mr. Carmichael's part. Mr. Carmichael could have easily been passing the residence without any regard to the alleged conspiracy.

Defendant objects to the Magistrate Judge's conclusion that the stop of Mr. Carmichael on November 17, 2003 was justified under the authority of *Terry v. Ohio*, 392 U.S. 1 (1968). The facts and law do not support the Magistrate Judge's conclusion.

At the time Agent Halasz arrived at the scene of the stop, Mr. Carmichael had already departed his vehicle and was being handcuffed by the officers. At that moment Mr. Carmichael was detained to such an extent that there was no way that he could reasonably reach any items located in his vehicle. Therefore, the Agent had no authority under *Terry* to look inside the car because he had no articulable reason for suspecting that Mr. Carmichael was armed. At least the record does not establish any articulable reason for such a suspicion.

Officers are permitted to search the passenger compartment of an automobile under the *Terry* rationale where "the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonable warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons". *Michigan v. Long*, 463 U.S. 1032, 1049 (1983). The record contains no articulable facts stated by either agent who testified that there was any reason to suspect that Mr. Carmichael was armed and dangerous or had the ability to gain immediate control of any weapons. Furthermore, at the time Agent

Halasz peered into the car and saw the firearm on the passenger seat Mr. Carmichael had already been restrained in handcuffs by other officers and therefore could not, in any way, reach into the car and obtain control of the weapon. Therefore, Agent Halasz looking into the car is not justified under *Terry*.

Justice O'Conner in footnote 14 at 463 U.S. 1049 emphasized that the holding in the *Terry* case was primarily for the safety of the police officers. She emphasized the difference between a *Terry* Stop and a search following a custodial arrest as follows:

> "We stress that our decision does not mean that the police may conduct automobile searches <u>whenever</u> they conduct an investigative stop, although the 'bright line' that we drew in *Belton* clearly authorizes such a search whenever officers effect a custodial arrest. An additional interest exists in the arrest context, i.e. preservation of evidence, and this justifies an 'automatic' search. However, that additional interest does not exist in the *Terry* context. A *Terry* search 'unlike a search without a warrant incident to a lawful arrest, is not justified by any need to prevent the disappearance or destruction of evidence of crime…The sole justification of the search…is the protection of police officers and others nearby…392 U.S. at 29, 88 S.Ct. at 1884. What we borrow now from *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed 2d 685 (1969) and *Belton* is merely the recognition that part of the reason to allow area searches incident to an arrest is that the arrestee, who may not himself be armed, may be able to gain access to weapons to injure officers or others nearby, or otherwise to hender legitimate police activity. This recognition applies as well in the *Terry* context. However, because the interest in collecting and preserving evidence is not present in the *Terry* context, we require that officers that conduct area searches during investigative detentions must do so only when they have the level of suspicion identified in *Terry*".

It is clear, if as the Magistrate Judge found that there was reasonable suspicion to stop Mr. Carmichael regarding his suspected participation in a marijuana smuggling conspiracy, that for their protection, the officers and agents were justified in doing a pat down search of his person to assure that he had no weapon. However, because at the time he was not near his vehicle and could not reach in the area where the firearm was located there was no justification for the agent looking into his car.

Neither can the search of the car be justified on the basis of a normal vehicle search. The law is clear that automobiles may be searched without a warrant where law enforcement officers have probable cause to believe that the car contains contraband or evidence of the commission of a crime. *United States v. Ross*, 456 U.S. 798, 804-09 (1982); *Chambers v. Marony*, 399 U.S. 42, 44; *Carroll v. United States*, 267 U.S. 132, 153, 160, 162 (1925); *United States v. Griffin*, 109 Fd.3d 706, 708 (11th Cir. 1997). There is absolutely no evidence in the record whatsoever to support any contention that there was probable cause to believe that the vehicle in which Mr. Carmichael was driving at the time of the stop contained either contraband or evidence of a crime. Therefore, the search of the vehicle can not be justified as a search of a vehicle pursuant to probable cause and exigent circumstances.

Defendant also contends that because the search on November 17, 2003 was illegal and all of the items seized pursuant to that search should be suppressed, that any alleged statements that he made on December 4, 2003 at the Drug Enforcement Administration Office should likewise be suppressed because of the Fruit of the Poisonous Tree Doctrine and the fact that he would never have been there and made such alleged statements had it not been for the earlier illegal search conducted by Government Agents.

RESPECTFULLY SUBMITTED this the 23rd day of April, 2004.

RONALD W. WISE (WIS004)
STEPHEN R. GLASSROTH (GLA005)
ELIZABETH ANTHONY (ANT008)
Attorneys for the Defendant
s/Ronald W. Wise
2000 Interstate Park Drive
Suite 105

>Montgomery, Alabama 36109
>(334) 260-0003
>(334) 260-8005 fax
>ronwwise@aol.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen P. Feaga, Stephen Roger Glassroth, and I hereby certify that I have mailed by United States Postal Service the document to the following participants: Mary Elizabeth Anthony.

>Respectfully submitted,
>
>s/Ronald W. Wise
>RONALD W. WISE, (WIS004)
>2000 Interstate Park Drive
>Suite 105
>Montgomery, Alabama 36109
>(334) 260-0003
>(334) 260-8005 fax
>ronwwise@aol.com
>
>_____
>OF COUNSEL