IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:03-CR-259-T |
| | ) | |
| LEON CARMICHAEL, SR. a/k/a | ) | |
| BEAVER LEON CARMICHAEL | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and responds to the Court's Order to Show Cause as to why defendant is not entitled to production of any Memorandum of Understanding, or similar agency memorandum for the High Intensity Drug Trafficking Area Task Force as follows:

1. Throughout the course of this case, the government has provided to the defendant thousands of documents through discovery. Much of this discovery was gratuitous in that the government was not obligated to provide it pursuant to Rule 16, the Standing Order on Discovery, or Brady/Giglio obligations. Defendant now claims entitlement to a Memorandum of Understanding for the High Intensity Drug Trafficking Area Task Force (hereinafter referred to as HIDTA Task Force).

2. The HIDTA Task Force is a group of local, state and federal narcotics and financial agents that work together to combat America's drug problem. Local, state and federal agencies "loan" their officers and agents to the HIDTA Task Force to work under this "HIDTA umbrella."

1



3.      A Memorandum of Understanding for the HIDTA Task Force is an internal contract between the HIDTA Task Force and a local or state "parent" agency or department who is "loaning" their officer or agent to the HIDTA Task Force. Therefore, there is no one Memorandum of Understanding for the HIDTA.  There is no Memorandum of Understanding for the federal agencies that "loan" their agents to the HIDTA Task Force, only state and local agencies have the Memorandum of Understanding. The Memorandum of Understanding basically outlines the objectives of the HIDTA Task Force, the duties of the officers and agents "loaned" to the HIDTA Task Force, and establishes the overtime pay for the local and state officers "loaned" to the HIDTA Task Force.

4.      DEA Special Agent Devin Whittle and DEA Task Force Agent David DeJohn, case agents in this case, are not associated with the HIDTA Task Force. Internal Revenue Service Criminal Investigations Division Special Agent Louie Wilson, another case agent, is a member of the HIDTA Task Force. However, because Agent Wilson is a federal officer being "loaned" to the HIDTA, there exists no Memorandum of Understanding regarding Agent Wilson.  HIDTA Task Force officers have been involved in the investigation of the defendant throughout the years, but other than Agent Wilson no HIDTA agents are or have been regularly involved in this case.

5.      Moreover, the Memorandum of Understandings are irrelevant and immaterial to the case at bar. Federal Rule of Criminal Procedure 16(E) provides in pertinent part that:

2

> "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

"An item in the first category (Fed. R. Crim. P. 16(E)(i)) need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense." United States v. Jordan, 316 F.3d 1215, 1250 (11th Cir. 2003). The undersigned can imagine no justification for contending that the Memorandum of Understanding is material to preparing the defense. The Memorandum of Understanding has no bearing on this case. No agents involved in this case are subject to a Memorandum of Understanding with the HIDTA Task Force. This request is nothing more than a fishing expedition.

6. As the Eleventh Circuit has ruled "[T]o obtain discovery under federal rule of criminal procedure governing the discovery of document and tangible objects, defendant must show more than that the item bears some abstract logical relationship to the issues in the case; there must be some indication that the pretrial disclosure of the item would enable defendant significantly to alter the quantum of proof in his favor." Jordan, 316 F.3d

1215, 1250 (11th Cir. 2003); quoting, United States v. Ross, 511 F.2d 757, 762-763 (5th Cir. 1975). In the instant case, any Memorandum of Understanding pertaining to the HIDTA Task Force would not at all alter the quantum of proof in the defendant's favor, much less alter it significantly as required under the law. Therefore, the government should not be required to provide these Memorandums of Understanding to the defendant.

7. Further, "Under Brady, the government need only disclose during pretrial discovery, or later, at the trial, evidence which, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings." Jordan at 1251. Brady obligations do not "create a broad, constitutionally required right of discovery." Id. at 1251; quoting, United States v. Bagley, 473 U.S. 667, 678 (1985). The "defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the [government's] files." Id.; citing, Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). "Rather, Brady obligates the government to disclose only favorable evidence that is "material."" Id. These Memorandum of Understandings only outline the objectives, duties and overtime pay for those state and local HIDTA Task Force Officers. To say that the Memorandum of Understanding could alter the outcome of the proceedings in this case is preposterous. The defense is fishing for more information. This information is clearly immaterial and therefore, the government should not be required to make it available to the defendant.

4

Respectfully submitted this the 26th day of April, 2004.

                    LEURA GARRETT CANARY
                    UNITED STATES ATTORNEY

                    s/ A. Clark Morris
                    A. CLARK MORRIS
                    Assistant United States Attorney
                    One Court Square, Suite 201
                    Montgomery, Alabama 36104
                    Telephone: (334) 223-7280
                    Fax: (334) 223-7135
                    E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 2:03-cr-259-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| also known as, BEAVER LEON ) | |
| CARMICHAEL, et al. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen R. Glassroth, Amardo Wesley Pitters, Barry E. Teague, and Ronald W. Wise; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Mary Elizabeth Anthony, Anthony & Pratt LLC, 1905 14th Avenue South, Birmingham, Alabama 35205.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov