IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:03-CR-0259-T |
| | ) | |
| LEON CARMICHAEL, SR.,etc., et al., | ) | |

## O R D E R

After due consideration of *Defendant Carmichael's Motion to Compel Discovery* (Doc. 139, April 6, 2004) and the *United States' Response* (Doc. 145, April 9, 2004), the court concludes, as herein explained with respect to the four categories of requested disclosures and/or documents, that the Motion should be **DENIED**.

## I. Government's Trial Exhibits

Citing the Court's trial management discretion, pursuant to Fed.R.Crim.P. 16(d)(1), "to grant other appropriate relief" with respect to discovery matters, Carmichael urges that the Court "require the government to promptly specify those documents which it intends to introduce at trial." Underlying this request is the Government's delivery to defense counsel in late March of "nearly 8000 pages of discovery materials that contained a Bates stamp number and more than approximately 1000 additional documents that are not Bates stamped." (*Def.'s Mot.* at ¶ no.1).[1]

Defendant fails to ground his requested relief on the Federal Rules of Criminal Procedure or any other authority, and the Government correctly responds that no such authority exists. Nonetheless, the Government proposes, and urges the court to accept, a solution to address

---

[1] Carmichael's trial – scheduled as of the filing date of his motion to commence on May 3, 2004 – has been reset to July12, 2004.

GOVERNMENT
EXHIBIT
20
PENGAD 800-631-6989

Defendant's legitimate concerns about readily identifying exhibits referenced at trial. Accordingly, while the court will deny the *Motion to Compel* with respect to the government's trial exhibits, it will require the Government to comply with its volunteered agreement – "by numbering the remaining unlabeled 1,000 pages of discovery" [and] by mak[ing[ reference to the labeled versions of all documents at trial."

## II. **Government's Witness List**

_____The Government has acknowledged that its witnesses at trial will include some cooperating witnesses, or informants, to whom the Government, in consideration for their testimony, has made promises "that the United States will not use information that the witness provides to the government against him or her." (*Def's. Mot.* at ¶ 2). Pursuant to that acknowledgment, Defendant, citing *Brady v. Maryland,* 373 U.S. 83 (1963), seeks "any information which may bear on the credibility" of these witnesses. With respect to eight potential witnesses known by the defendant to have been interviewed by the government, the Defendant seeks an order compelling the government "to reveal any promises, benefits, leniency, or other inducement or benefit of whatever kind made to such individual." Additionally, Defendant seeks the identity of any other material witness. Acknowledging an expressed prosecution concern about witness safety, Defendant contends that such a concern "is insufficient to establish the ability of the government to suppress the identities of witnesses." "At a minimum", Defendant maintains, "the government should be required to make some sort of showing to establish the possibility, or likelihood, of jeopardizing the safety of the witness." (*Def's. Mot.* at ¶ no.4).

That the government is not obliged, as the Government responds, to disclose its trial

2

witnesses is well established. *See, e.g., United States v. Johnson*, 713 F.2d 654, 659 (11ᵗʰ Cir. 1983),

*citing United States v. Colson*, 662 F.2d 1389, 1391 (11ᵗʰ Cir. 1981) ("[a] criminal defendant has

no absolute right to a list of the government's witnesses in advance of the trial.").   In this case, the

Government's refusal to provide such a list prior to the time of jury selection is buttressed by its

concern that its identified trial witnesses would be discouraged from or improperly influenced not

to testify, or otherwise harmed or adversely affected by "having their names and photographs added

to an internet "Wanted" poster created by the Defendant." (*United States' Response* at 5).   After

considering in an appropriate *ex parte* setting compelling evidence on this issue of witness safety,

the court concludes that the government has made a sufficient showing which outweighs the

Defendant's asserted interests.[2]


### III. Informant Files

Citing its legitimate interests in securing information that may reflect on witness credibility

or may be exculpatory or otherwise material to his defense, Carmichael seeks to compel production

of "the agency's informant file that is maintained with respect to any and all individuals who are

cooperating with the government, or any of its agents." *(Def's Mot.* at ¶ 5).   The Government

supports its non-disclosure by citation, *inter alia*, to *United States v. Tenorio-Angel,* 756 F.2d 1505,

1512 (11ᵗʰ Cir. 1985); *United States v. Kerris*, 748 F.2d 610, 614 (11ᵗʰ Cir. 1984).

_____

[2]*See also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (noting that although Brady imposes on government the "duty under the due process clause to insure that "criminal trials are fair" by disclosing evidence favorable to the defendant upon request", "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses wh will testify favorably. There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.")

Properly guided by these cases and other relevant precedents,[3] the court's conclusion denying this discovery takes into consideration both the defendant's proffer for the enumerated information in these informant files "would significantly aid in establishing an asserted defense", *see Kerris, id* at 614, and the government's showing for its asserted interest – witness safety – in non-disclosure, *see Tenorio-Anel, id.* at 1511.

## IV.  Firearms fingerprint tests for Informant

Defendant's *Motion to Compel* concludes with a request for "all fingerprint results from the testing of ...firearms, ballistics test results from the test firing of ...firearms and all information and documents relating to the tracing of the ownership of ..fireams" seized in a June 13, 2002 warrant-supported search of the home of Robert Patrick Denton, a government witness identified as an informant against Carmichael.  As support for this request, Defendant argues:

> If the testing of the firearms revealed their use in any sort of criminal activities, that would be information that should be provided pursuant to *Brady v. Maryland.*  If no tests on the seized firearms were performed, that too would constitute *Brady* material since those tests may have implicated Denton in criminal activity and the absence of those tests could be a benefit bestowed upon Denton.

*Def's Mot.* at ¶ 7.

While couched in terms of *Brady* impeachment material, this request clearly falls beyond the scope of Rule 16 disclosures. Carmichael's indictment references no firearms charges resulting from

---

[3]*See Roviaro v. United States*, 353 U.S. 53, 60-62 (1957) (establishing a balancing test to take into account the particulars of each case, including the nature of the crime, possible defenses, and potential significance of informants' testimony; if disclosure of confidential informants is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way"); *United States v. Gutierrez*, 931 F.2d 1482 (11th Cir.), cert. denied, 502 U.S. 916 (1991); *United States v. Luffred*, 911 F.2d 101, 1015 (5th Cir. 1990) (denying access to FBI informant's file and citing Fed.R.Crim P. 16(a)(1)(C).

the search at the home of this potential witness against him, and the search itself did not occur during, and appears otherwise unrelated to, specified acts in furtherance of the conspiracy alleged. To the extent that the tests might reveal "criminal activities", Defendant does not explain how the tests themselves would be permissible impeachment evidence against this witness.   Moreover, the Government represents that Denton received "no benefit" regarding the search of his house.  Absent the requisite showing of Rule 16(a) materiality, this discovery request is unwarranted.

## V.

*Accordingly, it is* ORDERED that *Defendant Carmichael's Motion to Compel Discovery* (Doc. 139, April 6, 2004) is hereby DENIED.

It is further **ORDERED**, consistent with the Government's  volunteered proposal, that the Government promptly number the remaining unlabeled 1,000 pages of discovery provided to the Defendant in late March 2004 and that the Government refer to the labeled versions of all documents at trial.

DONE THIS 5th day of May, 2004.

/s/ Delores R. Boyd
DELORES R. BOYD
United States Magistrate Judge

5