IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:03-CR-0259-T |
| | ) | |
| LEON CARMICHAEL a/k/a | ) | |
| Beaver Leon Carmichael | ) | |

### ORDER ON ARRAIGNMENT

On August 27, 2004, the defendant, Leon Carmichael, appeared in person and in open court with retained counselor, Stephen Glassroth and was arraigned on the **superseding indictment, filed August 17, 2004,** in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.** The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the pretrial conference and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES CALCULATION.** The United States Probation Officer assigned to this case shall prepare a preliminary sentencing guideline calculation and ensure that counsel receive it not less than 3 days prior to the pretrial conference. The preliminary sentencing guideline calculation is not intended to be a final guideline calculation for sentencing purposes and is not binding on the parties, the Probation Officer, or the court.

If a defendant desires to have a probation officer conference, the defendant in sufficient time for the conference to be held prior to the pretrial conference shall notify the probation officer who prepared the preliminary calculation. The probation officer shall arrange for the conference and give necessary notifications. For those defendants who are not detained, the Probation Officer conference will be held at the offices of the U.S. Probation Officer assigned to the case. For those defendants who are detained, the conference will be held in the U.S. Marshal's lock-up at the United States Courthouse, One Church Street, Montgomery, Alabama. The defendant shall be present unless the court orders otherwise. The U.S. Marshal is directed to make any defendant who is detained available for the conference on the date and time arranged by the probation officer. Any


GOVERNMENT EXHIBIT 2 X

statements made by the defendant at the Probation Officer conference shall not be used against the defendant for any purpose.

**PRETRIAL CONFERENCE.** A *supplemental pretrial conference* is hereby set for **October 4, 2004, at 2:30 p.m.** District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. **Not later than three (3) days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this order.** Counsel who want in-custody defendants to attend must notify the Magistrate Judge within three days of the conference date so that an order to produce can be issued to the United States Marshal.

**TRIAL.** Pursuant to District Judge Myron Thompson's Order (Doc. 225, filed August 16, 2004), this case is set for trial beginning **November 10, 2004**, unless otherwise ordered by the court.

**PRETRIAL MOTIONS.** Any supplement pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to this court's standing order on discovery must be filed no later than **September 24, 2004.** No motion filed after this date will be considered unless filed with leave of court. **THE CONFERENCING REQUIREMENT SET FORTH IN THE STANDING ORDER ON CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL NOT GRANT MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented." Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.** See generally United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir. 1985).

The government shall file a response to all motions filed by the defendant **on or before five days prior to the date set for a hearing on the motion or, if no hearing is necessary, on or before ten (10) days after the date of pretrial conference.**

2

**DISCOVERY.** All discovery in this action shall be conducted according to the requirements of this court's Standing Order on Criminal Discovery. A copy of the standing order is attached and also may be found at http://www.almd.uscourts.gov/. *At arraignment, the government represented that no supplemental discovery is due to be disclosed as a result of the superseding indictment on August 17, 2004.*

**JENCKS ACT STATEMENTS.** The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[1]

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are ORDERED to appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

**NOTE:** Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within seven days of the date of this order. Failure to obtain fees from a client is not an extraordinary circumstance.

Done this 27th day of August, 2004.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] In certain complex cases, the government may agree to earlier production.