IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CR. NO. 2:03CR259T |
| | ) 2:03cr-259-T |
| LEON CARMICHAEL, SR. | ) |
| DEFENDANT. | ) |

## MOTION TO INTERVENE AND MOTION TO REMOVE PHOTOGRAPH FROM WEBSITE

COMES NOW, R. David DeJohn, by and through his attorney of record, and respectfully moves this Honorable Court for leave to intervene in the above styled cause for the limited purpose of seeking an order removing his photograph or image, which was illegally and illicitly obtained by Lieutenant George David Salem, formerly of the Montgomery Police Department, from the web site, carmichaelcase.com.

This motion is supported by the memorandum of law attached hereto.

Respectfully submitted on this the 20th day of September, 2004.

ROIANNE HOULTON CONNER
ATTORNEY FOR DeJOHN
ALABAMA BAR #FRI021

OF COUNSEL:
LAW OFFICES OF ROIANNE HOULTON CONNER
250 WINTON BLOUNT LOOP
P. O. BOX 240458
MONTGOMERY, ALABAMA 36124
334/215-1988



## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to:

> The Honorable Leura Garrett Canary
> United States Attorney
> Middle District of Alabama
> One Court Square
> Suite 201
> Montgomery, Alabama 36104
>
> The Honorable Matt Miner
> The Honorable Clark Morris
> The Honorable Stephen P. Feaga
> U.S. Attorney's Office
> Post Office Box 197
> Montgomery, Alabama 36101-0197
>
> The Honorable Ron Wise
> Suite 105
> 2000 Interstate Drive
> Montgomery, Alabama, 36109
>
> The Honorable Stephen Glassroth
> 615 South McDonough Street
> Montgomery, Alabama 36104
>
> The Honorable Wesley Pitters
> 210 Bell Building
> 207 Montgomery Street
> Montgomery, Alabama 36102
>
> The Honorable Lisa Monet Wayne
> 950 17th Street #1700
> Denver, Co. 80202

Done on this the 20th day of September, 2004.

_____
ROIANNE HOULTON CONNER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2004 SEP 20 P 2:33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| vs. | ) CR. NO. 2:03-Cr-259-T |
| LEON CARMICHAEL, SR. | ) |
| DEFENDANT. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND MOTION TO REMOVE PHOTOGRAPH FROM WEB SITE

**COMES NOW**, R. David DeJohn, by and through his attorney of record, and respectfully moves this Honorable Court for leave to intervene in the above styled cause for the limited purpose of seeking an order to remove his photograph or image, which was illegally and illicitly obtained by Lieutenant George David Salem, formerly of the Montgomery Police Department, from the web site, carmichaelcase.com.

### STATEMENT OF THE CASE

On November 17, 2003, Leon Carmichael was arrested on weapons charges and was under investigation for his connection to a seizure of 574 pounds of marijuana seized on the same day. Mr. Carmichael was subsequently charged with conspiracy to possess marijuana with the intent to distribute as well as conspiracy to commit money laundering.

Shortly after his arrest Carmichael set up a website related to this case. The author was identified as Cubie Rae Gilmer Hayes and was later found to be registered under the name of "An Eye for an Eye". As this Honorable Court pointed out in its Order of July 20, 2004, the website

1

appeared in December 2003 and came to the attention of law enforcement in January, 2004. The site had at the time of the Order gone through approximately three versions. However, the website has now been updated two other times since the writing of the Order of July 20, 2004.

On or about August 9, 2004, DeJohn became aware that the website now contains his photograph or image along with four of the alleged informants in the case. DeJohn recognized the image as his identification photograph from his former employer, Montgomery Police Department.

On August 12, 2004, DeJohn met with Sergeant N.W. McMahon, Sergeant J. Bolton and Lieutenant P. Fleming of the Montgomery Police Department's Internal Affairs Bureau. At that time, the members of the Internal Affairs Bureau confirmed that the photograph on the website, and the old identification photograph, were in fact the same image. DeJohn requested an investigation at that time and was told that someone would contact him regarding the same.

On August 19, 2004, DeJohn learned that the copy of the photograph identification card was now being disseminated on a second website: www.whosarat.com authored by Sean Bucci. Bucci is currently charged with trafficking in marijuana in the United States District Court for the State of Massachusetts.

After waiting several weeks and hearing nothing from the Montgomery Police Department, on August 27, 2004, Counsel for DeJohn wrote the Honorable Walter Byars, Jr., the Attorney for the City of Montgomery and again requested a formal investigation as to how the photograph was taken from the Montgomery Police Department and given to someone with the Carmichael defense team for posting on the website.

The request for an investigation was received by the City of Montgomery on Monday,

August 30, 2004 and DeJohn gave his formal statement to Internal Affairs Investigators on Tuesday, August 31, 2004.

On Wednesday, September 1, 2004, the Honorable Walter Byers contacted Counsel for DeJohn and informed her that in fact someone within the Montgomery Police Department had released the photograph without permission. Byers further informed Counsel that there would be a news conference on Thursday, September 2, 2004 at which time Mayor Bright would reveal the identify of the said individual. Byers further informed Counsel that the person would be placed on Administrative Leave without pay.

