IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, SR., | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Civil Action No. 2:10cv1106-MHT-WC |
| v. | )     (CR No. 2:03cr259-MHT-DRB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**EXHIBITS TO
UNITED STATES'S RESPONSE TO § 2255 MOTION**

**VOLUME 3 OF 8**
(Exhibits 3A through 3Z)

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

SANDRA J. STEWART
FIRST ASSISTANT UNITED STATES ATTORNEY

ATTORNEYS FOR RESPONDENT
UNITED STATES OF AMERICA

United States Attorney's Office
131 Clayton Street
Montgomery, AL  36104
(334) 223-7280

# INDEX TO VOLUME 3 OF RESPONDENT'S EXHIBITS

*Exhibit #   (Crim. Doc. #)*

| Document | Exhibit # | Crim. Doc. # |
|---|---|---|
| Defendant Carmichael's Motion To Compel Additional Discovery Relating To Expert Opinion Testimony | 3A | (Doc. 247) |
| Defendant Carmichael's Motion To Strike Surplusage From Superseding Indictment Pursuant To Fed. R. Crim. P. 7(d) | 3B | (Doc. 248) |
| Memorandum Of Law In Support Of Defendant Leon Carmichael's Motion To Strike Surplusage From Superseding Indictment | 3C | (Doc. 249) |
| Carmichael's Motion For Hearing On Admissibility Of Expert Testimony | 3D | (Doc. 250) |
| Motion To Withdraw (Ronald W. Wise) | 3E | (Doc. 253) |
| Order granting Ronald W. Wise's motion to withdraw | 3F | (Doc. 254) |
| Defendant Carmichael's Response To Order To Show Cause on Agent DeJohn's motion to intervene | 3G | (Doc. 256) |
| Order denying Carmichael's motion for a hearing on admissibility of expert testimony | 3H | (Doc. 258) |
| Notice Of Appearance (Marion Chartoff) | 3I | (Doc. 263) |
| Government's Response To Defendant's Motion To Strike Notice Of Additional Factors As Surplusage | 3J | (Doc. 265) |
| Motion To Withdraw (Mary Elizabeth Anthony) | 3K | (Doc. 269) |
| Leon Carmichael's Motion In Limine Regarding Alleged Statements To Law Enforcement | 3L | (Doc. 278) |
| Defendant Leon Carmichael's Motion In Limine Regarding General Character Evidence | 3M | (Doc. 279) |

## INDEX TO VOLUME 3 OF RESPONDENT'S EXHIBITS – *con't*

|  | *Exhibit #* | *(Crim. Doc. #)* |
|---|---|---|
| Defendant Leon Carmichael's Motion In Limine Regarding Website And Alleged Intimidation | 3N | (Doc. 280) |
| Defendant Leon Carmichael's Motion In Limine Regarding References To Alleged Drug-Trafficking Organizations | 3O | (Doc. 281) |
| Leon Carmichael's Motion In Limine Regarding Remote Acts | 3P | (Doc. 282) |
| Leon Carmichael's Motion In Limine Regarding Prior Conviction And Incarceration | 3Q | (Doc. 283) |
| Defendant Leon Carmichael's Motion In Limine Regarding Tax Returns | 3R | (Doc. 284) |
| Defendant Leon Carmichael's Motion In Limine Regarding Statements Of Co-Defendant | 3S | (Doc. 285) |
| Defendant Leon Carmichael's Motion In Limine Regarding Course Of Investigation Testimony | 3T | (Doc. 286) |
| Motion For Leave To Withdraw (Stephen R. Glassroth) | 3U | (Doc. 289) |
| Leon Carmichael's Motion In Limine Regarding Alleged Co-Conspirator/Participant Statements | 3V | (Doc. 287) |
| Order granting Mary Elizabeth Anthony's Motion To Withdraw | 3W | (Doc. 292) |
| Notice Of Appearance (Susan G. James) | 3X | (Doc. 296) |
| Notice Of Appearance (Ronald R. Brunson) | 3X-1 | (Doc. 299) |

Order denying Agent DeJohn's motion to intervene
and to have his photograph removed from website          3Y     (Doc. 301)

## INDEX TO VOLUME 3 OF RESPONDENT'S EXHIBITS – *con't*

*Exhibit #  (Crim. Doc. #)*

Government's Response To Defendant's Motion
In Limine To Preclude Reference To The Term
"Carmichael Drug Trafficking Organization"              3Z     (Doc. 310)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEON CARMICHAEL, SR., )<br>et al. ) | CR. NO. 2:03-cr-259-001-T |

