IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al.  ) | |

## MOTION FOR HEARING ON ADMISSIBILITY OF EXPERT TESTIMONY

Leon Carmichael, Sr., by and through undersigned counsel, submits this Motion for Hearing on Admissibility of Expert Testimony (i.e, a Daubert hearing), and, pursuant to the Government's disclosed endorsements and discovery to date, states with specificity the experts and opinions he challenges.

### I. INTRODUCTION AND REQUEST TO REASONABLY SUPPLEMENT

1. The Government has given notice to the defense of intent to call at least one expert witness identified as Special Agent Louie Wilson. The Government's expert witness disclosure does not in all instances satisfy the requirements of Fed. R. Crim. P. 16(a)(1)(G) that, *"[a]t the defendants request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, 705 of the Federal Rules of Evidence during its case in chief at trial."* This summary must describe the witnesses opinions, the bases and reasons therefore, and the witnesses qualifications.

2. In some instances, as discussed below, the <u>complete</u> opinions of each of the Governments experts and the bases and reasons therefore, may not have been provided to the defense in the Government's disclosure. To the extent the Government intends to present opinions in expert testimony which have not yet been disclosed to the defense, the Defendant cannot, at this


GOVERNMENT EXHIBIT 30

time, tell the Court whether he challenges the undisclosed opinion. Respectfully, if the defense does not yet know that the opinion will be offered, the defense cannot yet challenge the opinion.

3. Defendant Carmichael, to the best of his ability, based on the limited nature of the opinion disclosed thus far, below lists the expert and opinion challenged at this time. However, Defendant Carmichael also respectfully requests the opportunity to supplement the list provided below as additional information is learned about the Government's experts and their opinions.

4. It is anticipated that Defendant Carmichael will need to supplement the list provided below upon the Government providing a more complete statement of the opinions of one or more of their disclosed experts and the bases and reasons therefore as required by Fed. R. Crim. P. 16(a)(1)(G).

5. Defendant Carmichael respectfully requests that he be given a reasonable opportunity to supplement the list of experts and opinions challenged set forth below as necessary based on the disclosure of additional information from the Government or its experts, or based on additional information learned from his own experts who may be necesssary.

6. Defendant Carmichael also respectfully requests that the Government be required to supplement its disclosure of anticipated expert testimony to specifically provide all of the opinions to be offered by any alleged experts, and the complete bases and reasons therefore, no later than twenty days prior to any hearing on this issue. Any opinions not specifically disclosed and supported by that date should not be allowed to be proposed by any Government expert.

## II. LIST OF EXPERT AND OPINION CHALLENGED BASED UPON INFORMATION PRESENTLY DISCLOSED

7. <u>Special Agent Louie Wilson</u>: Defendant Carmichael challenges and requests a hearing in relation to Mr. Wilson's opinion that " the deposits and disbursements that were made

2

into and out of the defendant, Carmichael's, 16 bank accounts are evidence of money laundering and financial practices of drug dealers." As explained below, such hearing needs to be held to determine whether this opinion rest on a reliable foundation, whether the proposed expert is qualified to render this opinion, and how, if at all, such opinion(s) will assist the jury in deciding an issue that is actually relevant and probative, rather than cumulative, redundant, prejudicial and distracting, to the outcome of this case.

### III.   ARGUMENT AND REQUEST FOR RELIEF

Federal Rule of Evidence 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of opinion or otherwise.

The rule requires Court determination that any expert testimony (1) is based on scientific knowledge, and (2) will assist the trier of fact to understand the evidence or to determine a fact in issue. *Daubert v. Merril Dow Pharms., Inc.*, 509 U.S. 579 (1993). Later cases have established that the Court must make the determination whether the testimony concerns strictly "scientific" testimony or any other sort of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U. S. 237, 147(1999).

The Supreme Court in *Daubert* identified four factors to assist the courts in assessing reliability of scientific evidence by considering (1) whether the technique can and has been tested;(2) whether the technique has been subject to peer review; (3) the known or potential error rate of the technique;(4) the existence and maintenance of standards controlling the techniques's operation; and (5) whether the technique has gained acceptance in the scientific community. *Daubert* 509 U. S. at 590.

3

Mr. Carmichael, now objects, and would object at trial, to the above described testimony reflected in the government's disclosure. Much of the information would not appear to assist the trier of fact on the issue before them: guilt or innocence of the offenses charged.

On the other hand, there is no reason why the "most common method" should not be followed; to delay this Court's *Daubert* findings pending a motion in limine or trial objection would needlessly protract what already promises to be an extensive trial proceeding. Accordingly, Mr. Carmichael seeks the following relief:

(i) He asks that this Court direct the government to present its evidence on the *Daubert* criteria as to its putative experts on the matters set forth above, and as reasonably supplemented hereafter.

(ii) Mr. Carmichael respectfully requests that he be given a reasonable opportunity to supplement the list of experts and opinions challenged as necessary based on the disclosure of additional information from the government or its experts, or based on additional information learned from his own experts.

(iii) Mr. Carmichael also respectfully requests that the government be required to supplement its disclosure of anticipated expert testimony to specifically provide all of the opinions to be offered by its alleged experts, and the complete bases and reasons therefore, no later than twenty days prior to any hearing on this issue. Any opinions not specifically disclosed and supported by that date should not be allowed to be proposed by any government witness.

RESPECTFULLY SUBMITTED this the 24th day of September, 2004.

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
Attorneys for the defendant
Stephen R. Glassroth

4

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
firm@glassrothlaw.com

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Mary Elizabeth Anthony, Ronald W. Wise and Lisa Monet Wayne.

Respectfully submitted,
s/Stephen R. Glassroth

Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax