IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## DEFENDANT CARMICHAEL'S RESPONSE TO ORDER TO SHOW CAUSE

On September 22, 2004, the Court directed the parties to show cause why the motion of Raymond David DeJohn, a public official and case agent in this case, seeking to intervene and to obtain an order directing the removal of his photograph from defendant's website at www.carmichaelcase.com should not be granted. What follows is Mr. Carmichael's response to that order. For the reasons shown below, the motion of the public official/case agent, the putative intevenor, should be denied.

As an initial consideration, it is clear that Raymond David DeJohn, an employee of the City of Prattville Police Department who is detailed to a federal task force, has not met the test to satisfy the requirement that an individual have standing before a matter may be litigated in federal court. Mr. Carmichael also contends that intervention for the type of relief sought by Mr. DeJohn is not available to him in this criminal prosecution.

While there are instances in which federal courts have permitted third parties to assert interests in preventing disclosure of certain materials sought in connection with criminal proceedings, or in preventing further access to materials that have already been disclosed, this case does not fit into any of those categories. See, e.g. *United States v. Nixon*, 418 U.S. 683, 692 (1974) (President, a non-party, may appeal denial of motion to quash post-indictment subpoena compelling production of records of certain meetings); *Gravel v. United States*, 408 U. S. 606, 608 n. 1 (1972)

GOVERNMENT EXHIBIT 3 G-

(noting district court had permitted Senator to intervene in proceeding on assistant's motion to quash grand jury subpoena and that circuit court had permitted Senator to appeal that denial of the motion); *Perlman v. United States*, 247 U.S. 7, 12 (1918) (owner may intervene to assert property and constitutional interest in preventing release to government, for purposes of grand jury investigation, of exhibits introduced and impounded in a civil case); *In re Grand Jury Applicants*, 619 F. 2d 1022 (3d Cir.1980) (employer permitted to appeal denial of motion brought as intervener to quash grand jury subpoenas served on employees for testimony); *United States v. RMI, Co.*, 599 F. 2d 1183, 1186 - 87 (3d. Cir. 1979) (corporation may appeal denial of motion for protective order brought as *de facto* intervener to prevent pre-trial disclosure to defendants of corporate books and records previous disclosed by subpoena to grand jury which indicted defendants.) "Thus it is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders . . ." as a remedy. *United States v. RMI, Co.*, 599 F.2d at 1186. While intervention in a motion to quash a subpoena represents an effort to protect a "protectable interest", intervention is not a routine matter and is not routinely granted. *Cent S. C. Chapter v. United States Dist. Court*, 551 F. 2d 559 , 563 - 65 (4th Cir. 1977) (appeal of order restricting activities of press during conduct of criminal trial dismissed) (nothing in the criminal law or rules permit[s] [press] to intervene"). Intervention in a criminal proceeding is extraordinary and counsel for Mr. Carmichael has been unable to locate any case that mirrors the procedural posture, or the anomalous situation presented here.

While intervention has been allowed in the past where those with interests to protect from disclosure at grand juries, or other like situations, there is no precedent for allowing the case agent in a criminal prosecution to intervene in that prosecution where the relief he seeks would inhibit the

accused's right to investigate and obtain information to assist him in the preparation of his defense. Indeed, the core reasons for this Court denying the government's renewed motion for a protective order were founded upon Mr. Carmichael's fair trial rights and the Court recognized the inherent Fifth and Sixth Amendment interests that were involved. See *United States v. Carmichael*, 326 F.Supp.2d 1267, 1296 - 98 (M.D. Ala. 2004).

If the Court were to grant the motion to intervene and grant the relief sought by the putative intervenor, then the Alice in Wonderland result would obtain–the government's case agent would effectively restrict the manner and means by which the accused develops information for his defense. Such a result cannot be countenanced.

