IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO 2:03-cr-259-T |
| | ) | |
| LEON CARMICHAEL, SR. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE NOTICE OF ADDITIONAL FACTORS AS SURPLUSAGE

COMES NOW the United States of America by and through its counsel, Leura Garrett Canary, United States Attorney, and responds to the defendant's Motion to Strike the Government's Notice of Additional Factors as Surplusage as follows:

The defendant has presented a Motion to Strike the Notice of Additional Factors included in the indictment. This motion is meritless and should be denied.

The indictment includes a notice which alleges that certain sentencing enhancement factors set forth in the Sentencing Guidelines are applicable to the case at bar. The government provides this notice in anticipation of seeking a jury determination regarding the existence of the charged factors. Specifically, the Notice of Additional Factors asserts that the defendant:

 a. Committed an offense in which the defendant was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive, as described in U.S.S.G. § 3B1.1(a);

 b. Committed an offense in which the defendant used and attempted to use a person less than eighteen years of age to commit the offense and assist in avoiding detection of and apprehension for, the offense, as described in U.S.S.G. § 3B1.4;

GOVERNMENT
EXHIBIT
3 J

      c.      Recklessly created a substantial risk of death and serious bodily injury to another person in the course of fleeing from a law enforcement officer, as described in U.S.S.G. § 3C1.2;

      d.      Committed an offense in which a dangerous weapon, to wit: four firearms more specifically described as, a Taurus PT 140 .40 caliber pistol, bearing serial number SVA39286; a Springfield Armory V10 .45 caliber pistol, bearing serial number N467060; a Colt Combat Commander .45 caliber pistol, bearing serial number FC22273E; and a Beretta Model 1201FP 12 gauge shotgun, bearing serial number A28225L, were possessed, as described in U.S.S.G. § 2D1.1(b)(1).

The government has adopted this course in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). In that case, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where pertinent sentencing findings were made by a judge rather than a jury. The Supreme Court held that this procedure violated the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard. The *Blakely* Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

*Blakely* stated that it passed no judgment on the federal guidelines. *See id.* at 2538 n.9. It is the government's view that *Blakely* does not apply to the federal guidelines, which have repeatedly been upheld by the Supreme Court, and which differ

in material respects from the Washington state scheme at issue in *Blakely*.

It is further the government's position that: (a) *Blakely* does not apply to the federal guidelines, and (b) if *Blakely* does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

However, even if this Court shares the government's view with respect to either argument, we nevertheless deem it prudent to obtain a jury verdict to protect against the possible impact of adverse appellate decisions. It must be recognized that the Supreme Court, applying the reasoning of *Blakely*, may ultimately hold that with regard to the application of federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict. The Court may also decline the government's alternative argument regarding the inability to sever the guidelines, and direct that the existing guidelines be applied through jury fact-finding. For this reason, and in order to protect against the possibility of an unjustly low sentence in this case in the event that *Blakely* is so extended, the government has elected, as a protective measure, to charge the pertinent enhancement factors and seek a jury determination regarding each.

Defense counsel argues that the Eleventh Circuit's holding in *Reese* obviates any need for a Notice of Additional Factors. *United States v. Reese*, __F.3d __, 2004 WL 1946076. In *Reese*, the Eleventh Circuit ruled that Blakely does not apply to the United States Sentencing Guidelines. *Id.* The Court further instructed district courts to continue sentencing under the Guidelines until the Supreme Court issues its opinion on

3

the issue. *Id.* However, as noted by the Eleventh Circuit, the Supreme Court has not yet issued its opinion of the issue. The Supreme Court has granted certiorari in two cases that present an opportunity for the Court to rule on the issue. *United States v. Booker*, __S.Ct. __, 2004 WL1713654 (August 2, 2004); *United States v. Fanfan*, __S.Ct. __, 2004 WL 1713655 (August 2, 2004). However, until the ruling from the Supreme Court, the government must proceed with caution. The cautious course of action is to allow a jury to decide every fact supporting a sentencing enhancement or upward departure.

The Notice of Additional Factors provided to the defendant is not subject to abrogation as surplusage. In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the accused. *United States v. Vastola*, 899 F.2d 211, 231 n.25 (3d Cir.), vacated on other grounds, 497 U.S. 1001 (1990). See also, *United States v. Pungitore*, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990). A motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure. However, "the scope of a district court's discretion to strike material from an indictment is narrow." *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." *United States v. Jordan*, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezag*, 134 F.3d 1121, 1134 (D.C. Cir. 1998), quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982). See also, *United States v. Behenna*, 552 F.2d 573, 576 (4th Cir. 1997); *United States v. Root*, 366 F.2d 377,

4

381 (9th Cir. 1996); *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990); *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990) ; *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990); *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990). "Material that can be fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial." *Oakar*, 111 F.3d at 157.

The sentencing factors described in the indictment are neither irrelevant nor unduly prejudicial. Rather, they are the very factors which, by law, are pertinent to the determination of the defendant's sentence in this case. While the government traditionally would not seek to include these factors in the indictment itself, it has done so in anticipation of the defendant's claim, based on *Blakely*, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.

