# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    CR. NO. 2:03-cr-259-001-T |
| | ) |
| LEON CARMICHAEL, SR., | ) |
| et al. | ) |

## DEFENDANT LEON CARMICHAEL'S
## MOTION IN LIMINE REGARDING GENERAL CHARACTER EVIDENCE

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to claims that: (a) the accused had extramarital relationships and engaged in other sexual improprieties; (b) the accused engaged in violent conduct; (c) was responsible for the suicide of an employee; (d) was involved in uncharged crimes. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith.


GOVERNMENT EXHIBIT 3 M

Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant to an issue other than the accused's character; (2) sufficient evidence for the jury to find that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998).

3. Based upon information provided by the government, the defense anticipates that the government will call several witnesses who will testify that the accused has engaged in extramarital affairs, had sexual relationships with teenagers, showed disrespect for his wife, fathered children outside of marriage, and impregnated a woman who later had an abortion. The nature and extent of any alleged sexual improprieties and infidelity has absolutely no bearing on the question of his guilt and is irrelevant. Such evidence is classic bad character evidence that would bias the jury against the accused and encourage the jury to decide the accused's guilt on the basis of emotion, rather than the facts. An allegation that the accused had sexual relationships with teenagers is particularly inflammatory, as it suggests that the accused committed the offense of statutory rape. Similarly, many jurors may have a visceral reaction to testimony that the accused's alleged girlfriend had an abortion. The government has no proper purpose for introducing such evidence. The prejudicial effect of such evidence clearly outweighs the probative value of the evidence, which is nil. The Court should exclude any and all references to such allegations.

4. The discovery provided by the government contains a claim that the accused beat a woman, Sandra Jones, and threatened another woman if she left him. Introduction of such evidence would serve no proper purpose under Rule 404(b). Many jurors would react strongly to the mere accusation that the accused engaged in such violence. The introduction of this evidence this would cause substantial and undue prejudice to the defendant not justified by any probative value the evidence might have.

5. In United States v. Hands, 184 F.3d 1322 (11th Cir. 1999), the defendant was charged

2

with distributing cocaine. His wife testified that she never observed her husband selling drugs. When the defendant testified, he was asked about an incident when he beat his wife. The court held this to be reversible error because there was nothing relevant about the domestic abuse testimony, and to the extent that it was marginally probative of an issue in the case, its unfair prejudice outweighed its probative value.

6. As in Hands, the allegation that the accused allegedly engaged in violence towards Sandra Jones is not probative of any of the issues in this case. The government has no purpose for introducing such evidence other than to show that the accused has a propensity for violence and law-breaking. Furthermore, even if there were any slight probative value to the evidence, it would be outweighed by the strong prejudicial effect of such evidence. See id. at 1329, n.20 (noting that the topic of domestic violence provokes "visceral reactions"). The Court should exclude any and all references to such allegations.

7. The discovery contains numerous references regarding a former employee of the accused who committed suicide, and speculation by various government witnesses that the accused was somehow responsible for the man's death or that the man killed himself because he owed the accused money. These allegations have no probative value as to the elements of the offense charged, and accordingly are irrelevant and inadmissible. Furthermore, there is no evidence that the accused is responsible for the man's death. Introduction of this evidence would serve no purpose other than to suggest to the jury that the accused is such a dangerous man that a person who owed him money would rather commit suicide than live. The substantial and unfair prejudice that would result from the presentation of this theory is clear. The government and its witnesses should not be allowed to present evidence or argument regarding this unsubstantiated rumor to the jury.

8. The discovery contains speculation by government witnesses that the accused was somehow involved in killings and a shooting for which he was never charged or convicted. These groundless accusations are irrelevant to the charged offenses and therefore inadmissible.

3

Introduction of this evidence would serve no purpose other than to suggest to the jury that the accused is a dangerous, law-breaking person. Substantial and unfair prejudice would result from exposing the jury to these unsubstantiated allegations. The Court should order the government and its witnesses to refrain from presenting such allegations to the jury.

9. The discovery provided by the government contains a claim that the accused brought juveniles with him while conducting drug-related business, as well as other claims involving teenagers. This uncharged allegation of misconduct is classic bad character evidence that would bias the jury against the accused and encourage the jury to decide the accused's guilt on the basis of emotion, rather than facts. Many people would have a strong emotional reaction to the mere suggestion that the accused involved juveniles in criminal activity.

10. The mere presence of a juvenile during an alleged drug transaction is not probative of any of the elements of the offenses charged, and accordingly is irrelevant and inadmissible. Furthermore, even if the presence of a particular juvenile individual was somehow probative, the government need not identify the age of the persons allegedly involved in the activities in order to prove its case. The ages of the participants are not relevant and would serve only to inflame the jury against the accused. The prejudicial effect of such evidence substantially outweighs the probative value of the evidence, which is nil. The Court should exclude any and all claims that the accused involved juveniles in illegal activities or conducted illegal activities in their presence.

11. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

4

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

                              s/Marion Chartoff
                              STEPHEN R. GLASSROTH (GLA005)
                              LISA MONET WAYNE
                              MARION CHARTOFF (CHA074)
                              Attorneys for the defendant
                              Ms. Marion Chartoff
                              Law Office of Marion Chartoff
                              505 S. Perry Street
                              Montgomery, Alabama 36104
                              334-264-0609
                              334-263-4766 - fax
                              mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609

5

334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

Respectfully submitted,

s/Marion Chartoff
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net
