IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## DEFENDANT LEON CARMICHAEL'S
## MOTION IN LIMINE REGARDING WEBSITE AND ALLEGED INTIMIDATION

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to evidence of: (a) the defendant's posting of the website www.carmichaelcase.com, the controversy surrounding the website, and any evidence of the government's or witnesses actions in response to the website; (b) unsubstantiated allegations of witness tampering or intimidation. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even where it is found to be relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403.

2. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant

GOVERNMENT
EXHIBIT
3 N

to an issue other than the accused's character; (2) that there is sufficient evidence for the jury to find that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998).

3. The evidence discussed herein does not meet the qualifications for admissibility under any of these rules and accordingly should be excluded. In addition, many of these allegations are based in large part on inadmissible hearsay not subject to any exception, and should be excluded for that reason as well.

(a) The website

The existence of the website www.carmichaelcase.com is irrelevant and does not go to any element of the offenses charged. Likewise, the reactions of the government and various witnesses to the website, the unsubstantiated claims and rumors that the website is a "hit list" or an intimidation tactic, the claim that a photograph posted on the website was improperly obtained, and any actions the government and witnesses claim they have taken in response to the website are irrelevant and do not go to any element of the offenses charged. Because they are not relevant, evidence of these matters is inadmissible under Rule 402 should be excluded.

Furthermore, introduction of such evidence presents a strong likelihood of unfair and substantial prejudice, and accordingly should be barred under Rule 403. The government and several witnesses have attempted to characterize the website as a witness intimidation tactic by the accused. However, the government does not have any evidence to support this characterization. The government has made repeated efforts to shut the website down. The government further claims that it has provided personal protection to Sherry Pettis because of the placement of her photograph on the website. Introduction of the government's and witnesses views about the website and their reactions to it would communicate to the jury the idea that the accused is a dangerous man who has attempted to intimidate witnesses into testifying against him. The result would be substantial and undue prejudicice to the accused, and a substantial risk that the jury would be influenced to decide the case on emotion or another improper basis, rather than on the evidence.

2

(b) Other alleged witness intimidation

Based upon the information provided by the government and the government's prior actions with regard to the website, the defense believes the government may try to introduce additional unsubstantiated allegations of witness tampering and intimidation. The materials provided by the Government contained such unsubstantiated allegations, rumors and hearsay regarding alleged witness intimidation and harassment. For example, the discovery contains the following allegations: that Gary Wayne George was assaulted because he cooperated with the government against the accused; that the accused impliedly threatened to kill Sandra Jones while speaking with a bondsman; that unknown individuals have followed individuals who are cooperating with the government in this case.

4. Such evidence is inadmissible because it is not relevant to the elements of the charged offenses and because it consists of nothing more than unsubstantiated hunches, rumors, and hearsay. In addition, such evidence is inadmissible under Rule 404. Evidence that a defendant has attempted to threaten or harm witnesses constitutes other crimes evidence, which is only admissible when it meets the test for admissibility of 404(b) evidence set forth in Mills. The allegations of witness intimidation do not meet that test. First, the government has no proper purpose to introduce this evidence, and the evidence is not relevant to any issues other than the character of the accused. Second, the government does not have evidence sufficient to prove to the jury that intimidation is actually occurring and that the accused is responsible for it. Finally, admission of such evidence would pose a serious risk of substantial and unfair prejudice to the accused which outweighs any probative value the evidence might have. The jury may conclude based on these allegations that the accused is a dangerous man who should be "taken off the street," regardless of whether he is guilty of the offenses actually charged. Accordingly, such evidence cannot properly be admitted under Rule 404(b). Such evidence would also be inadmissible under Rule 403 because its potential for unfair prejudice substantially outweighs its probative value.

5. Although the accused will not here attempt to provide a complete list of all of witness intimidation allegations, the accused will specifically address a few allegations here which should be excluded at trial.

(1)     No testimony should be allowed regarding the assault of Gary Wayne George. The assault is not relevant to any of the elements of the offenses charged, and is accordingly inadmissible under Rule 402. The assault allegation also fails the test for admissibility under Rule 404(b). The government cannot show that the accused was involved in the assault. Accordingly, it cannot meet either the proper purpose or sufficient evidence prongs of the 404(b) admissibility test. Moreover, there is a substantial risk that jurors, faced with evidence of the assault in the context of the government's case, might speculate that the accused actually was responsible. This raises the specter of a verdict based on an unsubstantiated assumption: that the accused had Mr. George assaulted because he testified against him, and he therefore must be guilty. The substantial risk of undue prejudice presented precludes introduction of the assault allegation under Rule 404(b) or Rule 403.

(2)     Mr. Carmichael's alleged conversation with Sandra Jones' bondsman should also be excluded. According to the materials provided by the government, while arranging to post bond for Sandra Jones, and the accused allegedly asked a bondsman what would happen to his money should Sandra Jones fail to appear or die. The government has previously attempted to introduce this alleged statement as evidence that the accused planned to kill Ms. Jones or have her disappear. The Court should not allow admission of this testimony or characterization of the alleged questions as evidence of criminal intent.

First, the accused's alleged questions do not tend to prove or disprove any element of the offenses charged and accordingly are irrelevant and inadmissible. Furthermore, the statement is completely ambiguous and subject to various interpretations. The questions allegedly asked are ones any prudent person might want answers to before committing a large sum of money for a bond for a person charged with a serious offense. However, the government will certainly argue that these statements reflected a far more nefarious intent. The defendant will not be able to explain the meaning of these statements without giving up his right not to testify. The potential for unfair prejudice substantially outweighs any probative value of statements might have.

(3) Testimony that cooperating witnesses feel that they are being followed should likewise be precluded. A witness's feeling that he is being followed is not probative of any of the elements

4

of the offenses charged. The government has no evidence that the accused has instructed or asked anyone to follow the complaining witnesses. Thus, such testimony should be excluded as irrelevant.

6. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, for the reasons stated above, the defendant moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to evidence of the above-discussed allegations and events, as well as any and all unsubstantiated allegations and rumors of witness intimidation or harassment by the accused.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

> s/Marion Chartoff
> STEPHEN R. GLASSROTH (GLA005)
> LISA MONET WAYNE
> MARION CHARTOFF (CHA074)
> Attorneys for the defendant
> Ms. Marion Chartoff
> Law Office of Marion Chartoff
> 505 S. Perry Street
> Montgomery, Alabama 36104
> 334-264-0609
> 334-263-4766 - fax
> mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609

334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

    Respectfully submitted,

    s/Marion Chartoff
    Ms. Marion Chartoff
    Law Office of Marion Chartoff
    505 S. Perry Street
    Montgomery, Alabama 36104
    334-264-0609
    334-263-4766 - fax
    mchartoff@bellsouth.net