IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CR. NO. 2:03-cr-259-001-T |
| | ) |
| LEON CARMICHAEL, SR., | ) |
| et al. | ) |

### DEFENDANT LEON CARMICHAEL'S MOTION IN LIMINE REGARDING REFERENCES TO ALLEGED DRUG-TRAFFICKING ORGANIZATION

The defense moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to a so-called "Carmichael drug-trafficking organization" or any other names that suggest the existence of an illicit organization. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. In the discovery provided by the government, various witnesses make references to an alleged "Carmichael drug-trafficking organization." Witnesses should not be allowed to use this or any similar name while testifying in this case. Such references would be improper and highly prejudicial.

GOVERNMENT EXHIBIT 30

3.   By referring to an alleged "Carmichael drug-trafficking organization," the witness would state a conclusion about the main issue in the trial: whether the accused actually operates a drug-trafficking organization. The underlying facts that might lead one to conclude that such an organization exists might be relevant. However, the conclusion itself is not probative of the elements of the offense, and accordingly is not relevant or admissible. The government's witnesses should be required to explain the facts as are known to them and not simply state their conclusions that the accused's relationships with various people form a drug trafficking organization.

4.   Such conclusory testimony would constitute improper expert testimony. An expert in drug trafficking organizations might be able to conclude based on his training, experience, and expertise that a certain group of relationships and actions constitute a drug trafficking organization. However, the government has not provided notice of its intent to introduce such expert testimony here or complied with the other procedural requirements set forth in the Standing Order on Criminal Discovery and Federal Rule of Criminal Procedure 16. Therefore, the government is precluded from attempting to introduce this form of expert testimony through the "back door."

5.   References to the alleged "Carmichael drug trafficking organization" would cause serious and unfair prejudice to the accused. Upon hearing that (or a similar) name used in the trial, the finder of fact might be inclined to assume Mr. Carmichael's guilt not based upon the evidence and testimony presented, but instead based on the conclusory statements of witnesses referring to the supposed organization by name and thereby implying – simply by use of the name -- that such an organization exists. This unfair prejudice would increase as the references to the name of this supposed organization were repeated throughout the trial. The use of this term by witnesses at trial would be substantially more prejudicial than probative and accordingly should be prohibited under Rule 403. See Fed. R. Evid. 403.

6.   An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

    Respectfully submitted,

    s/Marion Chartoff
    Ms. Marion Chartoff
    Law Office of Marion Chartoff
    505 S. Perry Street
    Montgomery, Alabama 36104
    334-264-0609
    334-263-4766 - fax
    mchartoff@bellsouth.net