# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## LEON CARMICHAEL'S MOTION IN LIMINE REGARDING REMOTE ACTS

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference or use whatsoever of claims that the accused engaged in a drug distribution or money laundering before or after the time period covered by the indictment. In support of his motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant to an issue other than the accused's character; (2) that there is sufficient evidence for the



GOVERNMENT
EXHIBIT
3 P

jury to find that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998). Other crimes evidence is only admissible for a proper purpose, such as, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b).

3. Count 1 of the indictment charges the accused with conspiring to distribute marijuana from in or about 1993 through November 2003. Count 2, the money laundering account of the indictment charges the accused with criminal activity during the period of May 28, 2002, through February 24, 2003.

4. The materials provided by the government contain claims that the accused was involved in drug-related and other criminal activities outside the period of time charged in the indictment. Any evidence of alleged criminal activity outside of the time periods covered by the indictment lacks probative value and is inadmissible under Rule 402. Furthermore, evidence of such alleged criminal activity would constitute character evidence inadmissible for any proper purpose. Its presentation to the jury would create serious risk of substantial and unfair prejudice which would substantially outweigh any probative value. Accordingly, such evidence should be excluded under Rule 404(b) and Rule 403.

5. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

        s/Marion Chartoff
        STEPHEN R. GLASSROTH (GLA005)
        LISA MONET WAYNE
        MARION CHARTOFF (CHA074)
        Attorneys for the defendant
        Stephen R. Glassroth
        THE GLASSROTH LAW FIRM, P.C.
        615 S. McDonough Street
        Post Office Box 910
        Montgomery, Alabama 36101-0910
        (334) 263-9900
        (334) 263-9940 - fax
        firm@glassrothlaw.com

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff

505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

        Respectfully submitted,
        s/Marion Chartoff
        Ms. Marion Chartoff
        Law Office of Marion Chartoff
        505 S. Perry Street
        Montgomery, Alabama 36104
        334-264-0609
        334-263-4766 - fax
        mchartoff@bellsouth.net