# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## LEON CARMICHAEL'S MOTION IN LIMINE
## REGARDING PRIOR CONVICTION AND INCARCERATION

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference or use whatsoever of the accused's prior criminal conviction or of his prior incarceration. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant to an issue other than the accused's character; (2) that there is sufficient evidence for the jury to find


GOVERNMENT EXHIBIT 3 Q

that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998). Other crimes evidence is only admissible for a proper purpose, such as, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b).

3. Based upon the actions of the government in this case thus far, and the information provided by the government, the defense believes that the government will attempt to introduce evidence that the accused was previously convicted of murder, a crime for which he was later pardoned. Introduction of the accused's prior conviction for murder would not serve any proper purpose. Instead, it would only serve to create the impression in the minds of the fact finders that the accused is a bad and violent person, who has a propensity to commit criminal acts. The prejudicial effect of introducing this conviction would substantially outweigh its probative value, which is nil. Furthermore, the conviction was entered in 1976, and the accused was released from prison in 1986. The conviction is so old that, even if the accused had not been pardoned, it could not be used as impeachment. See Fed. R. Evid. 609(b). Accordingly, the Court should exclude any references to the prior conviction and prohibit its introduction for any purpose.

4. The Court should further exclude any references to the accused's incarceration for the prior conviction. Based upon the information provided by the government, it appears that the government may attempt to have witnesses testify that Mr. Carmichael had pills smuggled into him in prison, distributed drugs in prison, or smuggled money derived from the sale of drugs out of prison. No references to these allegations should be allowed.

5. The admission of such evidence is prohibited by Rules 402 and 404. Rule 402 prohibits the admission of irrelevant evidence. The accused is currently charged with knowingly and intentionally conspiring, combining, and agreeing to possess with intent to distribute and to distribute marijuana from 1993 through November 2003. The accused was in prison from February of 1976 through July of 1986. Evidence that the accused previously was incarcerated and allegedly

2

smuggled or sold pills or other drugs during that time period does not have a tendency to show that the accused distributed marijuana between 1993 between 2003. Thus it is not relevant and inadmissible. See Fed.R. Evid. 402.

6.   This evidence is also inadmissible under Rule 404(b). As previously discussed, the evidence is not relevant to the elements of the currently charged offense, and there is no valid purpose or need for introducing it. Moreover, the mere mention of incarceration would telegraph to the jury that the defendant is a convicted felon, even though he has been pardoned for the offense. Even if the jury is not told the reason for the incarceration, the effect would still be highly prejudicial. Moreover, the jury might speculate that the accused must have been convicted of a serious offense to have spent time in prison. Finally, the jury could conclude that because the accused was incarcerated and allegedly involved with drug distribution before, that he has a law-breaking character and is more likely to be guilty of the currently charged offense. The substantial and unjustifiable risk posed by the introduction of this evidence would greatly outweigh the probative value of the accused's prior incarceration and his alleged activities during that incarceration. In reality, the probative value of such testimony is nil. Accordingly it should be excluded as inadmissible under Rule 404(b).

7.   An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

                                                 s/Marion Chartoff
                                                 STEPHEN R. GLASSROTH (GLA005)

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

                                              Respectfully submitted,
                                              <u>s/Marion Chartoff</u>
                                              Ms. Marion Chartoff
                                              Law Office of Marion Chartoff
                                              505 S. Perry Street
                                              Montgomery, Alabama 36104
                                              334-264-0609
                                              334-263-4766 - fax
                                              mchartoff@bellsouth.net