IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## DEFENDANT LEON CARMICHAEL'S
## MOTION IN LIMINE REGARDING TAX RETURNS

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to evidence that the accused did not file tax returns. In support of the motion, the following is shown to the Court:

1.  Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

2.  Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3.  Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant to an issue other than the accused's character; (2) sufficient evidence for the jury to find that the prior act occurred and that the defendant was the actor; and (3) that the probative value of



GOVERNMENT
EXHIBIT
3 A

introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998).

4. The government may attempt to introduce evidence that the accused failed to file tax returns for two years. The accused is charged with conspiring to distribute marijuana and with money laundering. The accused is not charged with failing to file a tax return. The accused's failure to file tax returns on two years is not probative of the elements of either of these offenses. Accordingly such evidence is inadmissible under Rule 402.

5. Such evidence is inadmissible under Rule 404(b). The only purpose of the introduction of such evidence would be to create an impression that the accused is of poor character and does not comply with the law. The prejudice stemming from its admission would outweigh its probative value.

6. Such evidence would substantially more prejudicial than probative and accordingly should be excluded under Rule 403.

7. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

s/Marion Chartoff
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
MARION CHARTOFF (CHA074)
Attorneys for the defendant
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street

Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

Respectfully submitted,

s/Marion Chartoff
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

3