IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 2:03-cr-259-001-T |
| | ) |
| LEON CARMICHAEL, SR., et al. | ) |
| | ) |

### DEFENDANT LEON CARMICHAEL'S MOTION IN LIMINE REGARDING STATEMENTS OF CO-DEFENDANT

The defense moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to the alleged statements of co-defendant Freddie Williams upon his arrest regarding his refusal to cooperate with the government. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. Such evidence is only admissible when the government can demonstrate: (1) that the evidence is relevant to an issue other than the accused's character; (2) sufficient evidence for the jury to find that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might

GOVERNMENT EXHIBIT 3 S

have. United States v. Mills, 138 F.3d 928 (11th Cir. 1998).

3. Based on the information provided by the government, the defense expects that the government will attempt to introduce evidence of statements Freddie Williams allegedly made while in custody regarding his unwillingness to cooperate with the government. Specifically, the discovery provided by the government alleges that Mr. Williams told a law enforcement agent that he feared for his family's safety should he cooperate.

4. The Court should prohibit the government from introducing or referring to Freddie Williams' alleged statement at trial. As an initial matter, evidence of the Mr. Williams' motivation for not cooperating with the government is not relevant to whether Mr. Williams committed the charged offense, and his failure to cooperate certainly cannot be used against him by the government, as an accused has no obligation to assist the government in its prosecution. Accordingly, the statement is not relevant in the case against Mr. Williams. Nor is Mr. Williams decision not to cooperate or alleged reason for not doing so probative of the elements of the offenses charged against Mr. Carmichael. Mr. Carmichael has not been indicted for witness tampering or intimidation. Accordingly, the evidence is irrelevant and inadmissible under Rule 402.

5. Such evidence would also be inadmissible against Mr. Carmichael under Rule 404. The government has no proper purpose for introducing such evidence. Instead, the only purpose of introducing such evidence would be to paint Mr. Carmichael as a dangerous, law-breaking person who has engaged in witness intimidation. Rule 404 does not allow the admission of such character evidence against the accused.

6. The government cannot demonstrate the factors necessary for admission of this evidence under 404(b). This evidence is not probative of the elements of the offenses charged. Furthermore, to be admissible as 404(b) evidence, the government must have evidence sufficient to show the jury that the accused actually committed a prior bad act. The government cannot show that Mr. Carmichael is in any way responsible for or referred to in the alleged statement. The statement does not make clear why Mr. Williams said what he allegedly said. There are many possible

explanations: perhaps he said it because he wanted to be left alone; perhaps he said it because of a baseless fear; perhaps he said it because someone other than Mr. Carmichael had threatened him, or because of generalized fears regarding dangers to cooperating witnesses. In sum, the government cannot produce sufficient evidence for the jury to find that Mr. Carmichael engaged in witness intimidation. Moreover, introduction of this statement could severely prejudice Mr. Carmichael because the jury might improperly speculate or assume that he is the reason for Mr. Williams' alleged fear. This unfair prejudice would substantially outweigh the probative value of the statement, which is nil.

6. This alleged statement also should be excluded under Rule 403. Any probative value the statement might have with regards to Mr. Williams or Mr. Carmichael would be substantially outweighed by the risk of unfair prejudice to Mr. Carmichael that would attend the presentation of such evidence. The introduction of this statement would severely harm Mr. Carmichael's right to a fair trial, and would substantially increase the risk of a verdict based on an improper basis, such as emotion.

7. Even if these statements were admissible under the Rules of Evidence, their admission would violate Mr. Carmichael's Sixth Amendment right of confrontation. In Crawford v. Washington, 124 S. Ct. 1354 (2004), the United States Supreme Court held that the admission in a criminal trial of testimonial statements of an unavailable witness without a prior opportunity for cross-examination violates the right to confront witnesses. Although the Court did not specifically define the term "testimonial," it made clear that statements obtained from the subject of an investigation through police questioning fit squarely within that category. Id. at 1365.

8. The statements at issue here were made by Freddie Williams after he had been arrested, processed into jail, and read his Miranda rights. The police were attempting to obtain a statement against Mr. Carmichael. Mr. Williams knew his statements were likely to be used by the police in their prosecution. Thus, Mr. Williams alleged statement that his family would be killed if he were to cooperate fits well within the parameters for testimonial statements which cannot be

admitted against a defendant without an opportunity for cross-examination. The Sixth Amendment guarantees the accused an absolute right to cross-examine the witnesses against him. Assuming Mr. Williams chooses not to testify at trial, Mr. Carmichael's confrontation rights would be violated by the introduction of these statements.

9. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

s/Marion Chartoff
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
MARION CHARTOFF (CHA074)
Attorneys for the defendant
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

Respectfully submitted,

s/Marion Chartoff
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net