IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:03-cr-259-001-T |
| | ) |
| LEON CARMICHAEL, SR., et al. | ) |

### DEFENDANT LEON CARMICHAEL'S MOTION IN LIMINE REGARDING COURSE OF INVESTIGATION TESTIMONY

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to hearsay statements by confidential informants and other out-of-court declarants in the form of background or "course of investigation" evidence or in any other form. In support of the motion, the following is shown to the Court:

1. Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Prosecutors in this case may attempt to introduce testimony that narrates the course of the investigation of the accused. Such testimony presents a great risk for introduction of inadmissible hearsay obtained from non-testifying confidential informants and others. For instance, the officer might testify that he decided to investigate the accused because of a conversation he had with a confidential informant or other non-testifying declarant. Although the officer does not testify to the exact words of that were said, he communicates the content of the out-of-court statement to



GOVERNMENT EXHIBIT 3 T

the fact finder. Such testimony is often used as a backdoor through which to bring to the jury's attention hearsay statements that could not be directly introduced.

4. The course of the investigation and the reasons why the agents investigated the accused are not relevant to guilt or innocence. See, e.g., United States v. Lamberty, 778 F.2d 59 (1st Cir. 1985) (holding that testimony regarding why inspectors began investigation was irrelevant); United States v. Hardy, 228 F.3d 745 (6th Cir. 2000) (evidence of drug transactions that occurred outside the period of the conspiracy with which the defendant was charged was not admissible as "background" evidence and the evidence was not necessary to explain the charged offense or complete the story). See also Zemo v. State, 101 Md. App. 303, 646 A.2d 1050 (1994) ("At this point, it behooves us to point out that the State is retelling the 'Old Wives's Tale' that it is somehow necessary to always lay out for the jury the detailed course of a criminal investigation.... It is an apocryphal tale, however, and one that urgently needs demythologizing.") As McCormick explains:

> Officers should not ... be allowed to relate historical aspects of the case, such as complaints and reports of others containing inadmissible hearsay. Such statements are sometimes erroneously admitted under the argument that the officers are entitled to give the information upon which they acted. The need for this evidence is slight, and the likelihood of misuse great.

2 McCormick on Evidence (5th ed.) § 249 (footnotes admitted). Numerous courts have recognized the potential for danger and improper introduction of highly prejudicial hearsay testimony through this method. See, e.g., United States v. Reyes, 18 F.3d 65 (2d Cir. 1994);

5. Based upon the information provided by the government, the defense believes that the government may attempt to introduce hearsay statements from confidential informants and others who will not be testifying through the guise of "course of investigation" or "background of the investigation" testimony. The course of the investigation in this case is not probative of whether the accused is guilty of the charged offenses. Accordingly, such evidence is irrelevant and inadmissible under Rule 402. Because it likely would contain inadmissible hearsay implicating the accused, such course of investigation evidence is substantially and unfairly more prejudicial than probative and therefore should be excluded under Federal Rule of Evidence 403.

4. Furthermore, the admission of such evidence may violate the defendant's sixth amendment right to confront the witnesses against him. In Crawford v. Washington, 124 S. Ct.

1354 (2004), the United States Supreme Court held that the admission in a criminal trial of testimonial statements of an unavailable witness without a prior opportunity for cross-examination violates the right to confront witnesses. Although the Court did not explicitly define the term "testimonial," it made clear that statements which are made to the police for use in prosecutions fall squarely within the category of testimonial statements. Id. The statements by confidential informants and others made to police officers for the purposes of aiding a prosecution fit within this category. The Court should prohibit their admission under Crawford.

9. An order entered in limine is the most effective means in terms of judicial economy, to deal with this matter and to ensure that repeated delays in the course of the trial will not occur, as each matter may be broached by the prosecution.

WHEREFORE, Mr. Carmichael prays the Court will consider the matters set forth herein and, after due consideration and a hearing on the matter, enter an order, in limine, prohibiting the government from commenting upon, mentioning, eliciting testimony from witnesses, or permitting its witnesses to make any mention of the matters set forth herein.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

s/Marion Chartoff
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
MARION CHARTOFF (CHA074)
Attorneys for the defendant
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

    Respectfully submitted,
    s/Marion Chartoff
    Ms. Marion Chartoff
    Law Office of Marion Chartoff
    505 S. Perry Street
    Montgomery, Alabama 36104
    334-264-0609
    334-263-4766 - fax
    mchartoff@bellsouth.net