IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-001-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| et al. ) | |

## LEON CARMICHAELS' MOTION IN LIMINE REGARDING ALLEGED CO-CONSPIRATOR/PARTICIPANT STATEMENTS

Leon Carmichael, by undersigned counsel, moves the Court for the entry of an order directing the prosecution to refrain from introducing into evidence, eliciting any testimony relating to, in any way mentioning, or having any of its witnesses mention, or making any reference whatsoever to hearsay statements by alleged co-conspirators that do not meet the standards for admissibility set forth in Federal Rule of Evidence 801(d)(2)(E) and Crawford v. Washington, 124 S. Ct. 1354 (2004), and moves for a pretrial hearing to determine the admissibility of any alleged co-conspirator, co-participant statements which the Government intends to introduce at trial. In support of the motion, the following is shown to the Court:

1. The accused is charged in Count 1 with unlawfully conspiring to distribute and distributing marijuana and, in Count 2, with money laundering. He is scheduled to be tried a co-defendant, Freddie Williams.

2. The government, upon best belief and knowledge, will assert that the co-defendant, as well as many other unindicted and cooperating individuals were co-participants with the accused in the alleged illegal activity which is the subject of this indictment. The materials produced by the government reflect the existence of approximately 10-15 unindicted alleged co-participants.

3. "A statement by a coconspirator or a party during the course and in furtherance of the conspiracy" is not considered hearsay and is admissible as substantive evidence against a defendant. Fed. R. Evid. 801(d)(2)(E).

4. In *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*en banc*), cert. denied, 442 U.S.



917 (1979), the former Fifth Circuit held that the trial court has a duty to make findings on these factors, upon appropriate motion. 590 F.2d at 582. Pursuant to *James*, the accused moves the Court to conduct a pretrial evidentiary hearing to determine the admissibility of any statements alleged by co-participants made in the course of and in furtherance of the alleged illegal activity.

5. The Defendant submits that a pretrial hearing at which the government must adduce evidence, either through hearsay statements or otherwise, that a joint scheme existed and that Defendant was a part of the same would enhance the orderly progression of this case and avoid unlimited potential confusion during trial.

6. In the alternative, should the Court elect to proceed with the case in the presence of the jury, the Defendant requests that the Court order the government to refrain from making any statements in its opening remarks to the jury, by question and answer with any witness, or from eliciting in the jury's presence alleged hearsay statements made in the course and in furtherance of the illegal activity until such time as the government has met its burden under *James, supra*.

7. Defendant further moves the Court to order the government to refrain from mentioning or announcing in the presence of the jury that they have met their burden under *James*, and from asking for a ruling from the Court in the presence of the jury. In this connection, Defendant moves the Court to order the prosecutor to approach the bench when the prosecution feels as though they have submitted sufficient evidence to satisfy the requirements of co-participant statements under *United States v. James, supra*, and that the Court make a ruling thereon outside the presence of the jury.

**WHEREFORE,** defendant prays that this Court grant the within motion and either conduct a pre-trial *James*-type hearing, or in the alternative, order the prosecution to proceed in accordance with the procedure outlined in this motion, and for such other and further relief as to the Court seems

just and proper in the premises.

RESPECTFULLY SUBMITTED this the 3rd day of November, 2004.

                                                    s/Marion Chartoff
STEPHEN R. GLASSROTH (GLA005)
LISA MONET WAYNE
MARION CHARTOFF (CHA074)
Attorneys for the defendant
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

Ms. Lisa Monet Wayne
950 17 Street, Suite 1700
Denver, Colorado 80202

Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, A. Wesley Pitters, Barry Elvin Teague, Stephen R. Glassroth and Lisa Monet Wayne.

Respectfully submitted,
s/Marion Chartoff
Ms. Marion Chartoff
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
334-264-0609
334-263-4766 - fax
mchartoff@bellsouth.net