IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>NORTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> LEON CARMICHAEL, SR. a/k/a ) <br> BEAVER LEON CARMICHAEL, and ) <br> FREDDIE WILLIAMS ) | CR NO <u>2:03-cr-259-T</u> |

### <u>RESPONSE TO DEFENDANT'S MOTION IN LIMINE</u><br><u>TO PRECLUDE CO-CONSPIRATOR STATEMENTS</u>

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney and responds to the Defendant's Motion in Limine to Preclude Co-Conspirator Statements, as follows:

1. In the defendant's motion in limine, the defendant seeks to preclude co-conspirator statements based on Federal Rules of Evidence 801(d)(2)(E). The government has no intention of introducing co-conspirator testimony that would violate Rule 801(d)(2)(E).

2. Defendant further seeks to preclude co-conspirator statements based on <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). In <u>Crawford</u>, the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause, unless witnesses are unavailable and defendant had prior opportunity to cross-examine the witnesses..." <u>Id</u>. The statements of co-conspirators are not testimonial because the statement were made during the course and in furtherance of the conspiracy. Therefore, these statements should not be excluded under <u>Crawford</u>. <u>Id.</u>



GOVERNMENT
EXHIBIT
4 F

3. Defendant next requests a hearing pursuant to United States v. James, 590 F.2d 575 (5th Cir. 1979), addressing whether these out-of-court statements should be excluded. In James, the Court held that when an out-of-court statement of a co-conspirator is offered in evidence in a conspiracy prosecution, the court should, whenever practicable, require a showing of a conspiracy and of the connection of the defendant to the conspiracy prior to admitting the declaration of the co-conspirator. Id. In the case at bar, it is the government's position that the court's ruling on such matters is best made during the course of the trial when the court has had the opportunity to hear the evidence leading up to the subject out-of-court statement.

Respectfully submitted this the 22nd day of November, 2004.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEON CARMICHAEL, SR. a/k/a )<br>BEAVER LEON CARMICHAEL, and )<br>FREDDIE WILLIAMS ) | CR NO 2:03-cr-259-T |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan James and Barry Teague.

                    LEURA GARRETT CANARY
                    UNITED STATES ATTORNEY

                    s/ A. Clark Morris
                    A. CLARK MORRIS
                    Assistant United States Attorney
                    One Court Square, Suite 201
                    Montgomery, Alabama 36104
                    Telephone: (334) 223-7280
                    Fax: (334) 223-7135
                    E-mail: clark.morris@usdoj.gov