IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEON CARMICHAEL, SR. a/k/a )<br>BEAVER LEON CARMICHAEL, and )<br>FREDDIE WILLIAMS ) | CR NO 2:03-cr-259-T |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
ADMISSION OF EVIDENCE REGARDING ANY COURSE
OF THE INVESTIGATION TESTIMONY**

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney and responds to the Defendant's Motion in Limine to Preclude Admission of Evidence Regarding any Course of the Investigation Testimony, as follows:

1. Federal Rule of Evidence 801 defines hearsay as "A statement...offered in evidence to prove the truth of the matter asserted." All statements offered into evidence are not hearsay. See, Fed. R. Evid. 801. All hearsay is not inadmissible. See, Fed. R. Evid. 803. The government has no intention of introducing statements that constitute inadmissible hearsay as a course of investigation or background testimony.

2. Government does intend to introduce testimony relating to contacts between law enforcement officials and members of the defendant's drug distribution organization as part of its proof that the defendant was engaged in a conspiracy to distribute marijuana and launder money. This will be relevant evidence relating to the course of the investigation and the background of the investigation. A trial court may admit evidence that does not directly establish an element of the offense charged, in



GOVERNMENT
EXHIBIT
4 F

order to provide background for the events alleged in the indictment. United States v. Birbal, 62 F.3d 456, 464 (2nd Cir. 1995); See also, United States v. Towne, 870 F.2d 880, 886 (2nd Cir. 1989) (Evidence of acts that arose out of the same transaction or series of transactions as the charged offense is admissible to complete the story of the crime charged). The government expects to offer evidence that will give background on the case. For example, many of the co-conspirators are expected to testify. Many co-conspirators that testify will identify other co-conspirators, some of whom are and some of whom are not expected to testify. Such testimony will be relevant and material as background evidence as it will establish the existence of a conspiracy.

3. Defendant seeks to utilize Crawford v. Washington, 541 U.S. 36 (2004) to bar the course of investigation or background information evidence. All course of investigation or background information evidence does not violate Crawford. Id. Crawford only bars testimonial statements. Id. The government has no intention of offering testimonial statements that violate Crawford. Id.

4. It is the government position that the Court should reserve ruling on this issue until trial when the court has heard the evidence leading up to the objection and is in a more informed position to rule on the issue.

Respectfully submitted this the 22nd day of November, 2004.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR NO 2:03-cr-259-T |
| LEON CARMICHAEL, SR. a/k/a | ) | |
| BEAVER LEON CARMICHAEL, and | ) | |
| FREDDIE WILLIAMS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan James and Barry Teague.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov