## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:03-cr-259-T |
| | ) | |
| LEON CARMICHAEL, SR., | ) | |
| also known as, BEAVER LEON | ) | |
| CARMICHAEL, et al. | ) | |

### UNITED STATES' RESPONSE
### IN OPPOSITION TO DEFENDANT CARMICHAEL'S
### MOTION *IN LIMINE* REGARDING STATEMENTS OF CO-DEFENDANT

COMES NOW the United States of America, by and through Leura Garrett Canary,

United States Attorney for the Middle District of Alabama, and hereby responds in opposition to

Defendant Carmichael's Motion *in Limine* Regarding Statements of Co-Defendant. Specifically,

Defendant Carmichael objects to statements made by his co-defendant, Freddie Williams, on the

grounds that such statements are purportedly irrelevant, prejudicial, violate Federal Rule of

Evidence 404(b), and impinge on Defendant Carmichael's Sixth Amendment right to confront

witnesses against him. The United States strongly disagrees with Defendant Carmichael's

arguments and questions why Defendant Carmichael is objecting at all to statements the United

States intends to introduce against another defendant. At trial, the United States intends to

introduce the challenged statements against Defendant Williams – and only Defendant Williams

– to show that Defendant Williams knowingly participated in a conspiracy. The United States

will not seek to introduce those statements against Defendant Carmichael. Moreover, the

statements do not facially implicate Defendant Carmichael. If Defendant Carmichael continues

to have concerns in light of the foregoing, the United States will agree to an appropriate limiting

instruction. Accordingly, Defendant Carmichael's Motion *in Limine* is due to be denied.



GOVERNMENT
EXHIBIT
4 I

## I.    The Challenged Statements

Defendant Carmichael challenges the United States' intention to introduce Defendant Williams's post-arrest statements which appear to inculpate Defendant Williams. These statements do not facially or directly implicate Defendant Carmichael. Rather, these admissions by Defendant Williams tend to show that he was knowingly involved in illegal activity with others prior to his arrest and contemplated further illegal activity if released after his arrest. His statements were summarized, as follows, in a Drug Enforcement Administration Report of Investigation, which is attached hereto as Exhibit 1:

> Upon WILLIAMS'[s] arrival at the Montgomery D.O. he was read his Miranda rights by SA Thomas Halasz in the presence of SA Robert Greenwood. WILLIAMS verbally acknowledged his rights. WILLIAMS stated "If I ever get out you'll have real charges to arrest me for." WILLIAMS was asked what he meant and he replied that was all he was going to say about it. WILLIAMS also said that if he "named names" his children would be killed and therefore [he] could not cooperate in this investigation. During the preparation of a DEA 202 WILLIAMS stated that his residence was 949 Ridgecrest Drive, Montgomery, AL.

(DEA-6 Report, Ex. 1.) The United States intends to introduce all of Defendant Williams's statements to Special Agent Halasz, as summarized above, as part of its evidence of conspiracy against Defendant Williams.

## II.    The Foregoing Statements Are Highly Relevant As To Defendant Williams.

Defendant Carmichael is challenging evidence that is highly relevant as to Defendant Williams's participation in the charged marijuana conspiracy. As shown above, Defendant Williams admitted that he lived at 949 Ridgecrest Drive, a house where a large quantity of marijuana was found. Further, he implicitly admitted that he could name participants in his drug conspiracy through his statement that he was not going to "name names" due to concern for his

-2-

children.  Finally, he suggested that he would likely commit further crimes if released through his comment:  "If I ever get out you'll have real charges to arrest me for."

As mentioned <u>supra</u>, Defendant Williams lived in a house where narcotics agents found a large quantity of marijuana before the arrests in this case.  Accordingly, Defendant Williams's possession of marijuana is not in dispute.  Rather, his *knowing and intentional* possession of that marijuana is in dispute, along with his *knowing* participation in a conspiracy relating to marijuana distribution.  Defendant Williams's statements bear on his knowledge.  If Defendant Williams did not know about the alleged drug conspiracy, he would not be able to "name names." Similarly, his statement that he would commit some additional crime if released suggests that he might take some action against whomever turned him in to law enforcement.  These are not the statements of an innocent man, and they are necessary to the Government's proof against Defendant Williams.

## III.   The Foregoing Statements Will Not Be Offered As To Defendant Carmichael.

The United States has no intention to offer the foregoing statements as to Defendant Carmichael.  Nor does the United States intend to argue a connection at trial between the statements and Defendant Carmichael.   Accordingly, Defendant Carmichael does not appear to have any legitimate concerns under Rules 402, 404(b), or the Confrontation Clause regarding the statements by Defendant Williams.  Although there might be an issue for Defendant Carmichael to raise if the United States had different plans or if the statements facially implicated Defendant Carmichael, that is not the case.

Because the United States does not intend to use Defendant Williams's statements against Defendant Carmichael, Defendant Carmichael's reliance on <u>Crawford v. Washington,</u> 124 S. Ct.

1354 (2004), is misplaced.  The United States asserts that Defendant misreads and incorrectly

relies upon Crawford.  Simply stated, Crawford does not justify the exclusion of a co-defendant's

admission that is introduced at trial against that co-defendant.

     In Crawford, the Supreme Court held that testimonial hearsay of a witness is admissible

against a criminal defendant only if the witness is unavailable at trial and the defendant had a

prior opportunity to cross-examine the witness.  Id. at 1374 ("Where testimonial evidence is at

issue, however, the Sixth Amendment demands what the common law required: unavailability

and a prior opportunity for cross-examination.").  Importantly, Crawford's holding is limited to

*hearsay* evidence of a *witness.*  See id. at 1369 (discussing the requirements for admission of

testimonial statements of witnesses).  Crawford does not apply to out-of-court statements that are

not hearsay.  A party's own statement, in either an individual or a representative capacity, when

offered against that party is, by definition, not hearsay.  Fed. R. Evid. 801(d)(2)(A).

Consequently, any statement of Defendant Williams offered against him by the United States at

the trial in this matter is not hearsay and falls outside of the Supreme Court's holding in

Crawford.  Defendant's reliance on Crawford, therefore, is misplaced.

     Because the challenged statements are being offered against Defendant Williams, the

statements are not hearsay and Crawford does not apply.  Moreover, because the statements are

not offered against, and do not facially implicate, Defendant Carmichael, there do not appear to

be any additional Confrontation Clause issues.[1]  Thus, the statements should be deemed

---

    [1]   Defendant Carmichael does not cite or rely upon Bruton v. United States, 391
U.S. 123 (1968), even though that case appears to be more in accord with Defendant's
Confrontation Clause arguments.  Had Defendant Carmichael cited Bruton, however, his
arguments would have been no better.  Citing Bruton is not a talismanic chant that automatically
triggers exclusion of a co-defendant's statement.  See United States v. Arias, 984 F.2d 1139,

admissible at trial. They are clearly relevant as to Defendant Williams and constitute non-hearsay admissions of a party-opponent when introduced against him at trial. See Fed. R. Evid. 801(d)(2).

## IV.   Conclusion

Defendant Carmichael's Motion *in Limine* should be denied. Defendant Williams has not challenged the admissibility of his own admissions. The admissions are relevant as to Defendant Williams and constitute non-hearsay admissions of a party-opponent. The United States is not seeking to use this evidence against Defendant Carmichael, and the evidence does not facially incriminate Defendant Carmichael. Accordingly, Defendant Carmichael's objections should be rejected. To the extent Defendant Carmichael seeks to maintain an objection, the United States will agree to an appropriate jury instruction at trial that limits the jury's consideration of Defendant Williams's statements.

---

1142 (11th Cir. 1993) ("'The Confrontation Clause has never been held to bar the admission into evidence of every relevant extrajudicial statement made by a nontestifying declarant simply because it in some way incriminates the defendant.'") (quoting Parker v. Randolph, 442 U.S. 62, 73 (1979)). Importantly, the Eleventh Circuit "'has read Bruton to exclude only those statements by a non-testifying defendant which directly inculpate a co-defendant.'" Id. (quoting United States v. Beale, 921 F.2d 1412, 1425 (11th Cir. 1991)). That is, "admission of a codefendant's statement is not error under Bruton where the statement 'was not incriminating on its face, and became so only when linked with evidence introduced later at trial.'" Id. (quoting Richardson v. Marsh, 481 U.S. 200, 208 (1987)). Such a statement is not excluded because "the jury is required to draw inferences to connect the statement to the defendant." United States v. Taylor, 186 F.3d 1332, 1335 (11th Cir. 1999); see also United States v. Williamson, 339 F.3d 1295, 1303 n.16 (11th Cir. 2003) (affirming the decision of this Court under Bruton and noting that the court did not mean to suggest that the co-defendant's "statement did not potentially inculpate" the other co-defendants, but "[r]ather, consistent with the Supreme Court's decision in Richardson, we simply conclude that the jury could follow the court's limiting instructions and limit the use of such statements to the proper defendant." (citing Richardson v. Marsh, 481 U.S. 200 (1987))). Because Defendant Carmichael is not directly inculpated by Defendant Williams's statement, Bruton should not apply. Moreover, the United States will agree to an appropriate limiting instruction, if such an instruction is requested by the defense. See Williamson, 339 F.3d at 1303.

Respectfully submitted this the 22nd day of November, 2004.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

s/Matthew S. Miner
MATTHEW S. MINER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: matthew.miner@usdoj.gov
PA 80737

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Counsel for Defendant Carmichael: Susan G. James, Esq., Lisa Monet Wayne, Esq., Marion Chartoff, Esq., Wesley Pitters, Esq., and Ronald Brunson, Esq.; and counsel for Defendant Williams, Barry E. Teague, Esq.

Respectfully submitted,

s/Matthew S. Miner
MATTHEW S. MINER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: matthew.miner@usdoj.gov
PA 80737

GOVERNMENT
EXHIBIT

1

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | | 2. Cross File | Related Files | 3. File No. | | 4. G-DEP Identifier |
|---|---|---|---|---|---|---|
| 5. By: SA Thomas Halasz<br><br>At: Montgomery D.O. | | ☐<br>☐<br>☐<br>☐<br>☐ | | 6. File Title<br>CARMICHAEL, Leon | | |
| 7. ☐ Closed  ☐ Requested Action Completed<br>☐ Action Requested By: | | | | 8. Date Prepared<br>11/25/03 | | |
| 9. Other Officers: SA Robert Greenwood | | | | | | |

| 10. Report Re: Arrest of Freddie WILLIAMS, Post Arrest Statements |
|---|

### DETAILS

1. On November 17, 2003 Freddie WILLIAMS was arrested by Montgomery PD Officers Brooks and Tatum at Baptist Hospital in Montgomery, AL. WILLIAMS was transported to the Montgomery D.O. for processing.

2. Upon WILLIAMS' arrival at the Montgomery D.O. he was read his Miranda Rights by SA Thomas Halasz in the presence of SA Robert Greenwood. WILLIAMS verbally acknowledged his rights. WILLIAMS was informed of why he had been taken into custody. WILLIAMS stated "If I ever get out you'll have real charges to arrest me for". WILLIAMS was asked what he meant and he replied that was all he was going to say about it. WILLIAMS also said that if he "named names" his children would be killed and therefore could not cooperate in this investigation. During the preparation of a DEA 202 WILLIAMS stated that his residence was 949 Ridgecrest Drive, Montgomery, AL.

3. During processing WILLIAMS overheard Leon CARMICHAEL's voice in the holding area. SA Greenwood asked WILLIAMS if he knew that person. WILLIAMS said that he has known him for many years.

4. After processing WILLIAMS was transported to the Montgomery City Jail by SAs Halasz and Greenwood.

| 11. Distribution:<br>Division  NOFD<br><br>District<br><br>Other  SARI | 12. Signature (Agent)<br><br>Thomas Halasz | 13. Date |
|---|---|---|
| | 14. Approved (Name and Title)<br>Sherri Gonzalez<br>Group Supervisor | 15. Date |

| DEA Form      - 6<br>(Jul. 1996) | **DEA SENSITIVE**<br>Drug Enforcement Administration | |
|---|---|---|

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.