IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:03-CR-00259-MHT |
| | * |
| LEON CARMICHAEL, SR., | * |
| | * |
| DEFENDANT | * |

DEFENDANT LEON CARMICHAEL'S SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION TO STRIKE SURPLUSAGE

Pursuant to the Court's March 29, 2005 Order, defendant Leon Carmichael, Sr., files this brief to address the impact of United States v. Booker, --- U.S. ---, 125 S. Ct. 738 (2005), on Mr. Carmichael's motion to strike surplusage from the indictment. As discussed below, the United States Supreme Court's decision in Booker eliminates the government's justification for adding the "Notice of Additional Sentencing Factors" section and the increased drug quantity to the indictment. Furthermore, as discussed in Mr. Carmichael's memorandum of law in support of the motion to strike, the sentencing-related allegations added to the superseding indictment are prejudicial and irrelevant, are not elements of any offense, and accordingly do not belong in the indictment. Accordingly, the motion to strike surplusage from the indictment should be granted.

In Blakely v. Washington, --- U.S. ---, 124 S. Ct. 2531 (2004), the United States Supreme Court reaffirmed the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, --- U.S. at ---, 124 S.Ct. at 2536 (quoting Apprendi, 530 U.S. at 490). The



Court accordingly held unconstitutional the state of Washington's guidelines sentencing scheme, which mandated increased punishment based upon facts not admitted by the defendant in a plea colloquy or proven to a jury beyond a reasonable doubt.

In response to <u>Blakely</u>, the government sought and obtained a superseding indictment against Mr. Carmichael that included a section entitled "Notice of Additional Sentencing Factors." This section alleged the facts necessary to impose various sentencing guidelines enhancements the government intended to seek. The superseding indictment also increased the quantity allegation in marijuana count from 1000 kilograms to 3000 kilograms, although the United States Code does not define distributing 3000 or more kilograms of marijuana as a distinct offense from trafficking 1000 or more kilograms. The purpose of this superseding indictment was to obtain a jury verdict with respect to the sought-after sentencing enhancements in case the Supreme Court were to hold that guidelines enhancements could not be imposed without a jury finding of the requisite facts beyond a reasonable doubt. <u>See</u> Government's Response to Defendant's Motion to Strike Notice of Additional Factors as Surplusage, at 3.

The United States' Supreme Court's decision in <u>Booker</u> undermines any justification for keeping the sentencing allegations in the indictment. In <u>Booker</u>, the Court held that "those portions of the Sentencing Reform Act of 1984 that make the United States Sentencing Guidelines mandatory, or that depend upon the Guidelines' mandatory nature, are constitutionally infirm and must be severed and excised from Act." <u>United States v. Dose</u>, No. CR04-4082-MWB, 2005 WL 106493, at *3 (N.D. Iowa Jan. 12, 2005). The Court thus rendered the Sentencing Guidelines advisory, not mandatory. Because the Guidelines are now considered merely advisory, allegations relevant only to sentencing guidelines issues need not be proven to a jury in order for the court to consider those factors at the time of sentencing. Therefore, the

"Notice of Additional Factors" section and the drug quantity allegation above the statutory ceiling are surplusage and should be stricken from the indictment.

In the months since Booker, several United States District Courts have granted motions to strike sentencing allegations as surplusage based upon this reasoning. See Dose, at *3 (granting motion to strike); United States v. Cormier, 226 F.R.D. 23, 25 (D. Me. Jan. 28, 2005) (same); United States v. Dottery, 353 F. Supp. 2d 894, 899 (E.D. Mich. Jan. 24, 2005) (same). Indeed, in other cases after Booker, the government--apparently recognizing that Booker has rendered the sentencing allegations surplusage--has acceded to motions to strike sentencing allegations. See, e.g., United States v. Megale, --- F.Supp.2d ---, 2005 WL 764802 (D. Conn. Apr. 4, 2005) ("The Government does not object to striking the sentencing allegations after the Supreme Court's decision in" Booker); United States v. Saelee, 2005 WL 283420 (slip copy) (D. Alaska Jan. 25, 2005) (after Booker, government did not oppose motion to strike sentencing allegations).

The decision in Booker has eliminated the government's initial justification for placing sentencing allegations in the superseding indictment. As explained in Mr. Carmichael's prior previously submitted memorandum of law, those sentencing allegations, as they do not state elements of the offense, do not belong in the indictment. Furthermore, they are irrelevant and highly prejudicial. Given the serious risk of unnecessary prejudice to the defendant due to the sentencing allegations in the indictment, the motion to strike should be granted.

Respectfully submitted, this the 8th day of April, 2005.

<u>s/Marion Chartoff</u>
MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
(334) 264-0609
(334) 263-4766 - fax
mchartoff@bellsouth.net
*Attorney for Leon Carmichael, Sr.*

OF COUNSEL:

LISA MONET WAYNE, ESQ.
950 17 Street, Suite 1700
Denver, Colorado 80202
(303) 837-1837
Fax: (303) 860-1665

SUSAN G. JAMES (JAM012)
Susan G. James & Associates
600 South McDonough Street
Montgomery, Alabama 36104
(334) 269-3330
Fax: (334) 263-4888

RONALD BRUNSON, ESQ.
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100
Fax: (205) 252-2187

MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
(334) 264-0609
Fax: (334) 263-4766

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, A. Clark Morris, Stephen Feaga, A. Wesley Pitters, Barry Elvin Teague, Ronald Brunson, Susan G. James, and Lisa Monet Wayne.

s/Marion Chartoff
MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, Alabama 36104
(334) 264-0609
(334) 263-4766 - fax
mchartoff@bellsouth.net
