IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:03-cr-0259-T |
| | ) | |
| LEON CARMICHAEL, SR. | ) | |

# ORDER

After due consideration of supporting and opposing submissions[1] as well as the applicable law, the court concludes that Defendant Carmichael's *Request for Disclosure of Identity of Alleged Co-Conspirators,* construed as a *Motion* (Doc.363, May 2, 2005), is due to be DENIED.

## I.

In this criminal prosecution initiated with an indictment on November 19, 2003 and now scheduled for trial on June 6, 2005, the Defendant ("Carmichael") seeks to compel disclosure by the United States of "the alleged conspirators for each count of the indictment and all alleged statements made in furtherance of the alleged conspiracy." (*Mot.* at 1). The United States objects that the request is untimely, that it should have been presented as a pre-trial motion for a *Bill of Particulars,* and that Federal Rule of Criminal Procedure 16 is inapplicable to statements of co-conspirators.

Agreeing that the motion is filed well past the deadline for pre-trial discovery motions, movant defense counsel – Lisa Wayne and Ronald Brunson – urge the court's consideration of their appearance only after the withdrawal of Carmichael's original attorney[2] coupled with their

---

[1] In lieu of a show-cause order for a written response by the United States, the court scheduled promptly an on-the-record telephone conference with counsel on May 4, 2005, in consideration of Defendant's request for disclosures by May 9, 2005, and the scheduled trial date of June 6, 2005.

[2] The record reflects the addition of Lisa M. Wayne to the Carmichael defense team, as a lead
(continued...)



preoccupation with a substantive motion for dismissal of the indictment. Not expecting opposition from the United States, defense counsel styled the motion as a *"Request"* but voiced a willingness to re-style it as a *Bill of Particulars*. Ascertaining the identity of unindicted co-conspirators is critical, defense counsel argue, to ensure basic fairness and due process for Carmichael in that effective preparation for cross-examination of witnesses is contingent on the character of the witness. Defense counsel note that disclosures now will also assist the court in its evidentiary rulings on, *inter alia,* hearsay objections. Finally, defense counsel emphasize that the United States cannot be prejudiced by making the disclosures as they have delivered voluminous pages of non-attributed statements, presumably of some unindicted co-conspirators.

The United States responds that granting the Defendant's motion would prejudice its own trial preparation by diverting scheduled priorities for a time-consuming examination of countless records. Moreover, the United States has not yet finalized its witness list and is yet considering which witnesses in the "very, very, long-running conspiracy alleged" may qualify as unindicted co-conspirators. In the United States' view, Carmichael is "basically asking for a witness list" that is not required to be disclosed.

---

[2](...continued)
attorney, on July 6, 2004 (Doc. 213). On September 30, 2004, the court permitted Ronald Wise, previously a lead attorney, to withdraw (Docs. 253, 254). On November 8, 2004, the court granted the withdrawal motion (Doc. 289) of Stephen Glassroth, Carmichael's primary lead counsel (Doc. 293). Susan G. James appeared for Carmichael on November 9, 2004 (Doc. 296), and Ronald P. Brunson appeared on November 12, 2004 (Doc. 299), each as lead attorneys.

2

## II.

The superseding indictment filed on August 17, 2004 (Doc. 227)[3] charges *(a)* Carmichael and co-defendant Freddie Williams with conspiring with each other "and with other persons both known and unknown to the Grand Jury" to possess with intent to distribute more than 3,000 kilograms of marijuana, during a period between 1993 and 2003 (Count 1); and *(b)* Carmichael and "other persons both known and unknown to the Grand Jury" with conspiring to conduct unlawful financial transactions in the nature of money-laundering, between May 28, 2002 and February 24, 2003 (Count 2). For good cause, the commencement of jury trial has been continued from November 10, 2004 (Doc.241, August 30, 2004, and Doc. 244, September 2, 2004) to January 24, 2005 (Doc. 294, November 8, 2004), and to the current special setting on June 6, 2005 (Doc. 335, January 11, 2005).

The last arraignment order entered on August 30, 2004 (Doc. 241) – includes the following provision – also included in previous arraignment orders – regarding the filing of discovery and other pre-trial motions:

> **PRETRIAL MOTIONS.** Any supplemental pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to this court's standing order on discovery must be filed no later than**September 24, 2004.** No motion filed after this date will be considered unless filed with leave of court.
>
> **DISCOVERY.** All discovery in this action shall be conducted according to the requirements of this court's Standing Order on Criminal Discovery. A copy of the standing order is attached and also may be found at http://www.almd.uscourts.gov/. *At arraignment, the government represented that no supplemental discovery is due to be disclosed as a result of the superseding indictment on August 17, 2004.*

---

[3]The original indictment was superseded initially on December 17, 2003 (Doc. 48), and again on January 21, 2004 (Doc.86). Each indictment has designated only one co-defendant, Freddie Williams.

3

The *Standing Order on Criminal Discovery* provides, in pertinent part:

INITIAL DISCLOSURES:

(1) Disclosure by the Government. At arraignment, or on a date otherwise set by the court for good cause shown, the government shall tender to defendant the following:

(A) Fed. R. Crim. P. 16(a) Information. All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure.

(B) *Brady* Material. All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

(C) *Giglio* Material. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972).

Rule 7(f), Fed. R.Crim.P., authorizes the defendant to move for a *bill of particulars* "before or within 10 days after arraignment or at a later time if the court permits." The United States correctly notes the propriety of this rule for securing the disclosures now requested. *See United States v. Barrentine*, 591 F. 2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses.")[4]; *United States v. Mackey*, 551 F. 2d 967, 970 (5th Cir. 1977) ("Informing the defendant of the names of alleged unindicted coconspirators has been held a proper use of a bill of particulars."); *United States v. Colson*, 662 F. 2d 1389, 1391-1392 (11th Cir. 1981) (upholding trial court's denial of defendant's motion for a bill of particulars to obtain the identities and addresses of

---

[4]The granting of a bill of particulars is another of the rulings that is within the discretion of the trial judge. *Barrentine*, 591 F. 2d at 1077, *citing Wong Tai v. United States*, 273 U.S. 77 (1927).

4

unindicted co-conspirators, finding no abuse of discretion and no showing by defendant of surprise or prejudice of any kind.).

Indisputably, this discovery motion filed barely a month before trial is untimely generally under the court's Standing Rules on Criminal Discovery and specifically under Rule 7. It is difficult for this court to attribute the untimeliness to "excusable neglect" given the multiple attorneys of record on the defense team continuously since at least November 2004. Fed.R.Crim.P.16(a)(2) does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C.§ 3500", which provides, in pertinent part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prosecution Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. §3500(a).

Federal courts have declined to treat a co-conspirator's statement as another form of statement of the defendant himself rather than as a statement of a prosecution witness. *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (en banc) ("plain language" of Rule 16(a)(1)(A) indicates it was not "intended to apply to the discovery of statements made by co-conspirators" even where those statements would be imputed to defendant under Fed.R.Evid.801(d)(2)(E) and co-conspirator was not a prospective government witness; although the co-conspirator is a declarant, rather than a prospective witness, disclosure of his statement still exposes him to threats and intimidation and does the same to those persons expected to testify concerning his statements); *United States v. Orr*, 825 F. 2d 1537, 1541 (11th Cir. 1987)("We agree with the Fourth Circuit that Rule 16(a)(1)(A) does not apply to coconspirator's statements."); *United States v. Tarantino*, 846

5

F.2d 1384 (D.C.Cir. 1988); *United States v. Mayberry*, 896 F.2d 1117 (8th Cir. 1990).

### III.

Defendant Carmichael presents no *compelling* reason – independent of facilitating his preparation for cross-examination as well as the court's readiness to rule on evidentiary objections – for this court to allow the filing of a bill of particulars designed to compel the United States to identify *now*, and provide statements *now* for, any unindicted co-conspirators who may be summoned as prosecution witnesses. *See United States. v. Colson*, 662 F. 2d 1389, 1391-1392 (11th Cir. 1981) ( upholding the trial court's decision to deny the defendant's motion for a bill of particulars to obtain the identities and addresses of unindicted co-conspirators, finding trial court did not abuse its discretion and defendant did not demonstrate surprise or prejudice of any kind.).

Accordingly, Defendant's *Motion for Disclosure of Identity of Alleged Co-Conspirators* (Doc.363, May 2, 2005) is hereby **DENIED**.

DONE this 11th day of May, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE