IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | CRIM. ACTION NO. |
| ) | 2:03cr259-T |
| LEON CARMICHAEL, SR. and ) | (WO) |
| FREDDIE WILLIAMS        ) | |
| ) | |

ORDER

As stated in open court, it is ORDERED that the defendants' joint motion for continuance, change of venue, or gag order (Doc. No. 380) is denied.

To prevail on a motion to continue trial or change venue due to negative pretrial publicity, the defense must demonstrate either presumed or actual prejudice. Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000). The standard for establishing presumed prejudice is a demanding one, and is only warranted if "inflammatory publicity about a case has so saturated a community that it is almost impossible to draw an impartial jury from that community." United States v. Dubon-Otero, 76 F.Supp. 2d 161, 165 (D.P.R. 1999) (citing



United States v. Rodriguez-Cardona, 924 F.2d 1148 (1st Cir. 1991). See also United States v. Jones, 542 F.2d 186, 193 (4th Cir. 1976). The defendants' case has received some attention in the press in the past and in recent weeks; however, this publicity is nowhere near the magnitude necessary to require the court to presume prejudice. See, e.g., United States v. Lehder-Rivas, 955 F.2d 1510, 1524 (11th Cir. 1992) (finding no presumptive prejudice where pre-trial publicity included characterizations of the defendant as a "drug kingpin" and a "narco-terrorist"). C.f. Rideau v. Louisiana, 373 U.S. 723 (1963) (defendant's due process rights violated where trial court refused to grant change of venue after defendant's videotaped admission to bank robbery, kidnaping, and murder was thrice telecast to tens of thousands of people in the community).

Because this case is still in the pretrial stage and the court has not even begun the process of impaneling a jury, it is impossible for the defendant to demonstrate actual prejudice until voir dire examination occurs. See, e.g.,

2

United States v. Rodriguez-Cardona, 705 F.Supp. 70, 72 (D.P.R. 1989) ("It is axiomatic that the existence of prejudice can better be determined by careful voir dire examination of potential jurors than by speculation about the effect of publicity"). Accordingly, the proper course of action in this case is to proceed with voir dire examination to ascertain what effect, if any, the pretrial publicity has had on the jury venire.

The motion to continue or change venue is therefore denied, subject to reconsideration after the voir dire examination of the venire.

Finally, based on the representations made in open court and the agreement of the parties, the motion for a gag order is denied as moot.

DONE, this the 3rd day of June, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE