IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:03-CR-259-T |
| | ) | |
| LEON CARMICHAEL, SR., and | ) | |
| FREDDIE WILLIAMS | ) | |

### DEFENDANT LEON CARMICHAEL'S
### SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION IN LIMINE REGARDING ALLEGED STATEMENTS OF DEFENDANT

Comes now the defendant, Leon Carmichael, and, in accordance with the request of the Court at the hearing on June 3, 2005, submits the following supplemental authority in support of his motion in limine to prevent introduction of his alleged statements to law enforcement on December 4, 2003. Specifically, the Court asked the defendant to submit case law supporting the proposition that counsel can be held ineffective at a pre-trial stage.

The Sixth Amendment right to counsel attaches at the initiation of adversarial proceedings, such as by indictment. See Kirby v. Illinois, 406 U.S. 682, 689 (1972). Mr. Carmichael was indicted on November 19, 2003, prior to the meeting with agents of the Drug Enforcement Administration at which he supposedly made statements against interest.

Many published opinions have recognized that counsel can be held ineffective for deficient conduct that occurs before the trial. For example, in United States v. Paaluhi, 54 M.J. 181 (U.S. Armed Forces 2000), the United States Court of Appeals for the Armed Forces held that an attorney was ineffective for allowing his client to speak with a military psychologist who was not a part of the defense team, where the client's statements were later used against him at trial. In In re J.B., 618 A.2d 1329 (Vt. 1992), the Vermont Supreme Court held that counsel is a



juvenile sexual assault case was ineffective under the Sixth Amendment for advising the defendant and his parents to cooperate with the police in interrogation and not accompanying them during the interrogation. In United States v. Sorbera, 43 M.J. 818 (A.F. Ct. Crim. App. 1996), the United States Air Force Court of Appeals considered the question of whether a lawyer could be held ineffective for advice he gave the client pre-trial. The court answered that question affirmatively, holding that counsel was ineffective, in a case in which the defendant was accused of sexually abusing his daughter, for advising his client to call his ex-wife and offer her child custody and support and explain the ramifications if their daughter continued to lie and testify against him. That phone call resulted in an additional charge of obstruction of justice, of which he was convicted. Id. at 821-822. As these cases demonstrate, counsel clearly can be held ineffective for pre-trial actions and advise that adversely affect the defendant's case.

Respectfully submitted, this the 6th day of June, 2005.

/s/ Marion Chartoff
MARION CHARTOFF
ATTORNEY FOR LEON CARMICHAEL, SR.
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766

OF COUNSEL:

RONALD R. BRUNSON
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100
fax: (205) 252-2187

MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net

SUSAN G. JAMES (JAM012)
Susan G. James & Associates
600 South McDonough Street
Montgomery, Alabama 36104
(334) 269-3330
Fax: (334) 263-4888

LISA MONET WAYNE, ESQ.
950 17th Street, Suite 1800
Denver, Colorado 80202
(303) 837-1837
Fax: (303) 860-1665

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, Stephen Feaga, A. Clark Morris, and Barry Elvin Teague.

Respectfully submitted,

/s/ Marion Chartoff
MARION CHARTOFF
ATTORNEY FOR LEON CARMICHAEL, SR.
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766