IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, SR., | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Civil Action No. 2:10cv1106-MHT-WC |
| v. | )   (CR No. 2:03cr259-MHT-DRB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**EXHIBITS TO**
**UNITED STATES'S RESPONSE TO § 2255 MOTION**

**VOLUME 6 OF 8**
(Exhibits 6A to 6Z)

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

SANDRA J. STEWART
FIRST ASSISTANT UNITED STATES ATTORNEY

ATTORNEYS FOR RESPONDENT
UNITED STATES OF AMERICA

United States Attorney's Office
131 Clayton Street
Montgomery, AL  36104
(334) 223-7280

## **INDEX TO VOLUME 6 OF RESPONDENT'S EXHIBITS**

*Exhibit #   (Crim. Doc. #)*

| | | |
|---|---|---|
| Leon Carmichael's Supplemental Brief Regarding The Admissibility Of Co-Conspirator Statements Under The Confrontation Clause | 6A | (Doc. 404) |
| United States' Response In Opposition To Defendant Carmichael's Confrontation Clause Objection To Coconspirator's Statements | 6B | (Doc. 406) |
| Order overruling Carmichael's objection to the admissibility of Codefendant Freddie Williams's statements on the grounds of ineffective assistance of counsel | 6C | (Doc. 407) |
| Government's Response To Court Regarding Whether Coconspirator Statement Made To Law Enforcement During And Furtherance Of Conspiracy Is Admissible | 6D | (Doc. 408) |
| Government's Response Regarding Coconspirator Statements | 6E | (Doc. 409) |
| Carmichael's Brief On The Admissibility Of Alleged Statements Of Sandra Jones To Law Enforcement | 6F | (Doc. 411) |
| Order denying Carmichael's motion for a mistrial based on Government witness testifying that 2002-2003 investigation of Carmichael was closed after confidential informant refused to cooperate because afraid Carmichael would kill him | 6G | (Doc. 412) |
| Leon Carmichael's Brief On The Admissibility Of Co-Conspirator Statements | 6H | (Doc. 413) |
| Order directing substitution of previous order on conspiracy findings | 6I | (Doc. 442) |

# INDEX TO VOLUME 6 OF RESPONDENT'S EXHIBITS – *con't*

*Exhibit #   (Crim. Doc. #)*

| | | |
|---|---|---|
| Order finding Government established a conspiracy by preponderance of the evidence and therefore statements by coconspirators in furtherance of conspiracy were admissible | 6J | (Doc. 443) |
| Order denying motions for mistrial and change of venue based on filing of Agent DeJohn's civil lawsuit concerning Carmichael website | 6K | (Doc. 491) |
| Carmichael's Motion For Judgment Of Acquittal Or In The Alternative Motion For New Trial | 6L | (Doc. 504) |
| Government's Response To Defendant's Motion For A Judgment Of Acquittal And Motion For New Trial | 6M | (Doc. 520) |
| Carmichael's Answer To Government's Response To His Motion For Judgment Of Acquittal And Motion For New Trial | 6N | (Doc. 528) |
| Verdict | 6O | (Doc. 601) |
| Motion For Pro Hac Vice Admission Of James K. Jenkins As Counsel For Leon Carmichael | 6P | (Doc. 643) |
| Order granting Jenkins's motion for admission pro hac vice | 6Q | (Doc. 644) |
| Motion For Extension Of Time Within Which To File Notice Of Request For Sentence Below The Guidelines Range | 6R | (Doc. 668) |
| Order denying Carmichael's motion for judgment of acquittal and alternative motion for new trial | 6S | (Doc. 730) |
| Government's Sentencing Memorandum | 6T | (Doc. 745) |

# INDEX TO VOLUME 6 OF RESPONDENT'S EXHIBITS – *con't*

|  | *Exhibit #* | *(Crim. Doc. #)* |
|---|---|---|
| Carmichael's Memorandum In Aid Of Sentencing, Motion For Downward Departure | 6U | (Doc. 747) |
| Motion For Leave To Appear Pro Hac Vice on Behalf Of Leon Carmichael, Sr. (Carmen D. Hernandez) | 6V | (Doc. 752) |
| Carmichael's Motion For Downward Departure At Sentencing | 6W | (Doc. 756) |
| Carmichael's Memorandum In Aid Of Sentencing, Incorporating Request For Downward Departure | 6X | (Doc. 757) |
| Order granting admission pro hac vice (Carmen D. (Hernandez) | 6Y | (Doc. 761) |
| Carmichael's Motion To Continue Sentencing | 6Z | (Doc. 763) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:03-CR-259-T |
| | ) | |
| LEON CARMICHAEL, SR., and | ) | |
| FREDDIE WILLIAMS | ) | |

### LEON CARMICHAEL'S SUPPLEMENTAL BRIEF REGARDING THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER THE CONFRONTATION CLAUSE

Comes now the defendant, Leon Carmichael, and submits the following supplemental authority regarding the admissibility of co-conspirator statements under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

The Sixth Amendment's Confrontation Clauses provides that, "in all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." In Ohio v. Roberts, the Court held that an unavailable witness's out of court statement may be admitted so long as it the statement bears "adequate 'indicia of reliability.'" 448 U.S. 56, 66 (1980). To meet that test, evidence must either fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id.

In United States v. Inadi, the Supreme Court addressed the admissibility of out-of-court statements of non-testifying co-conspirators. 475 U.S. 387 (1986). The Court held that the government need not show that a co-conspirator is unavailable to testify in order to have out-of-court statements by that person admitted in evidence. In Bourjaily v. United States, 483 U.S. 171 (1987), the Court, applying Roberts, held that courts need not determine whether co-conspirator statements are supported by independent indicia of reliability before admitting them so long as



GOVERNMENT
EXHIBIT
6A

they meet the requirements of Federal Rule of Evidence 801(d)(2)(E). The Court based this holding on its conclusion that the co-conspirator statements rule was a firmly rooted hearsay exception.

Crawford v. Washintgon radically changed the Court's approach to the Confrontation Clause. 541 U.S. 36 (2004). In Crawford, the Court seriously undermined the Ohio v. Roberts approach to admissibility of hearsay under the Sixth Amendment. The Court made clear that the it had erred in Roberts by leaving "the Sixth Amendment's protections to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability.'" Id. at 50. The rest of the opinion focused on the category of testimonial statements, which it explained were the primary object of the Sixth Amendment. Id. at 51-53. The Court held that testimonial statements are inadmissible under the Confrontation Clause unless the accused is provided an opportunity to cross examine the declarant. The Court indicated (arguably in dicta) that it did not consider co-conspirator statements to be testimonial statements. Id. at 56. However, the Court did not reach the issue of the application of the Confrontation Clause to non-testimonial statements and left unclear what analysis should be applied to determine the admissibility of such statements. Id. at 53.

In the wake of Crawford, the Confrontation Clause test for admissibility of co-conspirator statements is unclear. Although the Court was discussing testimonial statements, Crawford clealry rejected the Roberts rule that statements which fall in established hearsay exceptions do not violate the Confrontation Clause. It therefore impliedly overruled Bourjaily.

The admission without opportunity for cross-examination of alleged co-conspirator statements, particularly those which have not been recorded, and which are being entered into evidence by other alleged co-conspirators who are testifying in the hopes of avoiding prosecution

by the government, violates the Confrontation Clause. As Justice Marshall explained in his dissent in Inadi,

> The plight of Sir Walter Raleigh, condemned on the deposition of an alleged accomplice who had since recanted, may have loomed large in the eyes of those who drafted that constitutional guarantee. See F. Heller, The Sixth Amendment 104 (1951); Stephen, The Trial of Sir Walter Raleigh, in 2 Transactions of the Royal Historical Society 172 (4th series 1919). But the Framers, had they the pre-science, would surely have been as apprehensive of the spectacle of a defendant's conviction upon the testimony of a handful of surveillance technicians and a very large box of tapes recording the boasts, faulty recollections, and coded or ambiguous utterances of outlaws.

475 U.S. at 410. The Framers surely would have been even more apprehensive of the situation at issue in this case, in which few, if any, of the alleged co-conspirator statements were taped, and are being attested to by witnesses who admittedly have much to gain by providing these supposed statements.

Furthermore, in contrast with this case, in both Bourjaily and Inadi the co-conspirator statements had been recorded. See Bourjaily, 483 U.S. at 173; Inadi, 475 U.S. at 390. Therefore, in those cases, there was no question as to whether the statements were actually made, but only as to what they meant. The admission of unrecorded co-conspirator statements presents a much greater threat to the reliability of a trial and a much greater need for confrontation than what the Court faced in those cases. The Confrontation Clause demands that these alleged statements not be admitted except through the alleged co-conspirators' live testimony.

Further, the defense's opportunity to subpoena the alleged co-conspirator and cross-examine him would not cure the violation of the Confrontation Clause. As Justice Marshall explained,

> [T]he Confrontation Clause gives a defendant a right to be confronted with the witnesses against him, not merely an opportunity to seek out witnesses on his own. As one court once noted of a situation similar to that presented in this case:

> "That [a co-conspirator declarant] was available to be called as a witness does not mitigate the prosecution's misconduct here. The State sought to shift to the defendant the risk of calling [the declarant] to the stand. To accept the State's argument that the availability of [the declarant] is the equivalent of putting him on the stand and subjecting him to cross-examination would severely alter the presumptions of innocence and the burdens of proof which protect the accused."

Inadi, 475 U.S. at 408. For the same reason, to allow such statements in would also violate the defendants' rights to due process and a fair trial under the Fifth and Sixth Amendments because it would undermine the presumption of evidence and the government's burden of proof. See id. at 408-411.

Respectfully submitted, this the 10th day of June, 2005.

/s/ Marion Chartoff
MARION CHARTOFF
ATTORNEY FOR LEON CARMICHAEL, SR.
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766

OF COUNSEL:

RONALD R. BRUNSON
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100
fax: (205) 252-2187

MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net

SUSAN G. JAMES (JAM012)
Susan G. James & Associates

600 South McDonough Street
Montgomery, Alabama 36104
(334) 269-3330
Fax: (334) 263-4888

LISA MONET WAYNE, ESQ.
950 17th Street, Suite 1800
Denver, Colorado 80202
(303) 837-1837
Fax: (303) 860-1665

BARRY ELVIN TEAGUE
ATTORNEY FOR FREDDIE WILLIAMS
P. O. Box 586
Montgomery, Alabama 36101
(334) 834-4500
Fax: (334) 834-4501

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, Stephen Feaga, A. Clark Morris, and Barry Elvin Teague.

                          Respectfully submitted,

                          /s/ Marion Chartoff
                          MARION CHARTOFF
                          ATTORNEY FOR LEON CARMICHAEL, SR.
                          505 S. Perry Street
                          Montgomery, AL 36104
                          (334) 264-0609
                          Fax: (334) 263-4766