IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:03-cr-259-T |
| | ) | |
| LEON CARMICHAEL, SR., | ) | |
| also known as, BEAVER LEON | ) | |
| CARMICHAEL, et al. | ) | |

UNITED STATES' RESPONSE
IN OPPOSITION TO DEFENDANT CARMICHAEL'S
CONFRONTATION CLAUSE OBJECTION TO COCONSPIRATOR'S STATEMENTS

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and hereby responds in opposition to Defendant Carmichael's trial objection to testimony by a Government witness as to statements made by coconspirators during the course and in furtherance of the charged drug conspiracy. Defendant's objection is premised on the Confrontation Clause principles set out by the United States Supreme Court in Crawford v. Washington, 124 S. Ct. 1354 (2004). Defendant's reliance on Crawford is, however, misplaced. The Crawford case did not in any way limit the introduction of coconspirator's statements which are inherently non-testimonial and, moreover, *per se* non-hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E). See generally Fed. R. Evid. 801(d) (enumerating the types of "statements which are not hearsay" and including coconspirator statements in the definition).

In Crawford, the Supreme Court held that testimonial hearsay of a witness is admissible against a criminal defendant only if the witness is unavailable at trial and the defendant had a prior opportunity to cross-examine the witness. Id. at 1374 ("Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability



GOVERNMENT
EXHIBIT
6B

and a prior opportunity for cross-examination."). Importantly, Crawford's holding is limited to *hearsay* evidence. See id. at 1369 (discussing the requirements for admission of testimonial statements of witnesses). Crawford does not appear to apply to out-of-court statements that are not hearsay, e.g. party admissions. A statement of a coconspirator made in furtherance of the conspiracy is, by definition, not hearsay. Fed. R. Evid. 801(d)(2)(E); see also Bourjaily v. United States, 483 U.S. 171, 183 (1987) ("coconspirators' statements, when made in the course and in furtherance of the conspiracy, have a long tradition of being outside the compass of the general hearsay exclusion"). Consequently, the statements challenged by Defendant Carmichael during trial are not hearsay and fall outside of the Supreme Court's holding in Crawford. Defendant's reliance on Crawford, therefore, is misplaced.

Multiple authorities, including an academic commentary by Stanford Law Professor Miguel A. Mendez, make clear the inapplicability of Crawford to the challenged coconspirator statements. In his November 2004 Essay in the Stanford Law Review, Professor Mendez explained that the Crawford decision may have placed coconspirator statements "beyond the reach of the Confrontation Clause." Miguel A. Mendez, Crawford v. Washington: A Critique, 57 Stan. L. Rev. 569, 596 (2004). Professor Mendez explained:

> In addition to business records, the Court singled out coconspirators' declarations as an example of statements that are not testimonial. Declarations by coconspirators made in furtherance of the conspiracy are admissible against the conspirator on trial on the theory that coconspirators impliedly authorize each other to make statements and take other steps that promote the criminal agreement. The hearsay exception does not require the prosecution to establish the declarant's unavailability to testify as a witness. Consequently, the prosecution may offer a coconspirator's declaration through any witness who has firsthand knowledge of what the coconspirator said.

Id.

-2-

  Indeed, as Professor Mendez stated, the Supreme Court in <u>Crawford</u> expressly identified coconspirator statements as one of the types of statements that are "not testimonial" and have been treated as such and admitted over Confrontation Clause objections in the past. <u>Crawford</u>, 541 U.S. at 55 ("Most of the hearsay exceptions covered statements that by their nature were not testimonial – for example business records or <u>statements in furtherance of a conspiracy</u>." (emphasis added)). Accordingly, Defendant's reliance on <u>Crawford</u> appears to ignore the plain language of the decision, as well as the prior rulings of the Supreme Court which appear to have earlier excluded coconspirator statements from Confrontation Clause coverage. <u>See, e.g.</u>, <u>Bourjaily v. United States</u>, 483 U.S. 171 (1987); <u>United States v. Inadi</u>, 475 U.S. 387 (1986). Indeed, those prior rulings held that coconspirator statements were admissible, notwithstanding the Confrontation Clause, without evidence of unavailability of the coconspirator, <u>see generally</u> <u>Inadi</u>, 475 U.S. 387, or "independent indicia of reliability." <u>See</u> <u>Bourjaily</u>, 483 U.S. at 182.

  The federal courts have consistently made findings consistent with the <u>Crawford</u> decision and Professor Mendez's reasoning when addressing objections like those raised by Defendant in this case. For example, earlier this year, the United States Court of Appeals for the Fifth Circuit explained the general rule regarding coconspirator statements in a post-<u>Crawford</u> world: "Statements made by a co-conspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination." <u>United States v. Holmes</u>, 406 F.3d 337, 348 (5th Cir. 2005).[1] Additionally, in <u>United States v. Delgado</u>, 401 F.3d 290, 299 (5th Cir.

---

  [1] It is remarkable that the dispute in <u>Holmes</u> centered around the admissibility of a civil deposition of a coconspirator that was admitted by the Government at trial. <u>Id</u>. at 348.

2005), the Fifth Circuit affirmed a lower court's admission of coconspirator statements over a Crawford-type argument. The Fifth Circuit summarily rejected the argument on appeal, explaining that "Crawford is not applicable to those statements because they are not testimonial hearsay statements." Id. at 299.

In sum, Defendant's Crawford-based objection is wide of the mark. The Government should be allowed to introduce testimony consistent with Fed. R. Evid. 801(d)(2)(E) without violating the Confrontation Clause. Such testimony is relevant, admissible, non-hearsay, and non-testimonial. Accordingly, Defendant's objection should be overruled.

Respectfully submitted this the 10th day of June, 2005.

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY

    /s/A. Clark Morris
    A. CLARK MORRIS
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: clark.morris@usdoj.gov

---

Although the question of the "testimonial" nature of the civil deposition was deemed "uncertain," the court still affirmed the admission of the deposition because it was used for non-hearsay purposes at trial. Id. at 349. This case involves the standard variety of coconspirator statements – not those recorded during a civil deposition. Accordingly, there should be no uncertainty in this case regarding the "non-testimonial" nature of the proposed testimony.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the following: Counsel for Defendant Carmichael: Susan G. James, Esq., Lisa Monet Wayne, Esq., Marion Chartoff, Esq., and Ronald Brunson, Esq.; and counsel for Defendant Williams, Barry E. Teague, Esq.

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        /s/A. Clark Morris
        A. CLARK MORRIS
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: clark.morris@usdoj.gov