IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEON CARMICHAEL, SR., )<br>also known as, BEAVER LEON )<br>CARMICHAEL, et al. ) | CR. NO. 2:03-cr-259-T |

### RESPONSE TO COURT REGARDING WHETHER COCONSPIRATOR STATEMENT MADE TO LAW ENFORCEMENT DURING AND FURTHERANCE OF CONSPIRACY IS ADMISSIBLE

COMES NOW the United States of America by and through the United States Attorney for the Middle District of Alabama, Leura Garrett Canary, and responds to the court regarding the issue of whether a coconspirators statement made in during and in furtherance of the conspiracy which was made to a law enforcement officer is admissible.

In Crawford v. Washington, 124 S.Ct. 1354, 1374 (2004), the Supreme Court held that testimonial hearsay of a witness is admissible against a criminal defendant only if the witness is unavailable at trial and the defendant had a prior opportunity to cross-examine the witness. However, Crawford's holding is limited to hearsay evidence. See, Id. at 1369 (discussing the requirements for admission of testimonial statements of witnesses). A coconspirators statement by definition is non-hearsay. Fed. R. Evid. 801(d)(2)(E). Moreover, prior rulings of the court have excluded

1



coconspirator statements from the Confrontation Clause coverage. See, Bourjaily v. United States, 483 U.S. 171 (1987); United States v. Inadi, 475 U.S. 387 (1986).

In the case at bar, a coconspirator made a statement to a police officer. Specifically, on November 2, 1995, Sandra Jones told Detective Chavez that she was afraid to tell Detective Chavez who was the actual owner of the $42,000 in currency that was found in her possession. Admissibility under Rule 801(d)(2)(E) is conditioned upon a showing by the government that the statement was made by a coconspirator during and in furtherance of the conspiracy.

At the time of the statement, Sandra Jones was a member of the conspiracy charged in the instant case. Indeed, on July 29, 1997, two years later she was stopped by the Mississippi Department of Transportation driving one of the defendant Carmichael's tractor trailer trucks containing approximately 64.2 kilograms of marijuana.

Moreover, such statement was made during the conspiracy. Even if Sandra Jones' participation in the conspiracy began on November 2, 1995, the day she was stopped with the $42,000, she remained in the conspiracy at least until July 29, 1997, the day she was stopped with the marijuana in defendant Carmichael's truck. Thus, such statement was made during the course of the conspiracy. Further, this statement was made in furtherance of the conspiracy. "[C]oncealment is sometimes a necessary part of a conspiracy, so that statements made solely to aid the concealment are in fact made during and in furtherance of the charged conspiracy." United States v. Griggs, 735 F.2d 1318, 1325 (11th Cir. 1984); quoting, United States v. De Valle, 587 F.2d 699, 704(5th Cir.), cert denied, 442 U.S. 909 (1979). Had Sandra Jones given Detective Chavez information regarding the actual owner of the money, the conspiracy could

2

have been terminated. In order to protect the existence of the conspiracy, Sandra Jones could not reveal the identity of the owner of the currency. Moreover, law enforcement recognizes that often those involved in drug distribution networks are dangerous people. It is not uncommon for an otherwise cooperating witness to refuse to give certain information for fear of retribution. By Sandra Jones stating that she was afraid to tell Detective Chavez the identity of the true owner of the money, she was taking advantage of this fact with full knowledge that Detective Chavez would understand her fear and possibly not require her to give the name of the true owner. Therefore, her stating that she was afraid to tell Detective Chavez the identity of the actual owner was in furtherance of the charged conspiracy.

In United States v. Reyes, 362 F.3d 536 (8th Cir. 2004), the defendant sought to exclude statements that a co-conspirator, Gonzalez, made to an undercover law enforcement agent. The Court found that such statements were coconspirator statements made during and in furtherance of the conspiracy, and were thus nontestimonial and not subject to Crawford. Id. Therefore, the statement in the case-at-bar is not inadmissible solely because it was told to a law enforcement officer.

The statement that Sandra Jones gave to Detective Chavez on November 2, 1995, was a coconspirators statement made during and in furtherance of the conspiracy. The fact that the statement was made to a law enforcement officer does not make such statement inadmissible.

For the reasons set forth above the government submits that the statement is admissible non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(E). Further, the fact that

3

the statement was made to a law enforcement officer does not preclude its admissibility under <u>Crawford</u>.

Respectfully submitted this the 13th day of June, 2005.

>LEURA GARRETT CANARY
>UNITED STATES ATTORNEY
>
>s/ A. Clark Morris
>A. CLARK MORRIS
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, Alabama 36104
>Telephone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: clark.morris@usdoj.gov

4

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:03-cr-259-T |
| ) | |
| LEON CARMICHAEL, SR., ) | |
| also known as, BEAVER LEON ) | |
| CARMICHAEL, et al. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ronald R. Brunson, Marion D. Chartoff, Susan G. James, Barry E. Teague, and Lisa Monet Wayne.

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY

    s/ A. Clark Morris
    A. CLARK MORRIS
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104
    Telephone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: clark.morris@usdoj.gov