IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 2:03-CR-259-T |
| ) | |
| LEON CARMICHAEL, SR., and ) | |
| FREDDIE WILLIAMS ) | |

## BRIEF ON THE ADMISSIBILITY OF ALLEGED STATEMENTS OF SANDRA JONES TO LAW ENFORCEMENT

COMES NOW the defendant, Leon Carmichael, by and through counsel, and submits the following authority regarding the admissibility of Sandra Jones' alleged statement that she was afraid to tell Detective Chavez who owned the $42,000 in United States currency that was found in her possession. The defendant submits that the admission of the statement is precluded by Crawford v. Washington, 541 U.S. 36 (2004).

Crawford v. Washington, 541 U.S. 36, holds that admission of testimonial statements by an unavailable witness whom the defense has not had a prior opportunity to cross-examine violates the defendant's Confrontation Clause rights under the Sixth Amendment, regardless of whether the statements are otherwise admissible under the evidence rules. Although the Court did not clearly define the category of "testimonial" statements, it gave a number of guidelines for what would make a statement "testimonial." The Court explained that "pretrial statements that declarants would reasonably expect to be used prosecutorially" would constitute "testimonial" statements. Id. at 51. The Court further made clear that "[s]tatements taken by police officers in the course of interrogations are also testimonial under even a narrow standard," and that it meant to use the term "interrogation" in the colloquial, not legal sense. Id. at 52, 53 n.4. In



GOVERNMENT
EXHIBIT
6 F

determining whether statements are testimonial, what is critical is "involvement of government officers in the production of testimony" because such involvement "presents unique potential for prosecutorial abuse--a fact borne out time and again throughout a history with which the Framers were keenly familiar." Id. at 56, n.7.

The Crawford opinion makes clear that, under the Sixth Amendment, where testimonial statements are concerned, the admissibility of the statements under the rules of evidence is irrelevant to whether admission of the evidence violates the defendant's Confrontation Clause rights. The Court stated that it had erred in Ohio v. Roberts, 448 U.S. 56 (1980), by leaving "the Sixth Amendment's protections to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability.'" 541 U.S. at 50. The Court held that the government's introduction of a testimonial out-of-court statement by an unavailable witness violates the Confrontation Clause unless the defendant has had a prior opportunity for cross-examination of the witness, regardless of whether the out-of-court statement is otherwise admissible under the rules of evidence.

The statement at issue here was clearly testimonial under the guidelines set forth in Crawford. The government introduced the statement for the truth of the matter asserted, that is, to show that Ms. Jones feared revealing the name of the source of the money, which the government has attempted to show was Leon Carmichael. The government has introduced this statement into evidence in support of its theory that Mr. Carmichael ran a drug conspiracy which he operated through making his associates fear him. The statement was made in response to police questioning, and Ms. Jones knew that she was being formally questioned by the police at the time she made the statement. A reasonable person in Ms. Jones' position would have known that her statement could and would be used prosecutorially. Furthermore, there was the potential for prosecutorial abuse in the taking of the statement by police. Therefore, the statement clearly

2

was testimonial and its admission into evidence violated Mr. Carmichael's right to confront Ms. Jones.

The government contends that this statement is admissible because it was a co-conspirator's statement made in furtherance of the conspiracy. As an initial matter, this is incorrect. Assuming she actually made the statement, there is no evidence that Ms. Jones's motive in making the statement was to further any conspiracy. Indeed, the statement at issue here is more appropriately viewed as a statement against interest then as a co-conspirator statement, because it was against Ms. Jones penal interest to make a statement insinuating that the money was tied to illegal activity. The government is seeking to couch the statement as a statement in furtherance of the conspiracy in an attempt to avoid the protections of the Confrontation Clause and to introduce ambiguous evidence from an out-of-court declarant whom it does not wish to call without giving the defense the opportunity for cross-examination.

In any case, even if the statement could be interpreted as having been made in furtherance of a conspiracy, and therefore as being admissible under Federal Rule of Evidence 801(d)(2)(e), Crawford precludes its admission. Crawford made clear that all testimonial statements, regardless of their admissibility under the hearsay rules, are inadmissible if the declarant is unavailable unless the defendant had a prior opportunity for cross-examination. The Crawford court in passing described co-conspirator statements as non-testimonial. However, as Professor Miguel A. Mendez noted in his recent Stanford Law Review article, "[p]resumably, the Court exempted coconspirators' declarations from the definition of testimonial statements because the state is not involved in generating the declarations and the declarants do not anticipate their use at a trial involving their coconspirators." Miguel A. Mendez, Crawford v. Washington: A Critique, 57 Stan. L. Rev. 569, 597 (2004). In other words, in writing Crawford,

3

the Court was thinking about the typical co-conspirator statement, where one conspirator makes statements to another conspirator in order to further the ends of the conspiracy. (For example, the typical co-conspirator exchange might be: "Who has the dope? Joe does.") In such a situation, it is assumed that the statements are truthful because the conspirators are working towards the common goal of the conspiracy, and it would serve no purpose for them to lie to each other. Furthermore, such typical co-conspirator statements are not knowingly made to the police. The Crawford Court clearly was not thinking of the type of statement at issue here -- in which an alleged co-conspirator is interrogated by the police about the subject of the alleged conspiracy and accordingly has a motive to lie in her answers – when it made a passing reference to the non-testimonial nature of co-conspirator statements.

United States v. Reyes, 362 F.3d 536 (8th Cir. 2004), which is relied upon by the government, is inapposite. In Reyes, the appellate court held that admission of co-conspirator statements did not violate the defendant's right to confrontation of the witnesses against him. In that case, a co-conspirator made statements to an undercover police officer whom he believed was a criminal confederate in the course of the conspiracy. The statements at issue in Reyes had none of the hallmarks of testimonial statements that the Court discussed in Crawford, because the co-conspirator did not realize he was speaking with a police officer when he made his statements. The Reyes case has no bearing on the statements at issue here, which the declarant made under interrogation with knowledge that she was speaking to a police officer.

The case of United States v. Saner, 313 F. Supp. 2d 896 (S.D. Ind. April 9, 2004), is instructive. There, a non-testifying co-conspirator statement was excluded under Crawford. The co-conspirator made statements to Justice Department officials that incriminated both himself and Saner. Because the statement was made in response to a prosecutor's questioning,

4

irrespective of whether the individual was in custody or not, it was held to "bear testimony" and was deemed inadmissible under Crawford. Id. at 901-902.

For the foregoing reasons, the above-described alleged statement of Sandra Jones was improperly admitted into evidence in violation of Mr. Carmichael's Sixth Amendment right to confront the witnesses against him.

Respectfully submitted, this the 13th day of June, 2005.

/s/ Marion Chartoff
MARION CHARTOFF
ATTORNEY FOR LEON CARMICHAEL, SR.
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766

OF COUNSEL:

RONALD R. BRUNSON
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100
fax: (205) 252-2187

MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net

SUSAN G. JAMES (JAM012)
Susan G. James & Associates
600 South McDonough Street
Montgomery, Alabama 36104
(334) 269-3330

5

Fax: (334) 263-4888

LISA MONET WAYNE, ESQ.
950 17th Street, Suite 1800
Denver, Colorado 80202
(303) 837-1837
Fax: (303) 860-1665

6

CERTIFICATE OF SERVICE

     I hereby certify that on June 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew S. Miner, Stephen Feaga, A. Clark Morris, and Barry Elvin Teague.

                                  Respectfully submitted,

                                  <u>/s/ Marion Chartoff</u>
                                  MARION CHARTOFF
                                  ATTORNEY FOR LEON CARMICHAEL
                                  505 S. Perry Street
                                  Montgomery, AL 36104
                                  (334) 264-0609
                                  Fax: (334) 263-4766