IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:03cr259-MHT |
| LEON CARMICHAEL, SR. | ) | (WO) |
| and FREDDIE WILLIAMS | ) | |

## ORDER

It is ORDERED that defendant Leon Carmichael, Sr.'s motion for judgment of acquittal and alternative motion for new trial (Doc. No. 504) and defendant Freddie Williams's motion for a new trial (Doc. No. 444) are denied.

In a series of written opinions and orders as well as in pronouncements in open court, the court has addressed in detail (perhaps overly so) most of the issues raised by these motions, and all other issues not discussed do not warrant discussion except as noted below.

GOVERNMENT EXHIBIT 65

First, having reconsidered all the evidence in light of the motions, the court reaffirms that the evidence overwhelmingly supported the defendants' convictions.

Second, in an order entered on June 22, 2005, <u>United States v. Carmichael</u>, 379 F.Supp.2d 1299 (M.D. Ala. 2005), the court made appropriate findings pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence regarding the admissibility of co-conspirator statements, including statements made by witness and co-conspirator Sandra Jones to Detective Robert Chavez during a custodial police interrogation.

The defendants have argued that Jones's statements are barred by <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which held that a criminal defendant's Sixth Amendment right to confront adversarial witnesses bars the introduction at trial of testimonial statements when the declarant is unavailable and the defendant has not had a previous opportunity to cross-examine the declarant, regardless of whether the statements might be admissible

2

under the rules of evidence. While the <u>Crawford</u> court declined to comprehensively define "testimonial," it found that it applies "at a minimum ... to police interrogations." <u>Crawford</u>, 541 U.S. at 68. The court finds that <u>Crawford</u>, as recently expounded upon in <u>Davis v. Washington</u>, ___ U.S. ___, 2006 WL 1667285 (2006) (defining "interrogation"), does not warrant a reconsideration of the June 2005 order.

Three of Jones's statements are subject to possible challenge: first, she stated that she did not know a fellow co-conspirator with whom she had been seen walking; second, she stated that she worked for G.E.D. trucking company, which subsequent evidence demonstrated was owned by defendant Carmichael; and, third, she stated that she was afraid to reveal the owner of $ 42,000 that had been found hidden on her person.

Statements that are not hearsay because they are not offered at trial to prove the truth of the matter they assert fall beyond the scope of <u>Crawford</u>. Jones's first

3

statement, that she did not know a co-conspirator, was offered not for its truth, but for its falsity. Jones's denial does not implicate the Sixth Amendment and was properly admitted at trial. See, e.g., United States v. Munson, 819 F.2d 1337, 1340 (1st Cir. 1997) (finding statements admitted to show, through subsequent testimony, that co-conspirators were lying about their activities were not hearsay offered to prove the truth of the matter asserted); see also Anderson v. United States, 417 U.S. 211 (1974).

The second statement was adduced at trial to establish that Jones worked as a truck driver for a company owned by Carmichael. Other evidence overwhelmingly confirmed this fact and, indeed, the parties do not dispute it. Therefore, the admission of Jones's second statement amounted to nothing.

The last statement--that Jones was afraid to reveal the owner of the $ 42,000--was no doubt made both to protect Jones and to further the conspiracy by covering

4

it up.  However, it is unclear what truth, if any, the statement was admitted at trial to prove.  It could be viewed as asserting that Jones was afraid to tell Chavez that she was the owner of the money or that she was afraid to say that someone else, anyone else, was the owner.  Because Jones does not make clear <u>why</u> she was afraid and, more specifically, because she did not say that either defendant was the basis of her fear, the statement was of little or no evidentiary value, especially when considered with all the other evidence in the trial, which, as the court has made clear, overwhelming supported the defendants' convictions.

In <u>Crawford</u>, the Supreme Court said, on the one hand, that statements made to police during an interrogation are testimonial, <u>Crawford</u>, 541 U.S. at 68; on the other hand, the Court said that statements made in furtherance of a conspiracy are not testimonial.  <u>Id</u>. at 56.  The court need not resolve on which side of the line Jones's

5

statement falls because its admission was, at most, harmless.

This order does not address the pending jury challenge.

DONE, this the 20th day of June, 2006.

                                                      /s/ Myron H. Thompson
                                          UNITED STATES DISTRICT JUDGE