On Thursday, September 2, 2004, Mayor Bright identified Lieutenant George David Salem as the individual who had been placed on Administrative Leave. Mayor Bright also stated that Lieutenant Salem would be disciplined by the City of Montgomery for releasing the said photograph to an unauthorized individual.

On that same day, the Honorable Julian McPhillips, Counsel for Lieutenant Salem held a news conference in which he stated that Lieutenant Salem had released the photograph to Ricky Moore, a former Montgomery Police Officer, who is now working as a private investigator for Carmichael. It was also released during the news conference learned by Lieutenant Salem was assisted in the removal of the photograph by Sergeant Youngblood of the Montgomery Police Department.

Later that night, two other fuzzy photographs of DeJohn appeared on the said website.

DeJohn is now seeking the removal of the illegally and illicitly obtained photograph which was removed without permission from the Montgomery Police Department.

3

**ARGUMENT**

In order to intervene a Plaintiff must demonstrate (1) that he has a personal stake in the outcome of the controversy and (2) that he has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendants and that the injury can be fairly traced to the challenged conduct and is likely to be redressed by a favorable decision. " U.S. v. Napper, 887 F.2d 1528, 1532 (11th Cir. 1989) citing Chiles v. Thornburgh, 865 F.2d 1197, 1204 (11th Cir. 1989); Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962) and Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464,472 102 S.Ct. 752,758, 70 L.Ed.2d 700 (1982). A party seeking to intervene in an action "must demonstrate a 'direct, substantial, legally protectable interest in the proceeding' before that party will be granted intervenor status." Howard v. McLucas, 871 F.2d 1000, 1004 (11th Cir., 1989) (citing Athens Lumber Co., Inc. v Federal Election Commission, 690 F.2d 1364, 1366 (11th Cir. 1982))

The United States has previously requested that this Honorable Court issue a protective order requiring the defendant to take down an internet website that the government contended was threatening and harassing its witnesses and agents. This Court found in its Order dated July 20, 2004, that it did in fact have the authority to honor such a request by virtue of federal statute and its inherent power to restrict the shut down of the website.

However, the Court did not grant the government's motion, citing three reasons grounded in the protections granted to the defendant by the Bill of Rights; that of protected speech; the government's proposed protective order being a prior restraint on the defendant's

4

protected speech, and the government not convincing the court that such relief was warranted; and finally, the harm posed by the website did not warrant restricting the defendant's Fifth and Sixth Amendment right to investigate his case utilizing the website to gather evidence.

In this proceeding DeJohn is not requesting that the entire website be removed but only the photograph which was stolen from the Montgomery Police Department and then posted on the defendant's website.

As this Court is aware, the government can not introduce illegally obtained evidence in a criminal proceeding. Why then can the defendant utilize an illegally obtained photograph to seek evidence in his defense?

In 1980, the United States Supreme Court stated that "[t]here is no gainsaying that arriving at the truth is a fundamental goal of our legal system." United States v. Harvens, 446 U.S. 620, 626 (1980). But various constitutional rules limit the means by which government (in this case the defendant) may conduct this search for truth in order to promote other values embraced by the Framers and cherished throughout our nation's history. James v. Illinois, 493 U.S. 307, 311 (1990)

Ever since its inception, the rule excluding evidence seized in violation of the Constitution has been recognized as a principal mode of discouraging lawless police conduct. James, supra Should not the lawless conduct of the defendant be discouraged as ardently?

DeJohn meets all of the requirements that are set forth for intervention as he has a personal stake in this litigation as it is his photograph that was stolen and posted. He has suffered the injury as his ability to continue the undercover work as been substantially hampered causing his income as well as his safety and the safety of his family to be affected, which is a direct and

5

substantial, legally protectable interest.

## CONCLUSION

**WHEREFORE THE PREMISES CONSIDERED**, R. David DeJohn, by and through his attorney of record, respectfully moves this Honorable Court for leave to intervene in the above styled cause for the limited purpose of seeking an order removing his photograph or image, which was illegally and illicitly obtained by Lieutenant George David Salem, formerly of the Montgomery Police Department, from the web site, carmichaelcase.com.

Respectfully submitted on this the 20th day of September, 2004.

ROIANNE HOULTON CONNER
ATTORNEY FOR DeJOHN
ALABAMA BAR #FRI021

OF COUNSEL:
LAW OFFICES OF ROIANNE HOULTON CONNER
250 WINTON BLOUNT LOOP
P. O. BOX 240458
MONTGOMERY, ALABAMA 36124
334/215-1988

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to:

> The Honorable Leura Garrett Canary
> United States Attorney
> Middle District of Alabama
> One Court Square
> Suite 201

6

Montgomery, Alabama 36104

The Honorable Matt Miner
The Honorable Clark Morris
The Honorable Stephen P. Feaga
U.S. Attorney's Office
Post Office Box 197
Montgomery, Alabama 36101-0197

The Honorable Ron Wise
Suite 105
2000 Interstate Drive
Montgomery, Alabama, 36109

The Honorable Stephen Glassroth
615 South McDonough Street
Montgomery, Alabama 36104

The Honorable Wesley Pitters
210 Bell Building
207 Montgomery Street
Montgomery, Alabama 36102

The Honorable Lisa Monet Wayne
950 17th Street #1700
Denver, Co. 80202

Done on this the 20th day of September, 2004.

ROIANNE HOULTON CONNER