### DEFENDANT CARMICHAEL'S MOTION TO COMPEL ADDITIONAL DISCOVERY RELATING TO EXPERT OPINION TESTIMONY

Defendant Leon Carmichael, Sr., by undersigned counsel, moves the Court to enter an order directing the prosecution in the above-entitled case to disclose to the defense a further detailed explanation of any opinions the witnesses whom the government may call as experts will render, and the bases and reasons for those opinions, as well as each witness' qualifications. In support of his motion, Mr. Carmichael shows the following:

1. Rule 16 of the Federal Rules of Criminal Procedure governing discovery in criminal cases was amended to add subsection "(G): Expert Witnesses. At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial." This "summary must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications." Mr. Carmichael made the requisite request by letter dated July 21, 2004, a copy of which is attached hereto as Exhibit A. To date the government has neither responded to the request, nor complied with this requirement of Rule 16.

GOVERNMENT
EXHIBIT
3A

The duty to provide discovery now extends to any and all expert opinion evidence and the Government must provide a written summary.

2.   In a case such as this involving narcotics and money laundering offenses, expert opinion testimony which must be summarized and provided to the defense includes any testimony by law enforcement officers expressing an opinion about the nature of narcotics trafficking, the various roles different individuals perform, the meaning or interpretation of code words, etc. e.g. *United States v. Theodoropolus,* 866 F. 2d 587 (3rd Cir. 1989)(expert opinion regarding the structure of an organized crime family and the interrelationship between the participants); *United States v. Crillo,* 499 F. 2d 872, 881 (2d Cir.) cert.denied, 419 U.S. 1056 (1974) (interpretation of codes and jargon used in the drug trade may be subject of expert opinion by one experienced in the field); *United States v. Espinosa,* 827 F. 2d 604,611-13 (9th Cir. 1987) (expert opinion regarding use of apartments as "stash pad" for drugs and money); *United States v. Solis,* 923 F.2d 548, 550 (7th Cir. 1991)(expert testimony regarding use of beepers and other tools of the trade). The government in this case has notified the defense that at least one alleged expert in this area, I.R.S. Special Agent Louie Wilson, will give expert testimony. However, the defense anticipates, that despite the government's lack of additional notice, there may be other law enforcement agents, or others whose potential testimony may be proffered as expert testimony, pursuant to Fed. R. Evid. 702,703 and 705. While a brief summary of Special Agent Louie Wilson's areas of proposed testimony has been provided, a copy of which is attached hereto as Exhibit B, that summary is too broad and general to give real notice to the defense of the true scope and nature of the potential expert testimony. Thus, the defense requests that this Court

order the government to specify the following in a summary to be provided to the defense:

> A. The specific bases for Special Agent Wilson's opinion regarding the financial practices of drug dealers. This includes, but is not limited to each and every deposit or disbursement that is relevant to support alleged financial practices of drug dealers. The broad scope referenced within the letter from the government is simply too broad to provide actual notice to enable the defense to effectively prepare to confront, cross-examine and, if possible or necessary, rebut the testimony.

3. Additionally, the government provided along with Exhibit B, a one-page, one-paragraph document providing the alleged basis and training to qualify this witness (Special Agent Louie Wilson) as an expert in the proffered area. A copy of that document is attached hereto as Exhibit C. The defense requests that the specific training materials, manuals and documents relating to the training and experience specified by the witness be identified and provided to the defense. That any investigations related to narcotics and money laundering operations in which the witness was involved and/ or managed be disclosed by providing the name of the case, where the operation(s) were conducted, and when they were conducted. Finally that the basis or training of the witness with respect to his familiarity with narcotics related money laundering investigation be clarified in terms of whether it is scientific knowledge, lay person knowledge or some other area of knowledge on the part of this witness.

4. As to any other law enforcement agents whom the government may seek to proffer as experts, and their potential testimony, the defense requests this Court order the government to specify in a summary provided to the defense the following:

> A. The actual terminology used by any alleged drug traffickers in this case that signify the method of operation in a drug case,

B. What tools, implements and materials were used in this case that signify a drug operation.

C. Any and all deposits and disbursements by any persons which the government contends represents indicia illegal drug activity.

**WHEREFORE,** defendant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

RESPECTFULLY SUBMITTED this the 24th day of September, 2004.

>  s/Stephen R. Glassroth
>  STEPHEN R. GLASSROTH (GLA005)
>  LISA MONET WAYNE
>  Attorneys for the defendant
>  Stephen R. Glassroth
>  THE GLASSROTH LAW FIRM, P.C.
>  615 S. McDonough Street
>  Post Office Box 910
>  Montgomery, Alabama 36101-0910
>  (334) 263-9900
>  (334) 263-9940 - fax
>  firm@glassrothlaw.com

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2004, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Mary Elizabeth Anthony, Ronald W. Wise and Lisa Monet Wayne.

                              Respectfully submitted,
                              s/Stephen R. Glassroth
                              Stephen R. Glassroth
                              THE GLASSROTH LAW FIRM, P.C.
                              615 S. McDonough Street
                              Post Office Box 910
                              Montgomery, Alabama 36101-0910
                              (334) 263-9900
                              (334) 263-9940 - fax

July 21, 2004

***VIA FAX AND U.S. MAIL***

Ms. A. Clark Morris
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Re:   *United States v. Carmichael*

Dear Ms. Morris:

In reviewing correspondence concerning the above-referenced matter, I am reminded that the government may call IRS-CID Special Agent Louie Wilson who may testify "as an expert witness in the area of money laundering, and financial practices of drug dealers. I acknowledge receipt of the one-page sheet detailing Mr. Wilson's professional background and training, however, I would like his full professional curriculum vitae or resume. In addition, please identify each and every prior case in which Mr. Wilson has testified as an expert.

Pursuant to Fed. R. Crim. P. 16(G), I am requesting a full written summary of any testimony that the government intends to use under Federal Rules of Evidence 702, 703 or 705 in the government's case-in-chief. This would apply to Mr. Wilson and to any other person whom the government may intend to use as an expert.

On another matter, in reviewing the additional discovery which you sent under cover of your letter dated July 13, 2004, I received page 2 of a memorandum of Mr. Wilson's interview with Alisha Oree. However, page 1 was not included as part of the materials. Kindly forward page 1 to me immediately, since it is essential for the continuing trial preparation.

Should you have any questions, or if you wish to discuss anything concerning this, please feel free to contact me.

Very truly yours,

THE GLASSROTH LAW FIRM, P.C.

Stephen R. Glassroth

SRG/lc

cc:   Mr. Leon Carmichael
      Defense Counsel



## U.S. Department of Justice

*United States Attorney*
*Middle District of Alabama*

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax 334/223-7418
Criminal Fax: 334/223-7135

April 16, 2004

BY FACSIMILE AND U.S. MAIL

Barry Teague
Post Office Box 586
Montgomery, Alabama 36101
FAX 334-834-4501

Steve Glassroth
615 South McDonough Street
Post Office Box 910
Montgomery, Alabama 36101

RE: *United States v. Carmichael and Williams*

Dear Barry and Steve:

This letter is to notify you that the government may call Internal Revenue Service Special Agent Louie Wilson as an expert witness in the area of money laundering, and financial practices of drug dealers. Specifically, Agent Wilson may explain the deposits and disbursements that were made into and out of the defendant, Carmichael's, 16 bank accounts of which the government is aware and has turned over pursuant to discovery obligations. Agent Wilson may further illustrate the types of accounts held by the defendant, any withdrawals or deposits made and the dates, time and amounts of such withdrawals and deposits. Agent Wilson's CV is enclosed for your review.

FOR THE UNITED STATES ATTORNEY
LEURA GARRETT CANARY

*Clark Morris*
A. Clark Morris
Assistant United States Attorney

# SPECIAL AGENT LOUIE WILSON
# IRS-CID

1. Investigative Assistant, IRS-CID (May 1989 to May 1991);

2. Received BS in Accounting from the University of Alabama (May of 1991);

3. Hired as IRS-CID Special Agent (June 1991);

4. Attended Federal Law Enforcement Training Center (June 1991 to December 1991);

5. Assigned to the Mobile, Alabama IRS-CID Office (December 1991);

6. Served as the IRS-CID Electronic Filing Fraud Coordinator for the Southern and Middle Judicial Districts of Alabama – Primary responsibility – Coordinating investigations of fraudulently filed electronic tax returns (1993 and 1994);

7. Worked first narcotics related money laundering investigation in Mobile, Alabama (1993);

8. Transferred to Montgomery, Alabama IRS-CID Office (June 1995);

9. Assigned to the DEA Task Force in Montgomery, Alabama – Primary responsibility - Narcotics related money laundering investigations - Worked on investigations involving marijuana, powder cocaine and crack cocaine (December 1995 to November 1997);

10. Selected as the Federal Law Enforcement Officer of the Year for the Middle Judicial District of Alabama (August 1996);

11. Assigned to the HIDTA Task Force in Montgomery, Alabama - Primary responsibility - Narcotics related money laundering investigations - Worked on investigations involving marijuana, powder cocaine, crack cocaine and methamphetamine (November 1997 to current);

12. Attended yearly continuing professional education classes put on by IRS-CID (1988 to current);

13. Attended numerous training classes put on by HIDTA and DEA related to the investigation of narcotics and narcotics related money laundering (1995 to current).