The putative intervenor assumes that there was an "illegal" act performed in connection with the photograph appearing on Mr. Carmichael's website. While it is stated that another third-party removed the photograph from the City of Montgomery, that may be a violation of a city rule or administrative regulation. However, there is no evidence that any act was illegal, nor that there was any violation of city rule or regulation.[1]

The cases relied upon by the putative intervenor are all civil cases. *United States v. Napper*, 887 F.2d 1528 (11th Cir. 1989), involved an effort by certain media companies to intervene in an action by the government against various individuals and the City of Atlanta to reclaim documents relating to the infamous "Atlanta Child Murder Cases" which had been loaned to the city. The

---

[1] Two of the photographs of the case agent that appear on the website were taken from a newsletter published by the office of the United States Attorney for the Middle District of Alabama. That newsletter was disseminated on the website via hyperlink. Some time after a copy of that newsletter was submitted as an exhibit to Mr. Carmichael's Response to the Government's Notice of Supplemental Authority, see Exhibit 1 to Court's Document Number 203, that hyperlink was removed so that the newsletter is no longer available online.

3

district court denied the media companies' effort to intervene in the civil action and that decision was affirmed. Relying upon *Napper* to support intervention in this case is inapposite. First, the relief sought in that case was not granted, just as it should not be granted here. In addition, there exists a specific rule of procedure that governs intervention in civil actions. See Fed. R. Civ. P. 24. There is no such rule for criminal cases. This effort by the case agent does not fall within the limited category of instances, such as a grand jury subpoena, in which intervention should be permitted. "In a criminal case, it is rare that one person ever has enough interest in the outcome of a prosecution of another. For this practical reason, there is no rule governing intervention in a criminal proceeding." *United States v. Torres*, 602 F. Supp. 1458, 1461 (N. D. Ill. 1985). The *Torres* court noted that intervention has been allowed in order to enable various media to assert interests arising under the First Amendment. The court observed that a "review of cases involving news media interests in criminal prosecutions (usually involving evidence to be captured or copied) shows that courts, without discussion, have permitted applications to be made for certain relief, or have granted news media organizations leave to intervene. In such cases, news media entities or organizations have been named and treated as applicants or intervenors." *Id.* (citations omitted).

It is understandable that media organizations have been permitted to intervene in criminal cases, in limited situations since the First Amendment occupies a special position in American jurisprudence. No such special consideration is present here.

Finally, the case agent/putative intervenor seems to argue that Mr. Carmichael and the government should be placed on equal footing with respect to the exclusionary rule. See Memorandum in Support of Motion to Intervene, etc. at 9. The reasons for the existence of the exclusionary rule have been repeatedly stated throughout the years since its inception. The

exclusionary rule is a prophylactic device, a judicially created remedy that is designed to deter constitutional violations not a person right. *See United States v. Leon*, 468 U.S. 897, 906 (1984). Moreover, the constitution's provisions are applicable to governmental entities and governmental actors, not to private individuals. The point that the case agent/putative intervenor is attempting to make is unclear, however, as a private citizen the constitution's prohibitions and judicially fashioned remedies designed to discourage constitutional violations are not applicable to Mr. Carmichael.

## CONCLUSION

This case does not present one of the rare instances recognized in which intervention in a criminal case should be permitted. Whether the case agent/putative intervenor lacks standing, or whether his lack of a right to intervene is rooted in the absence of any right to relief on the merits, the result is the same. The Court should deny the motion filed by the case agent in this case, Raymond David DeJohn.

RESPECTFULLY SUBMITTED this the 6th day of September, 2004.

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
Attorneys for the defendant
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
firm@glassrothlaw.com

5

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Mary Elizabeth Anthony, Lisa Monet Wayne.

            Respectfully submitted,
            s/Stephen R. Glassroth
            Stephen R. Glassroth
            THE GLASSROTH LAW FIRM, P.C.
            615 S. McDonough Street
            Post Office Box 910
            Montgomery, Alabama 36101-0910
            (334) 263-9900
            (334) 263-9940 - fax
            firm@glassrothlaw.com