In the case at bar, the defendant argues that such Notice contains immaterial and irrelevant allegations. Defendant goes further to allege that to keep the Notice in the indictment is to allow the judicial branch of government to add elements to the crime, a duty reserved for the legislative branch of government. Defendant argues that this violates the separation of powers. However, the Notice of Additional Factors does not increase the elements of the crime, it deals only with sentencing enhancements. The government is proposing taking the sentencing factors and allowing a jury to decide. In no way should the legislative branch of our country be involved in such a process. A person could be convicted of a crime without being found guilty of the sentencing enhancements. Thus, defendant's argument is without merit.

The defendant's argument as to *Blakely* is disingenuous and inconsistent. On the

one hand, he argues that *Blakely* could apply to the federal sentencing guidelines. Thus, defendant contends, there may be no sentencing enhancement without a unanimous finding beyond a reasonable doubt by the jury. On the other hand, he argues that the "Notice of Additional Factors" section of the indictment, which charges and puts the defendant on notice of possible sentencing factors, is surplusage and must be stricken. If the factors are not charged, they may not be submitted to the jury, and the defendant could receive an artificially low sentence. Simply put, the defendant wants to have his cake and eat it too.

Absent a waiver by the defendant of *Blakely* issues, the Notice of Additional Factors is relevant to sentencing issues and is not inflammatory or unfairly prejudicial. Judge Dalzell, United States District Judge in the Eastern District of Pennsylvania, recently so held in denying a motion identical to the defendant's. *United States v. Cintron*, Crim. No. 03-675-02 (E.D. Pa. Aug. 19, 2004) (Dalzell, J.) (unpub.). He ruled: "Although the additional factors in the superseding indictment are not elements of the charged offenses, they are nevertheless relevant to the charged offenses because, if proven to and found by a jury, they would permit enhancement of the defendants' sentences under the Sentencing Guidelines." As Judge Dalzell recognized, in full accord with the purpose of an indictment, the indictment puts the defendant on notice of additional facts concerning the offense which may be relevant for purposes of sentencing. *Cf. United States v. Stansfield*, 171 F.3d 806, 811 (3d Cir. 1999) (the purpose of an indictment is to identify the defendant's alleged offense and "fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have" (internal quotation marks omitted)). Moreover, any concerns about

6

prejudice the defendant might suffer may be alleviated by withholding submission of the additional facts, where necessary, until after the jury first has determined guilt.   In that circumstance, the notice of additional factors plainly would not be inflammatory or unduly prejudicial to the defendant because the sentencing factors would be submitted to the jury only during the sentencing phase and not during the finding of guilt phase.

The convening of a jury for sentencing factors was authorized in *United States v. Henry*, 282 F.3d 242, 253 (3d Cir. 2002) ("We find it consistent with the mandate of Apprendi to remand for a jury to determine these facts beyond a reasonable doubt. This is what Henry requested in the District Court.  We see no reason why a jury cannot be convened for the sole purpose of deciding the facts that will determine the sentence. After all, that is the job of the jury as fact-finder.").

The same procedure applies where the defendant was previously convicted at a trial at which the sentencing factors were not submitted to a jury. *United States v. Booker*, 375 F.3d 508, 514  (7th Cir. 2004), *cert. granted on other grounds*, 2004 WL 1713654  (U.S. Aug. 2, 2004); *United States v. Ameline*, 376 F.3d 967, 983-84 (9th Cir. 2004); *United States v. Landaarten*, 325 F. Supp. 2d 234 (E.D.N.Y. 2004).  See also *United States v. Khan*, 325 F. Supp. 2d 218, 226-27  (E.D.N.Y. 2004) (Judge Weinstein explains the historical basis for a sentencing jury, and concludes that a court may proceed by analogy to the use of a civil jury finding damages; "Where there is no specific rule on a subject covered in the Federal Rules of Criminal Procedure, the civil rule or practice may be borrowed.  Rule 57(b) of the Federal Rules of Criminal Procedure explicitly provides that when there is no controlling law, 'a judge may regulate practice in any manner consistent with federal law' ") .  The submission of

7

additional sentencing factors to the jury in this case after a determination of guilt, if appropriate, would be entirely consistent with the course of conduct approved of in these cases. And that submission rests on the notice appropriately provided in the indictment.

In sum, the notice of additional factors notifying the defendant of additional factors to be proved as a precursor to their submission to the jury is plainly justified. The factors are relevant to sentencing and do not unfairly prejudice the accused, and if necessary in a case in which the defendant can demonstrate that he would suffer prejudice from the submission of these factors to the jury prior to the jury's guilt determination, the additional factors may be submitted to the jury after it makes that determination. The motion to strike the notice should be denied.

Respectfully submitted this the 18th day of October, 2004.

LEURA GARRETT CANARY
United States Attorney

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR NO 2:03-cr-259-T |
| LEON CARMICHAEL, SR. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen R. Glassroth.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov